# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Laura Harris
Partner
Direct Dial: +1 212 790 5360
Direct Fax: +1 212 556 2222
lharris@kslaw.com

December 14, 2021

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *Google LLC v. Starovikov et al.*, 1:21-cv-10260-DLC

Dear Judge Cote:

  I write on behalf of Plaintiff Google LLC ("Google") in the above-referenced action with respect to three issues related to the Court's December 2, 2021 temporary restraining order (the "TRO") and the preliminary injunction hearing scheduled for Thursday, December 16, 2021.

  *First*, with respect to Thursday's hearing, in light of Defendants' failure to oppose Google's motion, Google intends to rely on the declarations of Shane Huntley and Elizabeth Bisbee, which fully support the proposed Preliminary Injunction. Should the Court prefer to receive live testimony from one or both of Google's declarants, Google respectfully requests that they be permitted to appear virtually, as each would be required to travel from out of state (from the West Coast, in Mr. Huntley's case) to appear in person.

  *Second*, as anticipated, following the disruption efforts pursuant to the TRO, Defendants have attempted to reconstitute the botnet by using the Bitcoin blockchain to direct the infected devices to new command-and-control ("C2") servers and migrated the storefronts used in service of the Enterprise to new name servers. *See* ECF 5 (Compl.) ¶¶ 47-50, 54-65. Google's disruption efforts already have identified several new C2 servers, and Google is working with the relevant web-hosting providers to disable them.

December 14, 2021
Page 2

While the TRO provides that Google may move to modify the Order in the event it identifies new domains, *see* ECF 8 (TRO) at 11 16, Defendants are generating new domains nearly every day in an effort to evade the TRO.  Rather than submit repeated requests to the Court to add new domains and IP addresses as they are identified, Google respectfully requests broader injunctive language to cover, for example, any C2 servers identified in blockchain transactions initiated by Defendants and/or the Enterprise, any domains used to host storefronts used in connection with Defendants' criminal schemes, and any domains identified by Google as hardcoded in the malware or otherwise used to distribute the malware.  A proposed Preliminary Injunction Order is attached at **Exhibit 1**.

*Finally*, the TRO provides that "Google shall post bond in the amount of $75,000 to be paid into the Court registry."  ECF 8 (TRO) at 16.  The Clerk has requested that Google instead submit the required bond to the Clerk and seek a modified order directing the Clerk to accept the bond.  Accordingly, to accommodate the Clerk's request, Google respectfully requests that the Court so-order that Google's submission of the $75,000 to the Clerk satisfies the TRO's bond requirement.  Google's Proposed Order at Exhibit 1 incorporates this modification.

Respectfully submitted,

*/s/ Laura Harris*

Laura Harris