# Exhibit 4

1    DAVID SHONKA
     Acting General Counsel
2

3    Ethan Arenson, DC # 473296
     Carl Settlemyer, DC # 454272
     Philip Tumminio, DC # 985624
4    Federal Trade Commission
     600 Pennsylvania Avenue, N.W.
5    Washington, DC 20580
     (202) 326-2204 (Arenson)
6    (202) 326-2019 (Settlemyer)
     (202) 326-2204 (Tumminio)
7    (202) 326-3395 *facsimile*
     earenson@ftc.gov
8    csettlemyer@ftc.gov
     ptumminio@ftc.gov
9

10    Attorneys for Plaintiff Federal Trade Commission

**FILED**

JUN - 2 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

11

12           **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA**
              **San Jose Division**

13

14    **Federal Trade Commission,**

15       **Plaintiff,**

16          **v.**

17    **Pricewert LLC d/b/a 3FN.net, Triple Fiber**
     **Network,  APS Telecom and APX Telecom,**
18    **APS Communications, and APS**
     **Communication,**

19       **Defendant.**

*09-2407*

Case No. ~~09-02447~~ RMW

*EX PARTE* **TEMPORARY**
**RESTRAINING ORDER AND**
**ORDER TO SHOW CAUSE**

20

21        Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section

22 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a

23 Complaint for Injunctive and Other Equitable Relief, and has moved *ex parte* for a temporary

24 restraining order and for an order to show cause why a preliminary injunction should not be

25 granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

                                 **FINDINGS**

26

27        The Court has considered the pleadings, declarations, exhibits, and memoranda filed in

28

   TRO and
   Order to Show Cause

12

support of the Commission's motion and finds that:

1.   This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto; the Complaint states a claim upon which relief may be granted against the Defendant under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) (2006).

2.   There is good cause to believe that Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom and APX Telecom, APS Communications, and APS Communication (the "Defendant"), has engaged in and is likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) (2006), and that the Commission is, therefore, likely to prevail on the merits of this action;

3.   There is good cause to believe that immediate and irreparable harm will result from the Defendant's ongoing violations of Section 5(a) of the FTC Act unless the Defendant is restrained and enjoined by Order of this Court.  The evidence set forth in the Commission's Memorandum of Law in Support of *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause ("TRO Motion"), and the accompanying declarations and exhibits, demonstrates that the Commission is likely to prevail on its claim that Defendant has engaged in unfair acts or practices in violation of Section 5(a) of the FTC Act by:  recruiting, distributing and hosting electronic code or content that inflicts harm upon consumers, including, but not limited to, child pornography, botnet command and control servers, spyware, viruses, trojans, and phishing-related sites; and configuring, deploying, and operating botnets.  There is good cause to believe that the Defendant will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court;

4.   There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by the Defendant of its assets, business records,

1    or other discoverable evidence if the Defendant receives advance notice of this

2    action. Based on the evidence cited in the Commission's Motion and

3    accompanying declarations and exhibits, the Commission is likely to be able to

4    prove that: (1) the Defendant has operated through a series of maildrops and shell

5    companies, with a principal place of business and its principals located outside of

6    the United States; (2) the Defendant has continued its unlawful operations

7    unabated despite requests from the Internet security community to cease its

8    injurious activities; (3) the Defendant is engaged in activities that directly violate

9    U.S. law and cause significant harm to consumers; and (4) that Defendant is likely

10    to relocate the harmful and malicious code it hosts and/or warn its criminal

11    clientele of this action if informed of the Commission's action. The Commission's

12    request for this emergency *ex parte* relief is not the result of any lack of diligence

13    on the Commission's part, but instead is based upon the nature of the Defendant's

14    unlawful conduct. Therefore, in accordance with Fed. R. Civ. P. 65(b) and Civil

15    L.R. 65-1, good cause and the interests of justice require that this Order be Granted

16    without prior notice to the Defendant, and, accordingly, the Commission is relieved

17    of the duty to provide the Defendant with prior notice of the Commission's motion;

18    5.    There is good cause to believe that the Defendant, which is controlled by

