UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>     *Plaintiff*,<br><br>  v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1–15,<br><br>     *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

### GOOGLE LLC'S REQUEST FOR ENTRY OF DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Google LLC ("Google") requests that the Clerk of the Court enter default against Defendants Dmitry Starovikov, Alexander Filippov, and John Does 1–15 ("Defendants").

As detailed below, Google served Defendants with the Complaint and Exhibit A thereto, the summons, the Motion for a Temporary Restraining Order ("TRO"), and its supporting declarations and exhibits, using methods authorized by the Court pursuant to Fed. R. Civ. P. 4(f)(3). *See* ECF No. 8, ¶ 18 (authorizing alternative methods of service, including through mail, email, and text message). These methods were reasonably calculated to provide Defendants with notice of these proceedings. Defendants have undoubtedly been aware of this action since at least December 9, 2021 but have failed to appear or respond. The time to do so has now expired and Google hereby requests entry of default.

1

Upon entry of default, Google intends to file a motion for default judgment and permanent injunction pursuant to Fed. R. Civ. P. 55(b)(2).

## I. STATEMENT OF FACTS

### A. Procedural History

This action arises out of Defendants' distribution and use of malware in violation of federal and state law. The Glupteba malware has infected more than a million electronic devices. Defendants and their co-conspirators (the "Enterprise") distribute this malware, steal information from infected devices, and use the infected devices and stolen information in furtherance of a number of schemes, including (i) the unauthorized use and sale of Google users' login and account information, (ii) the sale of credit cards to make fraudulent purchases of ads or services from Google and other web-based companies, (iii) the sale of disruptive advertisements on infected devices, (iv) the sale of access to victims' infected devices for use as proxies, and (v) the hijacking of computer processing power to generate cryptocurrency.

On December 2, 2021, Google filed its Complaint and the Court entered a TRO enjoining Defendants' botnet-related activities, under seal. *See* ECF No. 8. The matter was ordered unsealed on December 6, 2021, and the Complaint and TRO were publicly filed on the docket on December 7, 2021. On December 16, 2021, the Court entered a Preliminary Injunction Order. *See* ECF No. 17.

### B. Service of Process

Defendants Starovikov and Filippov are Russian nationals believed to reside in Russia. When the Court issued the TRO, it found good cause "to grant alternate

service of the filings in this matter via mail, email, [or] text . . . ," pursuant to Rule 4(f)(3). *See* ECF No. 8, ¶ 18.

After the Court unsealed the case, Google attempted to effectuate service on Defendants Starovikov and Filippov by physical mail (FedEx), email, and text messages sent to phone numbers associated with each of Starovikov and Filippov. Harris. Decl. ¶¶ 4–18. Although certain of these efforts may have been unsuccessful, Google believes that it effectuated service on Defendant Starovikov and Defendant Filippov by text message on December 9, 2021. *Id.* at ¶ 16–17.

C. Additional Means of Notification

In addition to Google's service efforts, Defendants have undoubtedly learned of this action through other means. First, immediately upon its unsealing, this case generated substantial global press attention, including in The Washington Post, the BBC, Al Jeezera, and most importantly, in Russia. *Id.* at ¶ 22. This media coverage—including in Russia—identified Defendants Starovikov and Filippov by name, mentioned numerous of their storefront websites, and detailed their illegal racketeering activity. *Id.*

Second, pursuant to the TRO and Preliminary Injunction Order, Google has engaged in extensive efforts to disrupt Defendants' botnet activities. Google's efforts have resulted in the suspension of nearly 100 domains and IP addresses associated with Defendants' operation of the botnet, and caused one of their most prominent illicit "storefronts," dont.farm, to cease operations altogether. *Id.* at ¶¶ 20–21.

Third, Defendants have affirmatively responded to these disruptions by attempting to establish five new command-and-control servers ("C2 servers") to maintain communications with infected devices. Google has taken action to suspend all five servers. *Id.*

## II. LEGAL AUTHORITY

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Here, due to the fact that Defendants reside in Russia and engage in extensive conduct online, the Court found good cause "to grant alternate service of the filings in this matter via mail, email, [or] text. . . ." *See* ECF No. 8, ¶ 18. Google attempted all three methods authorized by the Court, using addresses and phone numbers that were reasonably calculated to notify the Defendants of this Action. Google believes its service by text message was effective. Harris. Decl. ¶¶ 16–17. These efforts were complete by no later than December 9, 2021. *Id.*

In addition, Defendants have plainly received notice of this action through other means. This action has generated substantial global press, including in Russian state media, that identified Starovikov and Filippov as defendants and detailed the Enterprise's racketeering activity. *Id.* at ¶ 22. In addition, Google has undertaken actions that have disrupted the Enterprise, including the suspension of nearly 100 domains and IP addresses associated with Defendants' operation of the botnet. *Id.* at ¶ 20. One of Defendants' online "storefronts" ceased operations

4

altogether. *Id.* at ¶ 21. And in response to the disruption, Defendants have attempted to reconstitute the botnet by using the blockchain to direct infected devices to new C2 servers, which Google has also succeeded in having suspended. *Id.* Defendants' actions in response to the disruption establish that Defendants have received notice of the litigation. *Cf. Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (holding that "alternative means of service . . . satisfied Rule 4(f)(3)" and constitutional due process because, among other things, defendants had "***actual notice*** of this litigation") (emphasis added).

Notwithstanding such notice, Defendants have failed to enter an appearance or otherwise respond. There has been no indication that Defendants intend to defend the litigation. Accordingly, entry of default against all Defendants is proper. Fed. R. Civ. P. 55(a); *see also CKR Law LLP v. Anderson Invests. Int'l, LLC*, 2021 WL 2519500, at *5 (S.D.N.Y. June 21, 2021) ("Because the respondents had an obligation but failed to 'otherwise defend' against the petition, the first step—entry of default—was proper in this case.").

## III. CONCLUSION

For the foregoing reasons, entry of default against Defendants Dmitry Starovikov, Alexander Filippov, and John Does 1–15 is appropriate.

DATED: February 7, 2022                     Respectfully submitted,

                                                           */s/ Laura Harris*

Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew Bush
KING & SPALDING LLP
1185 Ave. of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com


Sumon Dantiki (admitted *pro hac vice*)
David P. Mattern (admitted *pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com
dmattern@kslaw.com

*Counsel for Plaintiff Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  Copies of the foregoing were also served on the defendants at the addresses listed below and via text messages to phone numbers and accounts identified through Google's pre-filing investigation:

Dmitry Starovikov
123112, Moscow, Presnenskaya, Embankment 12, Office 5

Alexander Filippov
123112, Moscow, Presnenskaya, Embankment 12, Office 5

                                                /s/ *Laura Harris*
                                                Laura Harris