# *THE LITVAK LAW FIRM, PLLC*

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM
WWW.NYCCRIMELAWYER.COM

February 24, 2022

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC

Dear Judge Cote:

I represent defendants Dmitry Starovikov and Alexander Filippov (hereinafter, "Defendants") in the above-referenced matter. I write to request that the Court suspend its scheduling order dated February 1, 2022, Dkt. No. 33, requiring Plaintiff to file its Motion for default judgment under Rule 55(b) and permanent injunction within 21 Days After Any Entry of Default. Additionally, Defendants propose a briefing schedule concerning Defendants' anticipated Motion to vacate the entry of default under Fed. R. Civ. P. 55(c).

### I.   Factual and Procedural Background

Plaintiff Google LLC ("Plaintiff") commenced this action on December 2, 2021, by filing a Complaint ("Complaint"), seeking compensatory and injunctive relief against Defendants. To wit, the complaint alleging claims under: (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)-(d) (Count I); (2) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count II); (3) the Electronic Communications Privacy Act, 18 U.S.C. § 2701 (Count III); (4) the Lanham Act (Count IV); (5) and common law theories of unfair competition and unjust enrichment (Counts V-VI). Subsequently, Plaintiff, filed an Order to Show Cause seeking, *inter alia*, "injunctive and other relief to stop Defendants Dmitry Starovikov and Alexander Filippov, and Does 1 through 15- through their participation in, and operation of, the Glupteba Enterprise-from continuing to control and operate a botnet of over a

million devices, continuing to distribute malware to infect new devices, and continuing to carry out criminal." Dkr. 8 at 1.  Further, Plaintiff requested the Court to "grant alternative service of the filings in this matter via mail, email, text, and/or service through ICANN because Google establishes that traditional service methods would be futile." Id. at 9.  The Court granted the request for alternative service by its Order dated December 16, 2021.  Dkt. No. 17.  Shortly, Plaintiff filed voluminous documents in support of its Motion for Temporary Restraining Order.  Dkt. Nos. 18-24.

On January 31, 2022, Plaintiff filed a letter addressed to Judge Denise L. Cote, updating the Court on the status of the case and requesting the schedule for its request for entry of default and Motion for default judgment and a permanent injunction.  Dkt. No. 32. The Court granted this request, ordering filing the request for entry of default under Rule 55(a) on February 7, 2022, and filing its Motion for default judgment under Rule 55(b) and permanent injunction "21 Days After Any Entry Of Default."  Dkt. No. 33. The clerk filed the certificate of default on February 8, 2022.  Dkt. 38.  The undersigned was retained by Defendants on February 16, 2022, and he filed his Notice of Appearance on behalf of Dmitry Starovikov on February 16, 2022, and on behalf of Alexander Filippov on February 22, 2022.  Dkt. Nos. 39, 40.

## II.    Standards for Setting Aside the Entry of Default

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Robertson v. Doe, 05-CV-7046, 2008 U.S. Dist. LEXIS 47860, 2008 WL 2519894, at 3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" Robertson, 2008 U.S. Dist. LEXIS 47860, 2008 WL 2519894, at 3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." Id. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." Id.

A clerk's entry of default may be set aside by a court for good cause. Fed. R. Civ. P. 55(c). "Generally, the standard for setting aside the entry of a default pursuant to [Fed. R. Civ. P.] 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by Motion pursuant to [Fed. R. Civ. P.] 60(b)." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). "Courts in this Circuit have construed 'good cause' in this context broadly." Brady v. W. Overseas Corp., 04-CV-2878, 2008 U.S. Dist. LEXIS 93126, 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). "In deciding whether good cause exists, the court examines [the following] three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Brady, 2008 U.S. Dist. LEXIS 93126, 2008 WL 4936875, at 4. "In applying this analysis, the court must bear in mind the well-established preference for resolving litigation disputes on the merits." Id. "Any doubts as to whether a default should be vacated must be resolved in favor of trial on the merits." Id.

Here, Defendants are prepared to show that the default was NOT willful, and setting aside the default would NOT prejudice the adversary as the delay was very brief and not resulted in "the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Arthur F. Williams, Inc. v. Helbig, 208 F.R.D. 41, 45 (E.D.N.Y. 2002). Finally, Defendants strongly believe that they have meritorious defenses. As such, on behalf of Defendants, I am preparing to file a motion to set aside the entry of default.

Given the fact that I was just retained in this very complex matter, I need more time to learn about the factual background and to research relevant issues in order to draft said Motion to set aside the entry of default. As such, I respectfully request that the Court order the following briefing schedule:

Defendants' opening brief due March 28, 2022;
Plaintiff's response due April 28, 2022;
Defendants' reply brief May 15, 2022.

Additionally, I respectfully request that the Court suspend its scheduling order dated February 1, 2022, Dkt. No. 33, requiring Plaintiff to file its Motion for default judgment under Rule 55(b) and permanent injunction within 21 Days After Any Entry of Default, as moot and unnecessary since Defendants appeared in this case through their counsel.

Thank you for your attention to this letter.

Respectfully,

s/ Igor Litvak

_____
Igor Litvak, Esq.

cc: Counsel of Record (via ECF)