# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: +1 212 556 2100
www.kslaw.com

February 28, 2022

**BY ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *Google LLC v. Starovikov et al.*, **Case No. 21-cv-10260-DLC**

Dear Judge Cote:

      I write on behalf of Plaintiff Google LLC ("Google") in advance of the March 1, 2022 telephone conference to respectfully request that the Court deny Defendants' request to suspend the Court's Scheduling Order, *see* ECF Nos. 41, 43, or in the alternative, enter Google's proposed briefing schedule, set forth below.

      Mr. Litvak contacted Google's counsel on February 15, 2022, and stated that, although he had not yet been retained by Alexander Filippov and Dmitry Starovikov (together, "Defendants"), Defendants would consent to personal jurisdiction. He requested that Google agree to set aside the Certificate of Default. I spoke with Mr. Litvak on February 17, 2022. He again requested that Google agree to set aside the Certificate of Default, and indicated that, in exchange, Mr. Starovikov would agree to "cooperate" with and assist Google's disruption of the Glupteba botnet (he did not yet represent Mr. Filippov). I replied that Google would not consent to set aside the Certificate of Default, but would review any information Defendants could provide regarding the botnet or the "cooperation" that Defendants might offer, and would consider stipulating to a reasonable briefing schedule. Mr. Litvak indicated he would require three or four weeks to brief his motion, which I stated was unnecessarily long. On Tuesday, February 22, 2022, Mr. Litvak stated that his clients were "not ready" to discuss "cooperation" and preferred to "litigate" and pursue discovery. Because Mr. Litvak did not provide any basis to believe that his motion would be meritorious, Google declined to stipulate to a briefing schedule that would delay its motion for default judgment and a permanent injunction.

      Defendants have provided no basis to suspend the current schedule, and Google has no information concerning their choice to do so now. Defendants were timely served and, in any event, have had actual notice of these proceedings since December 9, 2021 through extensive media coverage, including in Russia, which identified Mr. Starovikov and Mr. Filippov by name and detailed the allegations against them. *See* ECF No. 36, ¶¶ 4, 14–22; ECF No. 37, at 3–4. In fact, the Enterprise has taken affirmative steps to evade Google's disruption efforts in direct violation of this Court's Orders. *See* ECF No. 36, ¶¶ 20–21; *Salvatore Ferragamo S.P.A. v. Does*, 2013 WL 12108075, at *6 (S.D.N.Y. Nov. 22, 2013) (default judgment proper due to "failure to

The Honorable Denise L. Cote
February 28, 2022
Page 2

defend against the plaintiff's lawsuit" and "the elaborate scheme in which they engaged to evade detection and continue their infringing conduct"). Defendants' conclusory statements that "the default was not willful" and that they "strongly believe that they have meritorious defenses" provide an insufficient basis to delay Google's relief. ECF No. 43-2 at 4. The time for Defendants to respond has long expired. *See* ECF No. 38.

Should the Court grant Defendants' request to suspend the current deadlines, Defendants are not entitled to an extended schedule. Defendants have had actual notice of these proceedings for months, and their late request does not entitle them to a multi-week extension. *See* ECF No. 41. Should the Court permit Defendants to file their motion, Google respectfully requests that the Court order the following schedule, which would permit simultaneous briefing of Defendants' and Google's motions concerning default:

- **March 11, 2022**: Defendants' Motion to Set Aside the Clerk's Certificate of Default

- **March 25, 2022**: Google's Opposition and Counter Motion for Default Judgment and Permanent Injunction

- **April 8, 2022**: Defendants' Reply and Opposition to Google's Motion for Default Judgment and Permanent Injunction

- **April 15, 2022**: Google's Reply in Support of Its Motion for Default Judgment and Permanent Injunction (if necessary)

In addition, in the event Defendants move to set aside the Certificate of Default, Google will seek attorneys' fees and costs incurred as a result. *See Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 649 (S.D.N.Y. 2018) (conditioning vacatur of default on defendant's payment of plaintiff's attorneys' fees and costs).

Respectfully submitted,

*/s/ Laura Harris*

Laura Harris