```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   GOOGLE LLC,

 4              Plaintiff,

 5         v.                                  21 CV 10260 (DLC)

 6   DMITRY STAROVIKOV, et al.,

 7              Defendants.            Conference
                                       (via Telephone)
 8   ------------------------------x
                                       New York, N.Y.
 9                                     March 1, 2022
                                       3:00 p.m.
10
     Before:
11
                         HON. DENISE COTE,
12
                                       District Judge
13

14                          APPEARANCES

15   KING & SPALDING LLP
          Attorneys for Plaintiff
16   BY:  LAURA HARRIS
          ANDREW MICHAELSON
17        SUMON DANTIKI

18   IGOR B. LITVAK
          Attorney for Defendants
19

20

21

22

23

24

25
```

1             (Case called)

2             MS. HARRIS:  This is Laura Harris of King & Spalding
3  for Google appearing for plaintiffs.

4             THE COURT:  Thank you.

5             Counsel for the defendants ready to proceed?

6             MR. LITVAK:  Yes, your Honor.  This is attorney Igor
7  Litvak for the defendant.  I am ready to proceed.

8             THE COURT:  Thank you very much.

9             Thank you, counsel, for making yourselves available to
10 address this dispute with regard to a briefing schedule.  This
11 is a case in which I entered a TRO in early December.  The two
12 defendants at issue here were added, I believe, to this action
13 on December 10.  A preliminary injunction was issued on
14 December 16, and a schedule was set for entry of a request for
15 default and then a motion for entry of a default judgment in
16 February, and those dates are part of the record.

17            As I understand it, there is no dispute about some of
18 the background facts here but, of course, I'll let counsel be
19 heard on that.

20            The fact is that the defendants had timely notice of
21 this action and are in default.  They did not file a timely
22 answer after they were served in this action and the
23 certificate of default has been entered by the clerk of court
24 on February 8.

25            So we have two motions to address here.  One is the

1  plaintiff's motion for entry of a default judgment against
2  these two defendants and the other is the application by the
3  defendants to move to vacate the default that has been entered
4  against them.
5        The two defendants, I believe, retained current
6  counsel in mid February.  I think it was February 16.  But
7  Mr. Litvak will make sure I'm right about that date.  And
8  defense counsel have proposed a schedule to move to vacate the
9  default with having this motion due on March 28 and fully
10 submitted in mid May.
11       The plaintiff wants to proceed much more expeditiously
12 and has proposed a schedule that would have the defendants
13 moving to vacate the default on March 11 and the two motions,
14 countervailing motions, being briefed in the interim with both
15 of the motions being fully submitted as of April 15.
16       That's the background as to this dispute that we are
17 going to address today to finally schedule the briefing of
18 these motions.
19       I want to remind Mr. Litvak that applications to this
20 Court should be no longer than two pages and should reveal
21 whether or not there has been a full and fair attempt to
22 resolve whatever the dispute is with a discussion with opposing
23 counsel first before making an application to the Court.
24       That said, let's proceed.
25       Let me first ask if there is anything about this

1    background, Ms. Harris, that you wish to add to or correct.
2             MS. HARRIS:  Nothing to add, your Honor.  The only
3    minor point that I'd make is that these two defendants were
4    named in our original complaint.  They weren't added later.  So
5    they have been a part of this action since the outset.
6             THE COURT:  Thank you.
7             Mr. Litvak, is there anything you want to add or
8    correct in terms of this background?
9             MR. LITVAK:  Yes, of course, your Honor.  I would like
10   to add that there was never any service on the defendants.  The
11   defendants found out about this case at the end of January.  I
12   know that the plaintiff attempted to serve them by using
13   various different means, but none of those means were
14   successful, and in fact my clients found out about this action
15   from their friends at the end of January, and then it took some
16   time to understand what was happening, hire an attorney and all
17   that.
18            That's the only thing that I would like to say, that
19   there was an attempted service, but that service was not
20   successful.  The e-mails and the phone numbers that were used
21   and the address actually that was used to complete the service
22   were not accurate, were invalid.
23            The address where they send the complaint in December,
24   the plaintiff themselves say that that company liquidated in
25   September of 2021.  Then they say that they served them by

