UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>                   *Plaintiff*,<br><br>    v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1-15,<br><br>                   *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

**GOOGLE LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.      Google Is Entitled To Default Judgment Against Defendants. ........................................ 2

      A.      Defendants have no meritorious defense. ................................................................. 2

            1.  Defendants fail to establish a meritorious defense under Rule 12(b)(2). ................. 2

            2.  Defendants fail to establish a meritorious defense under Rule 12(b)(5). ................. 4

            3.  Defendants fail to establish a meritorious defense under Rule 12(b)(6). ................. 5

            4.  Defendants fail to establish a meritorious *forum non conveniens* defense. ............... 8

      B.      Defendants' default was willful. ................................................................................ 8

      C.      Google would be prejudiced by the denial of its motion for default judgment. ............ 9

II.     Google Is Entitled To A Permanent Injunction. .............................................................. 10

III.   Default Judgment and A Permanent Injunction Are Warranted Against The Doe Defendants. ................................................................................................................... 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burda Media, Inc. v. Blumenberg*,
  2004 WL 1110419 (S.D.N.Y. May 18, 2004) ............................................................................5

*Chatwal Hotels & Resorts LLC v. Dollywood Co.*,
  90 F. Supp. 3d 97 (S.D.N.Y. 2015) ..........................................................................................4

*Corporacion Mexicana De Mantenimiento Integral v. Pemex-Exploracion Y Produccion*, 832 F.3d 92 (2d Cir. 2016) ..................................................................................2

*D'Addario v. D'Addario*,
  901 F.3d 80 (2d Cir. 2018) .......................................................................................................6

*Hermes Int'l v. John Doe 1*,
  12-cv-01623-DLC (S.D.N.Y. Apr. 30, 2012) (Cote, J.) .........................................................10

*Ideal Steel Supply Corp. v. Anza*,
  652 F.3d 310 (2d Cir. 2011) .....................................................................................................6

*Iragorri v. United Techs. Corp.*,
  274 F.3d 70 (2d Cir. 2001) .......................................................................................................8

*Kravitz v. Binda*,
  2020 WL 927534 (S.D.N.Y. Jan. 21, 2020) .............................................................................6

*Mason Tenders Dist. Council v. WTC Contracting, Inc.*,
  2011 WL 4348152 (S.D.N.Y. Sept. 16, 2011) .........................................................................9

*New York v. Green*,
  420 F.3d 99 (2d Cir. 2005) ................................................................................................2, 10

*Nexans Wires S.A. v. Sark-USA, Inc.*,
  166 F. App'x 559 (2d Cir. 2006) .............................................................................................7

*PRL USA Holdings, Inc. v. U.S. Polo Assoc.*,
  520 F.3d 109 (2d Cir. 2008) .....................................................................................................3

*Radio Music License Comm., Inc. v. Glob. Music Rts., LLC*,
  2019 WL 1437981 (E.D. Pa. Mar. 29, 2019) ...........................................................................3

*Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*,
  2020 WL 4497160 (S.D.N.Y. Aug. 5, 2020) ...........................................................................5

*Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*,
    22 F.4th 103 (2d Cir. 2021) ................................................................................................4

*Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*,
    241 F.R.D. 451 (S.D.N.Y. 2007) ...................................................................................9, 10

*United Pet Grp., Inc. v. Axon US, Corp.*,
    2013 WL 5592617 (E.D.N.Y. Oct. 10, 2013).....................................................................1, 2

*United States v. Goldstein*,
    2005 WL 323740 (S.D.N.Y. Feb. 9, 2005).............................................................................1

*Univ. Sports Pub. Co. v. Playmakers Media Co.*,
    725 F. Supp. 2d 378 (S.D.N.Y. 2010).....................................................................................7

**Statutes**

18 U.S.C. § 1030..............................................................................................................................7

**Other Authorities**

Fed. R. Evid. 408 ............................................................................................................................3

Plaintiff Google LLC ("Google") respectfully submits this reply in further support of Google's Motion for Default Judgment and Permanent Injunction.

