# *THE LITVAK LAW FIRM, PLLC*

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM

June 3rd, 2022

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC

Dear Judge Cote:

I represent defendants Dmitry Starovikov and Alexander Filippov (hereinafter, "Defendants") in the above-referenced matter. I write this letter pursuant to Your Honor's request to state Defendants' position regarding the location of the depositions to take place in June or July.

First, Defendants related to me that they do not have Russian international passports, without which they simply are not able to travel internationally. Upon information and belief, it takes approximately 3-4 months to obtain such passports. Further, any travel to the United States would require a U.S. visa, obtaining which would be impossible since the U.S. Embassy stopped issuing nonimmigrant visas in Russia. See https://ru.usembassy.gov/ ("Please note that the U.S. Embassy in Moscow is currently not processing immigrant or nonimmigrant visas due to Russian government restrictions on Embassy."). As such, due to circumstances beyond the Defendants' control, they simply could not travel overseas in the next two months. Still, some countries, for example, the Republic of Kazakhstan, accept Russian visitors holding only Russian internal passports. Therefore, should the Court find it necessary for Defendants to be deposed outside of Russia, they are willing to travel to the Republic of Kazakhstan for their depositions.

Second, case law suggests that Defendants' depositions cannot be conducted in

Russia by videoconference as this arrangement would violate "the Federal Rules of Civil Procedure, which require foreign depositions to take place under a treaty, or in front of a court officer. Fed.R.Civ.P. 28(b)(1)," <u>Interlabservice, OOO v. Illumina</u>, Inc., 15-cv-02171-KSC, Doc. 36 at 5 (S.D. Cal. Sep. 19, 2017), because "the United States has not accepted Russia's accession to the Hague Convention insofar as it relates to taking evidence," <u>SEC v. Collectors's Coffee Inc</u>. at al, 19 Civ. 4355 (LGS) 2020 WL 4034733 (S.D. N.Y. July 17, 2020), and "the Russian Federation does not permit the taking of voluntary depositions of willing witnesses in civil and commercial matters," see <u>https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html</u>.

Parties were not able to reach an agreement regarding location of Defendants' depositions. However, Defendants have no choice other than traveling to the Republic of Kazakhstan, which is a party to Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, see <u>https://www.hcch.net/en/news-archive/details/?varevent=559</u>, for their in-person or virtual depositions. Undersigned counsel believes this is the only available option.

Thank you for your attention to this letter.

                                                      Respectfully,

                                                      s/ Igor Litvak

                                                      Igor Litvak, Esq.

cc: Counsel of Record (via ECF)