# THE LITVAK LAW FIRM, PLLC

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM

June 3rd, 2022

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC

Dear Judge Cote:

I represent defendants Dmitry Starovikov and Alexander Filippov (hereinafter, "Defendants") in the above-referenced matter. I have no choice but to submit this reply letter to address various factual inaccuracies, flaws, and *ad hominem* attacks made in Plaintiff's most recent submission. ECF No. 74.

First, upon information and belief, there is no Russian law that prohibits a deposition from being taken in the Russian Federation. The real issue is that the United States has not accepted Russia's accession to the Hague Convention insofar as it relates to taking evidence; therefore, any deposition taken in Russia would violate the Federal Rules of Civil Procedure, which require foreign depositions to take place under a treaty, or in front of a court officer. Fed.R.Civ.P. 28(b)(1). Since the United States has not accepted Russia's accession to the Hague Convention, Defendants cannot be deposed in Russia pursuant to the convention or in front of a court officer.

Second, neither Defendants nor their counsel did anything to suggest that Defendants are abusing discovery process. In fact, it appears that Google is the one with no intention to litigate this case and is the one who is abusing the court process.

Immediately following the June 1st, 2022 conference, the parties met and conferred in the jury room. During the conference, Google's lead counsel Laura Harris made it clear that Google wanted to settle this case because it did not want to disclose discovery to Defendants, believing that such disclosures would be used by Defendants for some illicit purposes. This clearly shows that Google filed this case assuming Defendants would never appear in the matter, and that it would be able to get a default judgment without litigating it.

Faced with our opposition, Google began stumbling, trying to keep the notice of default intact. Google's lead counsel Laura Harris even attempted to mislead the Court by claiming that Defendants waived personal jurisdiction, even though the email and all communications clearly stated that Defendants would waive jurisdiction on the condition **only if** Google vacated the notice of default. Such behavior is borderline unethical and shows the extent Google will go to achieve its goals.

       Now, faced with the prospect of discovery, Google is trying to get another default only because Defendants do not have international passports and do not currently have a U.S. visa to travel to the U.S. To the best of my memory, I did express to Laura Harris during a meeting that my clients are concerned about going to a country with an extradition treaty with the U.S., but I never categorically stated that they would not travel to such a country. Furthermore, there is no evidence that Defendants were indicted or wanted by U.S. authorities. Defendants maintain that if they can get U.S. visas, they are willing to come to the U.S. for a trial, and right now, I have no reason to doubt those assertions.

       Third, Defendants proposed to Google a reasonable location for the depositions, either Belarus or Kazakhstan. Google attorneys initially were receptive to the idea of holding depositions in Kazakhstan, as the country has a U.S. embassy and is a member of the Hague Convention. This makes Kazakhstan the only alternative since it is also the only country to which Defendants can travel using their internal Russian passports. Defendants are willing to appear for a deposition in Kazakhstan, and Google has no good reason why it cannot accommodate that. Defendants will immediately apply for international Russian passports, which will take about 3-4 months to obtain. Once they have their international passports, they will do their best affords to obtain U.S. visas so they can attend the trial in person in US. Therefore, until they are able to come to the U.S., the depositions should take place in Kazakhstan.

       Lastly, I would like to address the interview Google refers to posted on YouTube on April 16th, 2022. The interview was actually recorded over two years ago for a Russian documentary about Russian hackers and only posted on YouTube on April 16th. In the movie, I answered various questions from the film director on various topics concerning Russian hackers and cybercrime. I represented individuals charged with some of the largest cybercrimes in the U.S., so I discussed various topics related to cybercrime. The interview was done for a movie and for Google to now use various statements, taken out of context, to justify its claim that Defendants have no intention of litigating this case is just unconscionable.

       Defendants respectfully request that the Court order the depositions to take place in Kazakhstan as the only country available for depositions until Defendants receive their international passports.[1]

Thank you for your attention to this letter.

Respectfully,

cc: Counsel of Record (via ECF)

s/ Igor Litvak
Igor Litvak, Esq.

---

[1] Google filed its letter at 12:34pm, past the Court's deadline for the filing, which was 12p.m., to take advantage of adjusting their position upon reviewing my letter; therefore, the court should not even consider Google's belated letter in making its determination.