```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
GOOGLE LLC,                               :
                                          :   21cv10260 (DLC)
                    Plaintiff,            :
                                          :       ORDER
          -v-                             :
                                          :
DIMTRY STAROVIKOV, ALEXANDER FILIPPOV,    :
and DOES 1-15,                            :
                                          :
                    Defendants.           :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

In March 1, this Court held a conference to discuss the defendants' intended motion to vacate the entry of default against them.  At the conference, the defendants represented that they would be willing to submit to the Court's personal jurisdiction if the plaintiff vacated the entry of default against them.  Google did not consent to vacate the entry of default.

In their motion to vacate the entry of default, however, the defendants stated that they would be unable to come to the United States because many countries have banned Russian flights from using their airspace.  In its Opinion of April 27, this Court vacated the default.  In doing so, the Court noted that the defendants had not shown that they would be unable to travel

1

to a country outside Russia.  Google LLC v. Starovikov, No. 21CV10260, 2022 WL 1239656, at *5 (S.D.N.Y. Apr. 27, 2022).

At the initial pretrial conference held on June 1, a schedule was set for discovery.  The parties had agreed to proceed with two tranches of fact discovery in which the two defendants would each be deposed twice.  The first tranche would be principally addressed to the identification of John Doe defendants.  The parties agreed to a discovery schedule in which the defendants would first be deposed by the end of July.

During the June 1 conference, Google stated its intention to depose the defendants in the United States.  The defendants again stated that they could not be deposed in the United States due to bans on Russian air traffic, and added that they would be unable to secure a visa to travel to the United States.  The plaintiff represented that it had provided the defendants with at least two alternative countries at which the defendants could be deposed, but the defendants had not agreed to either location.  The defendants insisted, however, that if there were a way for them to appear in the United States at trial, they would be willing to do so.

The parties were ordered to provide the Court with a letter by June 3 either stating the location at which the defendants would be deposed or explaining why the parties could not reach an agreement as to the location.  On June 3, the parties

submitted letters explaining that they had failed to reach an agreement as to the country in which the defendants would be deposed.  In the defendants' letters, the defendants stated that they could only be deposed in Russia, Kazakhstan, or Belarus because they lacked international passports, which would take several months to obtain.  This was the first indication to the Court that the defendants lacked international passports and had not yet applied for them.  The defendants also expressed concern over traveling to countries from which they could be extradited.  The plaintiff represents that defense counsel advised Google following the June 3 conference that the defendants were unwilling to travel to any country from which they may be extradited.

Attached to the plaintiff's June 3 submission is a transcript of a 2020 interview of defense counsel that can be found on YouTube.  In that interview, defense counsel describes steps that hackers should take to avoid international prosecution.

Based on the proceedings to date there is reason to believe that the defendants appeared before this Court and moved to vacate their default to obtain discovery of Google's investigation of their activities and to learn whether they could circumvent the steps Google has taken to block the malware described in its complaint.  There is also reason to believe

3

that the defendants will not participate in good faith in the discovery process and that their counsel has not been candid with the Court. To defend this action, the defendants must be willing to submit to examination in the United States, both before trial and at trial. Accordingly, it is hereby

ORDERED that the pretrial scheduling Order of June 1 is vacated and all discovery of the plaintiff is stayed.

IT IS FURTHER ORDERED that the defendants shall comply with their Rule 26(a)(1), Fed. R. Civ. P., initial disclosure obligations by **June 17, 2022**.

IT IS FURTHER ORDERED that the plaintiff shall submit a letter by **June 10, 2022** providing three countries in Europe at which they would be willing and able to depose the defendants during the first tranche of fact discovery. The defendants shall advise the Court by **June 14, 2022** whether they will submit to a deposition in one of those three countries and shall proceed diligently to make the necessary arrangements to do so by the end of July.

SO ORDERED:

Dated:   New York, New York
         June 9, 2022

                                    _____
                                            DENISE COTE
                                    United States District Judge