UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>            *Plaintiff*,<br><br>v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1–15,<br><br>            *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

## GOOGLE LLC'S REQUEST FOR ENTRY OF DEFAULT AGAINST DOE DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff Google LLC ("Google") requests that the Clerk of the Court enter default against Does 1–15 (the "Doe Defendants").

As detailed below, Google served the Doe Defendants with Google's Complaint and all supporting exhibits and evidence, the Doe Summons, the Temporary Restraining Order, the Preliminary Injunction, the Order authorizing service on the Doe Defendants, and additional supporting materials, using methods authorized by the Court pursuant to Fed. R. Civ. P. 4(f)(3). *See* ECF No. 65 (authorizing alternative methods of service, including through email, text message, and publication on a publicly available website). These methods were reasonably calculated to provide Defendants with notice of these proceedings. The Doe Defendants have been aware of this action since at least May 12, 2022—and likely as early as December 9, 2021—

but have failed to appear in this suit or otherwise respond to Google's allegations. The time to do so has now expired and Google hereby requests entry of default.

Upon entry of default, Google intends to file a motion for default judgment and permanent injunction pursuant to Fed. R. Civ. P. 55(b)(2).

## I. STATEMENT OF FACTS

### A. Procedural History

This action arises out of Defendants' distribution and use of malware in violation of federal and state law. The Glupteba malware has infected more than a million electronic devices. The Doe Defendants and their co-conspirators (the "Enterprise") distribute this malware, steal information from infected devices, and use the infected devices and stolen information in furtherance of a number of schemes, including (i) the unauthorized use and sale of Google users' login and account information, (ii) the sale of credit cards to make fraudulent purchases of ads or services from Google and other web-based companies, (iii) the sale of disruptive advertisements on infected devices, (iv) the sale of access to victims' infected devices for use as proxies, and (v) the hijacking of computer processing power to generate cryptocurrency.

On December 2, 2021, Google filed its Complaint and the Court entered a TRO enjoining Defendants' botnet-related activities, under seal. *See* ECF No. 8. The matter was ordered unsealed on December 6, 2021, and the Complaint and TRO were publicly filed on the docket on December 7, 2021. On December 16, 2021, the Court entered a Preliminary Injunction Order. *See* ECF No. 17.

B. <u>Service of Process</u>

On May 5, 2022, the Court authorized service of the Doe Defendants by email, text message, and internet publication, pursuant to Rule 4(f)(3). *See* ECF No. 65. On May 12, 2022, Google effectuated service on the Doe Defendants by publication, and on May 13, 2022, Google served Defendants by email, text message, and WhatsApp to phone numbers and email addresses known to be associated with the Enterprise. Declaration of Laura Harris ("Harris Decl.") ¶¶ 3–18.

C. <u>Additional Means of Notification</u>

In addition to Google's service efforts, the Doe Defendants have undoubtedly learned of this action through other means. First, immediately upon its unsealing, this case generated substantial global press attention, including in The Washington Post, the BBC, Al Jazeera, and most importantly, in Russia. *Id.* ¶ 22. This media coverage—including in Russia—identified by name the Doe Defendants' co-conspirators, named Defendants Starovikov and Filippov, mentioned numerous of the Enterprise's storefront websites, and detailed the Enterprise's illegal racketeering activity. *Id.*

Second, pursuant to the TRO and Preliminary Injunction Order, Google has engaged in extensive efforts to disrupt Defendants' botnet activities. Google's efforts have resulted in the suspension of nearly 100 domains and IP addresses associated with Defendants' operation of the botnet, and caused one of their most prominent illicit storefronts, Dont.farm, to cease operations altogether. *Id.* ¶¶ 20–21.

Third, Defendants have affirmatively responded to these disruptions by attempting to establish five new command-and-control servers ("C2 servers") to maintain communications with infected devices. Google has taken action to suspend all five servers. *Id.*

Fourth, two prominent co-conspirators of the Doe Defendants—named Defendants Starovikov and Filippov—have acknowledged that they had actual notice of this lawsuit by January 2022 at the latest and have been actively litigating this case for the past four months. *Id.* ¶ 23.

## II.  LEGAL AUTHORITY

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Here, the Court found good cause to grant alternate means of service, including by email, text message, and internet publication. *See* ECF No. 65. Google successfully effectuated service using all three methods authorized by the Court, through a publicly available website and through email addresses and phone numbers that were reasonably calculated to notify the Doe Defendants of this Action. Harris. Decl. ¶¶ 3–18. These efforts were complete by no later than May 13, 2022. *Id.*

In addition, the Doe Defendants have actual notice of this action through other means, including the substantial global press, including in Russian state media, that detailed the Enterprise's racketeering activity, and the significant disruption efforts

undertaken by Google that have resulted in the suspension of nearly 100 domains and IP addresses associated with the Doe Defendants' operation and monetization of the botnet.

Notwithstanding such notice, the Doe Defendants have failed to enter an appearance or otherwise respond to Google's allegations. There has been no indication that the Doe Defendants intend to defend the litigation. Accordingly, entry of default against the Doe Defendants is proper. Fed. R. Civ. P. 55(a); *see also CKR Law LLP v. Anderson Invests. Int'l, LLC*, 2021 WL 2519500, at *5 (S.D.N.Y. June 21, 2021) ("Because the respondents had an obligation but failed to 'otherwise defend' against the petition, the first step—entry of default—was proper in this case.").

### III. CONCLUSION

For the foregoing reasons, Google requests entry of default against Does 1–15.

DATED: June 9, 2022					Respectfully submitted,

*/s/ Laura Harris*
Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew Bush
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com


Sumon Dantiki (admitted *pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com

*Counsel for Plaintiff Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Copies of the foregoing were also served on Defendants Starovikov and Filippov through counsel via ECF.

/s/ *Laura Harris*
Laura Harris