19    individuals outside of the United States, has engaged in illegal activity using Data

20    Centers and Upstream Service Providers based in the United States and that to

21    immediately halt the injury caused by Defendant, such Data Centers and Upstream

22    Service Providers must be ordered to immediately disconnect Defendant's

23    computing resources from the Internet without providing advance notice to the

24    Defendant, prevent the Defendant and others from accessing such computer

25    resources, and prevent the destruction of data located on these computer resources;

26    6.    Weighing the equities and considering the Plaintiff's likelihood of ultimate

27    success, this Order is in the public interest; and

28

TRO and
Order to Show Cause           3

7. Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof for the issuance of a restraining order.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of Defendant or held for the benefit of Defendant wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of Defendant.

2. **"Botnet"** means a network of computers that have been compromised by malicious code and surreptitiously programmed to follow instructions issued by a Botnet Command and Control Server.

3. **"Botnet Command and Control Server"** means a computer or computers used to issue instructions to, or otherwise control, a Botnet.

4. The term **"Child Pornography"** shall have the same meaning as provided in 18 U.S.C. § 2256.

5. **"Data Center"** means any person or entity that contracts with third parties to house computer servers and associated equipment, and provides the infrastructure to support such equipment, such as power or environmental controls.

6. **"Day"** shall have the meaning prescribed by and time periods in this Order shall be calculated pursuant to Fed. R. Civ. P. 6(a).

7. **"Defendant"** means Pricewert LLC also d/b/a 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communications, APS Communication, and

TRO and
Order to Show Cause
4

1   any other names under which it does business, and any subsidiaries, corporations,

2   partnerships, or other entities directly or indirectly owned, managed, or controlled

3   by Pricewert LLC.

4   8.   **"Document"** is synonymous in meaning and equal in scope to the usage of the

5   term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings,

6   graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence,

7   including e-mail and instant messages, photographs, audio and video recordings,

8   contracts, accounting data, advertisements (including, but not limited to,

9   advertisements placed on the World Wide Web), FTP Logs, Server Access Logs,

10   USENET Newsgroup postings, World Wide Web pages, books, written or printed

11   records, handwritten notes, telephone logs, telephone scripts, receipt books,

12   ledgers, personal and business canceled checks and check registers, bank

13   statements, appointment books, computer records, and other data compilations

14   from which information can be obtained and translated. A draft or non-identical

15   copy is a separate document within the meaning of the term.

16   9.   **"Phishing"** means the use of email, Internet web sites, or other means to mimic or

17   copy the appearance of a trustworthy entity for the purpose of duping consumers

18   into disclosing personal information, such as account numbers and passwords.

19   10.   **"Representatives"** means the following persons or entities who receive actual

20   notice of this temporary restraining order by personal service or otherwise: (1) the

21   Defendant's officers, agents, servants, employees, and attorneys; and (2) all other

22   persons who are in active concert or participation with Defendant or its officers,

23   agents, servants, employees, or attorneys. A Data Center or Upstream Service

24   Provider that continues to provide services to Defendant after receiving actual

25   notice of this temporary restraining order is a Representative.

26   11.   **"Spyware"** means any type of software that is surreptitiously installed on a

27   computer and, without the consent of the user, could collect information from a

28

TRO and
Order to Show Cause                5

computer, could allow third parties to control remotely the use of a computer, or could facilitate botnet communications.

12. **"Trojan Horse"** means a computer program with an apparent or actual useful function that contains additional, undisclosed malicious code, including but not limited to spyware, viruses, or code that facilitates the surreptitious download or installation of other software code.

13. **"Upstream Service Provider"** means any entity that provides the means to connect to the Internet, including, but not limited to, the subleasing of Internet Protocol addresses.

14. **"Viruses"** means computer programs designed to spread from one computer to another and to interfere with the operation of the computers they infect.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that, Defendant and its Representatives are temporarily restrained and enjoined from recruiting or willingly distributing or hosting Child Pornography, Botnet Command and Control Servers, Spyware, Viruses, Trojan Horses, Phishing-related sites, or similar electronic code or content that inflicts harm upon consumers.