1  sending in December mail to that address, even though Google
2  themselves say that that company at that address was no longer
3  there as of September.
4      That's the only thing that I would like to say, that
5  there was never any service, and my clients only found out
6  about the case at the end of January.
7      THE COURT:  Is it your client's intention then, if I
8  vacate the default, to serve answers?
9      MR. LITVAK:  Of course, yes.  They don't believe that
10  they have done anything illegal.  They want to defend
11  themselves and get the discovery and litigate this case.
12      THE COURT:  So they won't be moving to dismiss.  They
13  want to file answers.
14      MR. LITVAK:  I believe so, yes.  At this time our
15  intention is to file an answer.  That's why I told the opposing
16  counsel that we are willing to work with them, and we are
17  willing to admit to personal jurisdiction as long as they
18  vacate the entry of default so we can move forward with
19  litigation.
20      THE COURT:  Ms. Harris.
21      MS. HARRIS:  Thank you, your Honor.
22      I think, as an initial matter, we used the methods of
23  service that were provided for in the TRO and preliminary
24  injunction and used a variety of means.  I take no position on
25  what Mr. Litvak intends to do in response to a motion or in

1  response to a removal of the default that was entered, but we
2  think at this point that there is no reason to vacate the
3  default, that the defendants had a variety of other means of
4  effective notice, including the fact that the matter -- this
5  case was covered extensively in international media, including
6  in Russia, and that they took means to evade the disruption
7  efforts that Google affected as a result of the TRO and PI that
8  were entered.
9           In the aftermath of Google's disruption of two of the
10 key means of control over the botnet, the command and control
11 servers, defendants actually attempted to set up new command
12 and control servers.
13          To kind of make the point even more explicit, we
14 believe, and we set this forth in our complaint, that
15 Mr. Starovikov and Mr. Filippov have direct ties to those C2
16 servers because they used IP addresses linked to those C2
17 servers to sign up for their Google accounts.
18          I think the question of whether they had notice of
19 this litigation is settled because they took means to evade the
20 disruption that this case put into effect.
21          We think, for that reason, there is simply no basis to
22 vacate the default that the clerk entered.
23          THE COURT:  Let's turn to the issue of the schedule.
24          Mr. Litvak, you see the proposed schedule that Ms.
25 Harris has presented with your papers being due on March 11.

1  Do you wish to address the proposed schedule?

2             MR. LITVAK:  Yes, your Honor.  This is an extremely
3  complex case.  And it looks like not only am I going to have to
4  address the issue of setting aside the entry of default, but
5  also the motion for default judgment.

6             On top of that, I have a very busy practice.

7             On top of that, I'm not sure if it's relevant for the
8  Court or not, I'm from Ukraine.  Obviously, there is a war
9  there, so I'm dealing with that situation with my family,
10 trying to make sure they are safe.

11            I think March 11 would be honestly very, very undoable
12 for me for many, many reasons.  Therefore, I would request that
13 we stick to the schedule that I proposed of March 28.

14            THE COURT:  Your schedule is far too elongated,
15 Mr. Litvak.  My sympathies to you with respect to family and
16 friends in the Ukraine, but I am going to ask you to bring on
17 additional counsel then to assist you.

18            I am not wedded to the date March 11, but I do want to
19 get both of these motions, your motion and the plaintiff's
20 motion, fully submitted by mid April.

21            So I am going to adopt the plaintiff's proposed
22 schedule with your motion due on March 11.

23            But what I am concerned about is having a fully
24 submitted motion, two fully submitted motions by April 15.  If
25 counsel want to discuss interim dates that are different from

1  those that the plaintiff proposes, that's fine with me, as long
2  as both motions are fully submitted April 15.
3          MR. LITVAK:  Your Honor --
4          THE COURT:  Yes, Mr. Litvak.
5          MR. LITVAK:  Your Honor, can I just ask, can we do the
6  submission, the initial submission on March 14?  That would
7  give me until the Monday.  That will give me a few extra days
8  to put everything together.  The 11th, that's a Friday.  Can we
9  have the Monday, the 14th, your Honor?
10         THE COURT:  Absolutely.
11         I believe, Ms. Harris, you can stick with the March 25
12 date.  Am I right?
13         MS. HARRIS:  Yes, your Honor, that's fine.
14         THE COURT:  We will make that adjustment to the
15 schedule.  I'll get out an order.
16         Good luck and thank you, counsel.
17         MR. LITVAK:  Thank you.
18         MS. HARRIS:  Thank you, your Honor.
19         (Adjourned)
20
21
22
23
24
25