## PRELIMINARY STATEMENT

In nearly fifty pages of briefing, Defendants Dmitry Starovikov and Alexander Filippov (together, "Defendants") fail to present *any* meritorious defense to Google's claims, let alone a complete defense as to each cause of action stated against them, as is their burden. That failure is sufficient to defeat their motion and warrant entry of default judgment. *See United Pet Grp., Inc. v. Axon US, Corp.*, 2013 WL 5592617, at *1 (E.D.N.Y. Oct. 10, 2013) ("The absence of a meritorious defense alone is sufficient" to warrant default judgment.); *United States v. Goldstein*, 2005 WL 323740, at *2 (S.D.N.Y. Feb. 9, 2005) (Defendants must "set forth a meritorious defense as to each cause of action in the complaint.").

Instead of presenting evidence that constitutes a complete defense to the allegations against them, Defendants distort and misquote their own declarations to manufacture denials where none exist. For example, Google's core allegation is that Defendants distributed malware to, among other things, steal personal account information. In their briefing, Defendants purport to quote their Declarations (at paragraphs 15 and 16) for the proposition that Defendants have denied "distribut[ing] malware to the devices of unwitting victims." Defs. Resp.[1] 2. But the quoted language does not appear in their Declarations, and neither do Defendants deny in their Declarations that they used the malware to steal user account information. While Defendants bear the burden to present "more than conclusory denials," they fail to do even that. *See* Google Br. 17

---

[1] Defendants' Memorandum of Law in Opposition to Google's Motion for Default Judgment and Permanent Injunction and in Further Support of Defendants' Motion to Vacate the Entry of Default and to Dismiss is cited as "Defs. Resp. __." Google's Memorandum of Law in Opposition to Defendants' Motion to Vacate the Entry of Default and to Dismiss and In Support of Google's Motion for Default Judgment and Permanent Injunction is cited herein as "Google Br. __."

(quoting *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 455 (S.D.N.Y. 2007)); *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005). Therefore, they cannot avoid default judgment, and Defendants' willfulness and the prejudice to Google that would result from further delay support the same result.

Google has also established that a permanent injunction is warranted against Defendants. If the Court agrees, it need not reach the question whether default judgment and a permanent injunction are required against the Doe Defendants. In the event default against Starovikov and Filippov is set aside, default judgment is warranted against the Doe Defendants.

**ARGUMENT**

**I.   Google Is Entitled To Default Judgment Against Defendants.**

    **A.   Defendants have no meritorious defense.**

Defendants do not dispute that "[t]he absence of a meritorious defense alone is sufficient to warrant" entry of default judgment and denial of a motion to vacate. *United Pet Grp.*, 2013 WL 5592617, at *1. They fail to present one. Therefore, default judgment is warranted against them.

    **1.   Defendants fail to establish a meritorious defense under Rule 12(b)(2).**

Defendants repeatedly and unambiguously consented to personal jurisdiction—both to Google's counsel and to the Court. *See* Google Br. 10. In his email to Google's counsel, defense counsel first requested that Google withdraw its motion for default judgment. He then stated separately that Defendants "will consent to personal jurisdiction in this matter." 3/25/22 Harris Decl., Ex. 12 at 7; *see also id.*, Ex. 13. (Mar. 1, 2022 Hr'g Tr. at 5:15-19). Defendants' insistence that those words actually meant "waive improper service of process," Defs. Resp. 4, is contrary to the words' plain meaning. *See Corporacion Mexicana De Mantenimiento Integral v. Pemex-Exploracion Y Produccion*, 832 F.3d 92, 102 (2d Cir. 2016) (defendants "waive or forfeit a personal jurisdiction defense" where they "give a plaintiff a reasonable expectation that [they] will

2

defend the suit on the merits").