### II.

**IT IS FURTHER ORDERED** that Defendant and its Representatives are temporarily restrained and enjoined from configuring, deploying, operating, or otherwise participating in or otherwise willingly facilitating, any Botnet.

## SUSPENSION OF INTERNET CONNECTIVITY

### III.

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a preliminary injunction, that:

A. Any Data Center in active concert or participation with and providing services to Defendant or Defendant's officers, agents, servants, or employees shall immediately, and without notifying

TRO and
Order to Show Cause                6

1   Defendant or Defendant's officers, agents, servants, or employees, take all reasonable and
2   necessary steps to make inaccessible to the Defendant and all other persons, all computers, servers
3   or electronic data storage devices or media and the content stored thereupon (hereafter "computer
4   resources"), leased, owned or operated by Defendant or Defendant's officers agents, servants, or
5   employees and located on premises owned by, or within the control of, the Data Center. Such
6   steps shall, at a minimum, include:

7         1.    disconnecting such computer resources from the Internet and all other networks;
8         2.    securing the area where such computer resources are located in a manner reasonably
9               calculated to deny access to the Defendant and its officers, agents, servants, or
10             employees; and
11         3.    if such Data Center restricts access to its facilities by means of access credentials,
12               suspending all access credentials issued to Defendant or Defendant's officers,
13               agents, servants, or employees;

14   B.    Any Upstream Service Provider in active concert or participation with and providing
15   services to Defendant or Defendant's officers, agents, servants, or employees shall immediately,
16   and without notifying Defendant or Defendant's officers, agents, servants, or employees, take all
17   reasonable and necessary steps to deny Internet connectivity to the Defendant and Defendant's
18   officers, agents, servants, and employees, including, but not limited to, suspending any IP
19   addresses assigned to the Defendant or Defendant's officers, agents, servants, or employees by the
20   Upstream Service Provider, and refraining from reassigning such IP addresses;

21   C.    Any Data Center or Upstream Service Provider described in subparagraphs A and B above
22   providing services to Defendant or Defendant's officers, agents, servants, or employees, shall
23   preserve and retain documents relating to the Defendant or the Defendant's officers, agents,
24   servants, or employees; and

25   D.    Agents of the Commission and other law enforcement agencies are permitted to enter the
26   premises of any of Defendant's Data Centers and Upstream Service Providers described in
27   subparagraphs A and B above to serve copies of this Order and to verify that the Data Centers and
28

TRO and
Order to Show Cause        7

1 Upstream Service Providers have taken the reasonable and necessary steps described in sub-
2 paragraphs A and B of this Paragraph.
3 *Provided, however,* nothing in Paragraph III shall be interpreted to deny access to any law
4 enforcement agency granted access pursuant to a court order, search warrant, or other lawful
5 process.

6 **ASSET FREEZE**

7 **IV.**

8    **IT IS FURTHER ORDERED** that the Defendant and its Representatives are hereby
9 temporarily restrained and enjoined from:

10    A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling,
11 concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security
12 interest or other interest in, or otherwise disposing of any funds, real or personal property,
13 accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein,
14 wherever located, that are: (1) owned or controlled by the Defendant, in whole or in part, for the
15 benefit of the Defendant; (2) in the actual or constructive possession of the Defendant; or (3)
16 owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or
17 other entity directly or indirectly owned, managed, or controlled by any the Defendant, including,
18 but not limited to, any assets held by or for, or subject to access by, the Defendant, at any bank or
19 savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity
20 trading company, precious metals dealer, or other financial institution or depository of any kind;
21 and

22    B.    Opening or causing to be opened any safe deposit boxes titled in the name of the
23 Defendant, or subject to access by the Defendant.

24    *Provided, however*, that the assets affected by Paragraph IV shall include: (1) all of the
25 assets of the Defendant existing as of the date this Order was entered; and (2) for assets obtained
26 after the date this Order was entered, only those assets of the Defendant that are derived from
27 conduct prohibited in Paragraphs I and II of this Order.