Whether defense counsel's statements to Google were made pursuant to Federal Rule of Evidence 408 is irrelevant. That Rule prohibits the use of statements in settlement negotiations only to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Google is not using defense counsel's statements for those purposes, and the rule expressly permits the use of statements for "another purpose." *Id.* 408(b); *see also, e.g.*, *PRL USA Holdings, Inc. v. U.S. Polo Assoc.*, 520 F.3d 109, 114 (2d Cir. 2008); *Radio Music License Comm., Inc. v. Glob. Music Rts., LLC*, 2019 WL 1437981, at *15 (E.D. Pa. Mar. 29, 2019) ("Courts have permitted compromise negotiations subject to Rule 408 to be used to establish personal jurisdiction.").

In any event, Defendants ignore their extensive contacts with the United States and New York. *See* Google Br. 9-12 (citing Huntley Decl. ¶¶ 13, 32, 92). For example, Dont.farm advertised access to stolen accounts in the United States as a "premium" service. *See, e.g.*, 3/25/22 Harris Decl., Ex. 36. And thousands of Glupteba-infected devices in New York City have connected to the Enterprise's domains through Google's DNS alone. Huntley Decl. ¶ 92. Even Defendants concede that "it is plausible to assume that there were instances of downloading Glupteba malware in the United States." Defs. Resp. 5-6; *see also* Defs. Decls. ¶ 9.

There is also significant evidence of Defendants' personal roles in the Enterprise. Voltronwork.com, for example, has served as a development hub for the Enterprise's other storefront websites (such as Dont.farm) and was linked to the Glupteba malware's code. Huntley Decl. ¶¶ 81-85. Defendant Filippov had multiple email accounts associated with the Google Workspace accounts for Voltronwork.com, Dont.farm, and Undefined.team (the successor website to Voltronwork.com). *Id.* ¶¶ 83, 89. Defendant Starovikov also had email accounts under the

3

Voltronwork.com and other Enterprise domains, and acts as the administrator for the Voltronwork.com Google Workspace account. *Id.* ¶ 88. Critically, *each Defendant admits that he works with the entities and domains used to perpetrate the criminal schemes*. *See* Defs. Decls. ¶¶ 9-10 (acknowledging Defendants' work for Valtron LLC and detailing its "products" Voltronwork, undefined.team, Extracard, and Awmproxy). Infecting thousands of devices in New York with malware, stealing account credentials from those devices, and selling access to those accounts is sufficient to subject Defendants to jurisdiction here because they expected or "should have reasonably expected [their] acts to have consequences in New York," and their co-conspirators' contacts with the state in furtherance of the conspiracy are also imputed to them. *See, e.g.*, *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 102, 106 (S.D.N.Y. 2015) (personal jurisdiction where "approximately 1%" of roughly thirty thousand email recipients were New York residents); *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 123 (2d Cir. 2021); Google Br. 10-12 (citing additional cases).

    **2. Defendants fail to establish a meritorious defense under Rule 12(b)(5).**

Defendants do not dispute that courts can order service by alternative means. *See* Google Br. 12-13 (citing cases). They do not dispute that the methods Google used to effect service were approved by the Court. And *by his own admission*, Filippov received service through a text message with a link to Google's Complaint, the Summons, and the TRO materials, but then chose to delete it. Google Br. 5, 12 (citing 3/25/22 Harris Decl. ¶¶ 28-29). Google also effected service by WhatsApp message to a telephone number associated with Starovikov and sent hard copies of the materials to the advertised address of Valtron LLC, Defendants' employer.[2] *Id.*; 2/7/22 Harris

---

[2] Defendants' conclusory and unsworn denials of their affiliations with Federation Tower, *see* Defs. Resp. 6, are contradicted by the ample evidence detailing both the Enterprise's operations there and Starovikov's and Filippov's direct connections to several of the entities associated with that address. *See* Huntley Decl. ¶¶ 80-81, 85, 87-89.

Decl. ¶¶ 5-7, 14-18. Each of these methods of service was approved by the Court. *See* TRO ¶ 18.