28

TRO and
Order to Show Cause                    8

1 
2 

# FINANCIAL REPORTS AND ACCOUNTING

## V.

3    **IT IS FURTHER ORDERED** that the Defendant, within five (5) days of receiving notice
4 of this Order, shall provide the Commission with completed financial statements, verified under
5 oath and accurate as of the date of entry of this Order, on the forms attached to this Order as
6 Attachment A.

7 
8 

# RETENTION OF ASSETS AND PRODUCTION OF RECORDS BY FINANCIAL INSTITUTIONS

9 

## VI.

10    **IT IS FURTHER ORDERED** that, any financial or brokerage institution, business entity,
11 or person served with a copy of this Order that holds, controls, or maintains custody of any account
12 or asset of the Defendant, or has held, controlled or maintained custody of any such account or
13 asset at any time prior to the date of entry of this Order, shall:

14        A.   Hold and retain within its control and prohibit the withdrawal, removal, assignment,
15 transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any
16 such asset except by further order of the Court; and

17        B.   Deny all persons access to any safe deposit box that is:

18             1.    titled in the name of the Defendant; or

19             2.    otherwise subject to access by Defendant.

20 

# FOREIGN ASSET REPATRIATION AND ACCOUNTING

21 

## VII.

22    **IT IS FURTHER ORDERED**  that:

23        A.    Defendant and its Representatives shall immediately upon service of this Order, or
24 as soon as relevant banking hours permit, transfer to the territory of the United States to a blocked
25 account whose funds cannot be withdrawn without further order of the court all funds and assets in
26 foreign countries held: (1) by Defendant; (2) for its benefit; or (3) under its direct or indirect
27 control, jointly or singly; and

28 

TRO and
Order to Show Cause                          9

1       B.     Defendant shall, within five (5) days of receiving notice of this Order each provide

2 the Commission with a full accounting, verified under oath and accurate as of the date of this

3 Order, of all funds, documents, and assets outside of the United States which are: (1) titled in the

4 Defendant's name; or (2) held by any person or entity for the benefit of the Defendant; or (3) under

5 the direct or indirect control, whether jointly or singly, of the Defendant; and

6       C.     Defendant and its Representatives are temporarily restrained and enjoined from

7 taking any action, directly or indirectly, which may result in the encumbrance or dissipation of

8 foreign assets, including but not limited to:

9       1.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or

10 engaging in any other act, directly or indirectly, that results in a determination by a

11 foreign trustee or other entity that a "duress" event has occurred under the terms of a

12 foreign trust agreement; or

13      2.     Notifying any trustee, protector or other agent of any foreign trust or other related

14 entities of the existence of this Order, or that an asset freeze is required pursuant to

15 a Court Order, until such time that a full accounting has been provided pursuant to

16 this Paragraph.

17 **ACCESS TO BUSINESS RECORDS**

18 **VIII.**

19     **IT IS FURTHER ORDERED** that the Defendant shall allow the Commission's

20 representatives, agents, and assistants access to the Defendant's business records to inspect and

21 copy documents so that the Commission may prepare for the preliminary injunction hearing and

22 identify and locate assets. Accordingly, the Defendant shall, within forty-eight (48) hours of

23 receiving notice of this Order, produce to the Commission and the Commission's representatives,

24 agents, and assistants for inspection, inventory, and/or copying, at Federal Trade Commission, 600

25 Pennsylvania Avenue NW, Room H-286, Washington DC 20580, Attention: Ethan Arenson, the

26 following materials: (1) all client information, including, but not limited to, names, phone

27 numbers, addresses, email addresses, and payment information for all clients of Defendant's

28

TRO and
Order to Show Cause

1 services; (2) contracts; (3) correspondence, including, but not limited to, electronic correspondence
2 and Instant Messenger communications, that refer or relate to the Defendant's services; and (4)
3 accounting information, including, but not limited to, profit and loss statements, annual reports,
4 receipt books, ledgers, personal and business canceled checks and check registers, bank statements,
5 and appointment books.

6      *Provided, however,* this Paragraph excludes any record or other information pertaining to a
7 subscriber or customer of an electronic communications service or a remote computing service as
8 those terms are defined in the Electronic Communications Privacy Act, 18 U.S.C. § 2703(c)
9 (2006).