Google's service was proper because it was effectuated by alternative means "pursuant to the order of service," *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, 2020 WL 4497160, at *6 (S.D.N.Y. Aug. 5, 2020), and was "reasonably calculated to apprise [Defendants] of the pendency of this action," *Burda Media, Inc. v. Blumenberg*, 2004 WL 1110419, at *9 (S.D.N.Y. May 18, 2004); *see also* Google Br. at 12-13 (citing additional cases). For all of these reasons, Defendants' 12(b)(5) defense is both legally insufficient and factually incorrect.

### 3. Defendants fail to establish a meritorious defense under Rule 12(b)(6).

Defendants must "set forth a meritorious defense as to each cause of action in the complaint," particularly where, as here, each claim individually supports Google's requested permanent injunctive relief. Google Br. 13 (quoting *Goldstein*, 2005 WL 323740, at *2). They must "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Id.* 17 (quoting *Green*, 420 F.3d at 109). Because Defendants have done neither, the Court should enter default judgment against them.[3]

**RICO.** Defendants abandon their argument that Google has not established an "enterprise," and instead raise four other arguments, *see* Defs. Resp. 9-12, some of which are new and raised improperly on reply.[4] All are deficient, and none establishes a complete defense.

---

[3] Although Defendants style their arguments as pleading deficiencies arising under Rule 12(b)(6), certain of their arguments rely on their declarations as well, *see, e.g.*, Defs. Resp. 8 (arguing that Defendants merely leased accounts for resale). Regardless, Defendants' arguments have no legal merit, and their conclusory facts provide no complete, meritorious defense.

[4] Defendants assert numerous arguments in their response that they omitted from their opening motion. These arguments all fail on their own terms, but the Court need not consider them because it "is plainly improper" to assert new bases for meritorious defenses that were "available to [Defendants] at the time that [they] filed [their] motion" since establishing a meritorious defense is "necessary in order for [Defendants] to meet [their] burden." *See, e.g.*, *Kravitz v. Binda*, 2020 WL 927534, at *4 (S.D.N.Y. Jan. 21, 2020).

5

*First*, "the operation or management test presents a relatively low hurdle for plaintiffs to clear." *D'Addario v. D'Addario*, 901 F.3d 80, 103 (2d Cir. 2018) (cleaned up). And Google has established that Defendants did far more than merely provide goods and services. Defendants served as key administrators of the Enterprise's primary storefronts, acknowledged having insight into their management and "intentions," and had unique access to command and control ("C2") infrastructure. *See* Huntley Decl. ¶¶ 86-89; Defs. Decls. ¶¶ 9, 17; *see also supra* § I.A.1.

*Second*, Defendants' conduct proximately and foreseeably caused harm to Google by threatening the security of Google's systems and its reputation for security, and impairing users' confidence in Google, its services, and its platforms. Huntley Decl. ¶ 93-94. Defendants' conduct also directly caused Google to spend thousands of hours and over $100,000 to protect itself and its users. *Id.* ¶ 95; *see also Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 327 (2d Cir. 2011).

*Third*, Defendants raise a meritless, one-sentence challenge to RICO conspiracy by relying on a case that does not even address RICO conspiracy. *See* Defs. Resp. 11 (citing *McDonough v. National Home Ins. Co.*, 108 F.3d 174, 177 (8th Cir. 1997)). Google has established a RICO conspiracy claim. *See* Google Br. 15.

*Fourth*, Defendants' extraterritoriality argument again ignores the requisite standard, and asserts without support that Google has not pled its access device fraud claim. The Complaint details the scheme extensively. *See* Compl. ¶¶ 53-65; 135; *see also* Google Br. 15-16.

**CFAA.** Defendants' principal response to Google's CFAA claim is that some account owners may have "voluntarily" provided access to their accounts to Dont.farm. This does not rebut Google's allegation or its evidence that Defendants "*also* infected devices with malware, stole user account information, and provided access to the stolen accounts via Dont.farm," Google Br. 16, in violation of the CFAA.