10      The Commission shall return produced materials pursuant to this Paragraph within five (5)
11 days of completing said inventory and copying.

12 **EXPEDITED DISCOVERY**
13 **IX.**

14      **IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a),
15 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d)
16 and (f), 30(a)(2)(A)-(C), and 31(a)(2)(A)-(C), the Commission is granted leave, at any time after
17 entry of this Order to:

18      A.    Take the deposition of any person or entity, whether or not a party, for the purpose
19 of discovering the nature, location, status, and extent of the assets of the Defendant; the location of
20 any premises where the Defendant conducts business operations; and

21      B.    Demand the production of documents from any person or entity, whether or not a
22 party, relating to the nature, status, and extent of the assets of the Defendant; the location of any
23 premises where the Defendant, directly or through any third party, conducts business operations.
24 Three (3) calendar days notice shall be deemed sufficient for any such deposition, five (5) calendar
25 days notice shall be deemed sufficient for the production of any such documents, and twenty-four
26 (24) hours notice shall be deemed sufficient for the production of any such documents that are
27 maintained or stored only as electronic data. The provisions of this Section shall apply both to
28

TRO and
Order to Show Cause            11

1  parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of
2  Civil Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual
3  shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant
4  to this Section shall not be counted toward any limit on the number of depositions under the
5  Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States
6  District Court for Northern District of California, including those set forth in Federal Rules of Civil
7  Procedure 30(a)(2)(A) and 31(a)(2)(A).

8                                **PRESERVATION OF RECORDS**
9                                               **X.**

10         **IT IS FURTHER ORDERED** that the Defendant and its Representatives are hereby
11  temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering,
12  transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any
13  documents or records of any kind that relate to the business practices or business finances of the
14  Defendant, including but not limited to, computerized files and storage media on which
15  information has been saved (including, but not limited to, hard drives, DVDs, CD-ROMS, zip
16  disks, floppy disks, punch cards, magnetic tape, backup tapes, and computer chips), and any and all
17  equipment needed to read any such documents or records, FTP logs, Service Access Logs,
18  USENET Newsgroup postings, World Wide Web pages, books, written or printed records,
19  handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business
20  canceled checks and check registers, bank statements, appointment books, copies of federal, state
21  or local business or personal income or property tax returns, and other documents or records of any
22  kind that relate to the business practices or finances of the Defendant or its officers, agents,
23  servants, or employees.

24                          **RECORD KEEPING/BUSINESS OPERATIONS**
25                                               **XI.**

26         **IT IS FURTHER ORDERED** that the Defendant is hereby temporarily restrained and
27  enjoined from:

28

TRO and
Order to Show Cause                            12

1     A.    Failing to maintain documents that, in reasonable detail, accurately, fairly, and
2 completely reflect its income, disbursements, transactions, and use of money; and

3     B.    Creating, operating, or exercising any control over any business entity, including
4 any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first
5 providing the Commission with a written statement disclosing: (1) the name of the business entity;
6 (2) the address and telephone number of the business entity; (3) the names of the business entity's
7 officers, directors, principals, managers and employees; and (4) a detailed description of the
8 business entity's intended activities.

9
## DISTRIBUTION OF ORDER BY DEFENDANT
10
## XII.

11     **IT IS FURTHER ORDERED** that the Defendant shall immediately provide a copy of this
12 Order to each of its subsidiaries, Upstream Service Providers, Data Centers, divisions, sales
13 entities, successors, assigns, officers, directors, employees, independent contractors, client
14 companies, agents, and attorneys, and shall, within ten (10) days from the date of entry of this
15 Order, provide the Commission with a sworn statement that it has complied with this provision of
16 the Order, which statement shall include the names, physical addresses, and e-mail addresses of
17 each such person or entity who received a copy of the Order.

18
## SERVICE OF ORDER
19
## XIII.

20     **IT IS FURTHER ORDERED** that copies of this Order may be served by any means
21 authorized by law, including facsimile transmission, upon any financial institution or other entity
22 or person that may have possession, custody, or control of any documents of the Defendant, or that
23 may otherwise be subject to any provision of this Order.