Defendants' arguments as to the statute's "loss" requirements are likewise meritless and confuse the statute's elements with the issue of damages (which Google does not claim, *see* Google Br. 25). The CFAA's private right of action exists where "the conduct involves 1 of the factors" in subsection 1030(c)(4)(A)(i), *see* 18 U.S.C. § 1030(g), such as where the CFAA violation caused "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." *Id*. § 1030(c)(4)(A)(i)(I). "Loss" under the CFAA is satisfied where the plaintiff can establish "the costs of investigating security breaches," *Univ. Sports Pub. Co. v. Playmakers Media Co.*, 725 F. Supp. 2d 378, 387 (S.D.N.Y. 2010), and "preventative security measures or inspections," *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 563 (2d Cir. 2006); *see also* 18 U.S.C. § 1030(e)(11). Google has satisfied that requirement, *see* Huntley Decl. ¶ 95, and default judgment against Defendants is warranted under the CFAA.

**ECPA and Unjust Enrichment.** To rebut these claims, Defendants again rely on their argument that some account owners gave access to their accounts "voluntarily." Regardless, Google has alleged and established that Defendants *stole* information from users and sold access to those stolen accounts. Defendants do not deny this.

**Lanham Act.** Defendants' two-sentence, conclusory argument is inaccurate and unavailing. First, Defendants' Declarations do not assert that Defendants did not participate in any "activity that allegedly violated Google Trademark(s)." Defs. Resp. 14. Rather, they state they are "not aware of what Google called 'Disruptive Ad Scheme'" and "[t]o the best of [their] knowledge, [they] never came across or participated in the alleged activity." Defs. Decls. ¶ 15. This conclusory denial says nothing of Defendants' knowledge of the misleading use of Google's trademarks to trick users into downloading the Glupteba malware. *See* Compl. ¶¶ 32-34, 160-85; Huntley Decl. ¶¶ 23-25. Defendants therefore do not meet their burden to present a meritorious defense.

***Tortious Interference.*** Defendants do not dispute that a showing of malice is not required for Google's tortious interference claim. *See* Google Br. 17; Defs. Resp. 14. Defendants therefore fail to present a meritorious defense on this claim as well.

### 4. Defendants fail to establish a meritorious *forum non conveniens* defense.

Defendants' arguments concerning *forum non conveniens* remain meritless. *See* Defs. Resp. 14-16. The court's deference to a plaintiff's choice of forum is at its "most deferential" where, as here, the plaintiff sues a foreign defendant in the United States and the alternative forum is foreign. Google Br. 18. Defendants' arguments that Google engaged in "forum shopping" are baseless and rely on a single case vacating a dismissal pursuant to *forum non conveniens*. Defs. Resp. 16 (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 70 (2d Cir. 2001)). Google and this lawsuit both have a "bona fide connection to the United States." *See Iragorri*, 74 F.3d at 70.

Defendants also fail to make a required showing for *forum non conveniens*: that the alternative forum "permits litigation of the subject matter of the dispute." Google Br. 18. While Defendants discuss irrelevant intellectual property concepts, they fail to show that Russian law adequately addresses the underlying controversy.

Finally, Defendants fail to show why litigating in Russia would reduce any hardship on the parties, or how Russia's interests outweigh the United States' in combating organized cybercrime. *See* Google Br. 19 (citing cases).[5]

### B. Defendants' default was willful.

Defendants insist that they did not ignore this lawsuit deliberately because doing so would be "illogical," *see* Defs. Resp. 4, but they fail to address the many facts suggesting otherwise or

---

[5] Defendants' claim that Google's counsel has an office in Moscow, Russia is both irrelevant and false. *See King & Spalding to Close Moscow Office in Summer 2021*, Law.com (Mar. 30, 2021), https://www.law.com/international-edition/2021/03/30/king-spalding-to-close-moscow-office-in-summer-2021/.