24
## DURATION OF TEMPORARY RESTRAINING ORDER
25
## XIV.

26     **IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall
27 expire on June 15, 2009 at 9:00 a.m., unless within such time, the Order, for good cause shown, is
28

TRO and
Order to Show Cause          13

1  extended for an additional period not to exceed ten (10) days, or unless it is further extended
2  pursuant to Federal Rule of Civil Procedure 65.

3
4

### ORDER TO SHOW CAUSE REGARDING
### PRELIMINARY INJUNCTION
### XV.

5      **IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b) that the
6  Defendant shall appear before this Court on the 15th day of June, 2009, at 9:00 a.m., to show
7  cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling
8  on the Complaint against the Defendant, enjoining it from the conduct temporarily restrained by
9  the preceding provisions of this order.

10
11

### SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE
### XVI.

12      **IT IS FURTHER ORDERED** that the Defendant shall file with the Court and serve on
13  the Commission's counsel any answering affidavits, pleadings, motions, expert reports or
14  declarations, and/or legal memoranda no later than four (4) days prior to the hearing on the
15  Commission's request for a preliminary injunction. The Commission may file responsive or
16  supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on
17  counsel for the Defendant no later than one (1) day prior to the preliminary injunction hearing in
18  this matter. Provided that service shall be performed by personal or overnight delivery, facsimile
19  or electronic mail, and documents shall be delivered so that they shall be received by the other
20  parties no later than 4:00 p.m. (Pacific Daylight Time) on the appropriate dates listed in this
21  Paragraph.

22
23

### MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION
### XVII.

24      **IT IS FURTHER ORDERED** that the question of whether this Court should enter a
25  preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the
26  Defendant during the pendency of this action shall be resolved on the pleadings, declarations,
27  exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard
28

TRO and
Order to Show Cause                                    14

1  only on further order of this Court or on motion filed with the Court and served on counsel for the
2  other parties at least three (3) days prior to the preliminary injunction hearing in this matter. Such
3  motion shall set forth the name, address, and telephone number of each proposed witness, a
4  detailed summary or affidavit revealing the substance of each proposed witness's expected
5  testimony, and an explanation of why the taking of live testimony would be helpful to this Court.
6  Any papers opposing a timely motion to present live testimony or to present live testimony in
7  response to another party's timely motion to present live testimony shall be filed with this Court
8  and served on the other parties at least two (2) days prior to the preliminary injunction hearing in
9  this matter, *provided* that service shall be performed by personal or overnight delivery, facsimile or
10 electronic mail, and documents shall be delivered so that they shall be received by the other parties
   no later than 4:00 p.m. (Pacific Daylight Time) on the appropriate dates provided in this Paragraph.

11

12                              **SERVICE UPON THE COMMISSION**

13                                          **XVIII.**

14        **IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related

15 to this Order, service on the Commission shall be performed by overnight mail delivery to the

16 attention of Ethan Arenson at the Federal Trade Commission, 600 Pennsylvania Avenue, NW,

17 Room H-286, Washington, DC 20580.

18

19

20 //

21

22 //

23

24 //

25

26

27

28 TRO and
   Order to Show Cause                           15

## RETENTION OF JURISDICTION

## XIX.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes. No security is required of any agency of the United States for the issuance of a restraining order. Fed. R. Civ. P. 65(c).

**SO ORDERED,** this  Second  day of  June , 2009, at  4:10 p.m.


UNITED STATES DISTRICT JUDGE

TRO and
Order to Show Cause

16

# ATTACHMENT A

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1.   Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.   In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.   When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.   Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.   Type or print legibly.

6.   An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.        General Information

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

### Item 2.        Legal Information

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

### Item 3.        Registered Agent

Name of Registered Agent _____

Address _____ Telephone No. _____

Page 2                                                          Initials _____

<u>Item 4.</u>      **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

<u>Item 5.</u>      **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

<u>Item 6.</u>      **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

**Item 7.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| <u>Name</u> | <u>Firm Name</u> | <u>Address</u> |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

       I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

_____
Corporate Position

                                      Initials _____