8

the case law confirming that such circumstances demonstrate willfulness. *See* Google Br. 20-21. Defendants do not address, for example, that as Google acted to disrupt the Enterprise pursuant to the TRO and preliminary injunction order, Defendants confronted widespread outages of their primary storefronts, the C2 servers, and the Google email accounts/workspaces Defendants used in connection with the Enterprise. *Id.* 20. Nor do they respond to the fact that an online forum informed Dont.farm of the allegations in the lawsuit and froze its ad account. *Id.* 21. Nor do they address the implausibility of their claimed lack of knowledge of the lawsuit given its extensive coverage by Russian-language media specifically naming the Defendants. *Id.* The totality of the circumstances suggests that Defendants knew about this lawsuit but chose not to participate until after entry of default. *See, e.g.*, *Mason Tenders Dist. Council v. WTC Contracting, Inc.*, 2011 WL 4348152, at *3 (S.D.N.Y. Sept. 16, 2011).

### C. Google would be prejudiced by the denial of its motion for default judgment.

A prejudice analysis is not required given Defendants' failure to present complete, meritorious defenses to each of the claims against them. *See* Google Br. 8, 22. Regardless, vacating the Entry of Default *would* prejudice Google, which continues to be impacted by the Enterprise's operations. The question is not simply whether Defendants' default has prejudiced Google (although it has, *see* Google Br. 22), but whether vacating default would allow Defendants to perpetrate their criminal activities "in the future." *Todtman*, 241 F.R.D. at 455.

Vacating the entry of default would allow Defendants to do just that, and Defendants offer no argument to the contrary. Defendants do not refute that, in violation of the Court's orders, the Enterprise has attempted to reconstitute the botnet by establishing new C2 servers and directing infected devices to those servers through the blockchain. And Defendants' attempt to disclaim responsibility for the Enterprise's activities, *see* Defs. Resp. 17, is contradicted by the evidence connecting Defendants to the botnet's C2 servers, the Enterprise's primary corporate entities, the

9

very domains used to carry out the Enterprise's criminal schemes, *see* Huntley Decl. ¶¶ 78-89, and by Defendants' own admissions, Defs. Decls. ¶¶ 9-10. Additional delay threatens to inflict further harm on Google and its users, frustrate Google's attempts to disable the botnet, and embolden the Enterprise's evasion efforts. *See Todtman*, 241 F.R.D. at 455 (finding prejudice where defendant violated the court's TRO); *see also Green*, 420 F.3d at 110 (prejudice found where delay "may thwart plaintiff's recovery or remedy").

## II.   Google Is Entitled To A Permanent Injunction.

Defendants do not respond to Google's arguments in favor of a permanent injunction. Instead, they reassert their personal jurisdiction arguments, which are meritless. *See supra* § I.A.1.

## III.   Default Judgment and A Permanent Injunction Are Warranted Against The Doe Defendants.

The Court need not reach the issue whether default judgment should be entered against the Doe Defendants here if it enters the proposed default judgment and permanent injunction against Starovikov or Filippov, as the relief Google requests equally applies to others acting in concert with Defendants. *See* Proposed Order at 12, 14. In any event, the Clerk has entered default as to all defendants, *see* ECF 38, the Doe Defendants have failed to appear or respond, and default judgment and permanent injunctive relief are warranted against the Doe defendants as well. *See* Google Br. 25 n.6 (citing cases); Default J. and Permanent Inj., *Hermes Int'l v. John Doe 1*, 12-cv-01623-DLC (S.D.N.Y. Apr. 30, 2012) (ECF 14) (Cote, J.).

## CONCLUSION

For the foregoing reasons, this Court should enter default judgment and issue a permanent injunction against both Defendants and the Doe Defendants.

| | |
|---|---|
| DATED: April 15, 2022 | Respectfully submitted, |

                                                                 */s/ Laura Harris*
Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew L. Bush
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
amichaelson@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com

Sumon Dantiki (*pro hac vice*)
David P. Mattern (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com
dmattern@kslaw.com

*Counsel for Plaintiff Google LLC*