UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>    *Plaintiff*,<br><br> v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1–15,<br><br>    *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

**DECLARATION OF LAURA HARRIS IN SUPPORT OF
GOOGLE LLC'S MOTION FOR DEFAULT JUDGMENT AND
<u>PERMANENT INJUNCTION AGAINST DOE DEFENDANTS</u>**

I, Laura Harris, hereby declare and state as follows:

1. I am an attorney with the law firm of King & Spalding LLP and counsel of record for Plaintiff Google LLC ("Google"). I am a member of good standing of the bar of New York. I make this declaration in support of Google's Request for Entry of Default. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

**I.    Doe Defendants Are on Notice of This Action and Have Not Responded**

2. In light of (a) Google's efforts to serve Doe Defendants by (a) email, text message (including by WhatsApp), and publication on a publicly available website, (b) widespread media coverage of this case, including in Russia, that specifically mentions Google's claims against Defendants Starovikov and Filippov and their unnamed associates, (c) Google's disruption of the botnet's activity and Defendants' actions in response thereto, and (d) two prominent co-conspirators' actual notice of, and participation in, this lawsuit, the Doe Defendants have been on notice of this action since at least January 2022 and likely earlier. Yet, to date, none of the Doe Defendants have appeared or contacted Google or its counsel in connection with this lawsuit. Upon information and belief, the Doe Defendants are not infants or incompetent persons. I base this conclusion in part on the fact that Doe Defendants have engaged in sophisticated acts of computer intrusion and theft of sensitive information from computer networks and have operated and procured sophisticated

cybercrime infrastructure. I have seen no indication that Doe Defendants are absent or have failed to file responsive pleadings due to present military service.

3. The true identities of the Doe Defendants are not ascertainable despite Google's diligent attempts to identify all defendants responsible for the Enterprise's criminal schemes. As noted in Google's Complaint and supporting materials, however, each of the fifteen Doe Defendants is responsible in some manner for the conduct detailed in Google's allegations, and each has agreed to become part of the Glupteba Enterprise. *See* **Exhibit 1**, ECF 5 (Compl.), ¶¶ 18, 111.

## II. Procedural History

4. On December 2, 2021, Google filed its Complaint, under seal. ECF 5. Google's Complaint alleged that Defendants had engaged in acts or practices that violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)–(d); the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030; the Electronic Communications Privacy Act, 18 U.S.C. § 2701; the Lanham Act, 15 U.S.C. §§ 1114, 1125; and common law theories of unfair competition and unjust enrichment. ECF 5, ¶¶ 105–199. Google's Complaint sought a judgment awarding (i) actual damages, (ii) enhanced, exemplary, and special damages, and (iii) attorneys' fees and costs*, see* ECF 5 (Prayer for Relief, G–I); however, Google has withdrawn its request for monetary damages in connection with its motion for Default Judgment and a Permanent Injunction.[1]

---

[1] Your Honor's Rules of Individual Practice in Civil Cases provides that a party seeking Default Judgment must provide an attorney's declaration setting forth certain evidence and legal authority relating to its request for damages. Because

5. That same day, December 2, 2021, the Court entered a Temporary Restraining Order ("TRO"), also under seal, enjoining Defendants' botnet-related activities. *See* ECF 8. The matter was ordered unsealed on December 6, 2021, and the Complaint and TRO were publicly filed on the docket on December 7, 2021. On December 16, 2021, the Court entered a Preliminary Injunction Order. *See* ECF 17.

6. On March 14, 2022, Defendants Alexander Filippov and Dmitry Starovikov filed a Motion to Set Aside Entry of Default against them. ECF 47. On March 25, 2022, Google filed an Opposition to the Motion Set Aside Entry of Default Judgment and filed a Motion for Default Judgment and Permanent Injunction. ECF 48-49. On April 27, 2022, the Court issued an Opinion and Order setting aside the entry of default against Defendants Alexander Filippov and Dmitry Starovikov. ECF 62.

7. On May 5, 2022, the Court granted Google's request to serve Doe Defendants by additional alternative means. ECF 65.

8. On May 11, 2022, Defendants Alexander Filippov and Dmitry Starovikov filed their Answer. *See* **Exhibit 2**, ECF 66 (Answer).

9. As discussed in detail below, the Doe summons, Google's Complaint, and supporting materials were served on Defendants Does 1–15 (the "Doe Defendants") by internet publication on May 12, 2022, and by text message, email, and WhatsApp message on May 13, 2022, and proof of service was filed on June 9, 2022. *See* ECF 65

---

Google has withdrawn its request for damages, Google has not addressed these sections of the Court's rules in this Declaration.

(Memo Endorsement authorizing service by alternative means); **Exhibit 3**, ECF 81 (Proof of Service).

10. On June 10, 2022, the Court entered Clerk's Certificate of Default as Doe Defendants. *See* **Exhibit 4**, ECF 85 (Entry of Default).

## III.  Service of Process

11. The Court found good cause to grant alternate service—specifically, by email, text message, and publication on a publicly available website, pursuant to Rule 4(f)(3), *see* ECF 65—and as described more fully below, the Doe Defendants have been properly served pursuant to the means authorized by the Court. *See* ECF 65.

### A. Identification of Doe Defendants' Email Addresses & Phone Numbers

12. In connection with the disruption of the botnet, Google served the Court's Temporary Restraining Order ("TRO") and Preliminary Injunction Order on the third-party internet domain registrars (the "registrars") and IP address hosting companies (the "ASNs") for the domains and IP addresses associated with the Enterprise. *See* ECF 8 at 12–15; ECF 5-1 (appendix listing registrars and ASNs for the Glupteba domains and IP addresses). Many of the registrars and ASNs provided contact information associated with the relevant accounts, including the email addresses and phone numbers used to register the domains or IP addresses in question.[2]

---

[2] The registrars and ASNs also provided information regarding registrants' physical mailing addresses. However, the majority of the physical addresses were in Russia, and as set forth in my letter to the Court requesting alternate means of service, due to Russia's recent invasion of Ukraine, physical mail is not practically available as a method of service in Russia. *See* ECF 64; UPS and FedEx halting shipments to Russia

13.     Pursuant to the Court's order, King & Spalding used this contact information to effectuate service on the Doe Defendants.

14.     I oversaw Google's efforts to provide service and notice to the Doe Defendants through the multiple channels identified below.

### B. Service by Publication

15.     Google also attempted to effectuate service by publication through a publicly available website, as authorized by the Court. ECF 65.

16.     On May 12, 2022, Google published the website https://www.serviceofprocess.xyz/glupteba, which contains links to all relevant pleadings and orders as well as contact information for Google's counsel.

17.     The website prominently displays the following text:

> Plaintiff Google LLC ("Google") has sued Defendants Dmitry Starovikov, Alexander Filippov, and Does 1-15 associated with the Internet domains listed in the pleading set forth below. Google alleges that Defendants have deployed the Glupteba malware to form a botnet—a network of internet-connected devices, each of which is infected by the Glupteba malware—to steal personal login information from Google customers; to facilitate the use of unfunded credit cards to purchase ads; to sell disruptive ads to display on infected devices; to sell access to infected devices to relay, or "proxy," communications; and to hijack computing power of infected devices to generate cryptocurrency. Google alleges that, through these actions, the Defendants have violated federal and state law. Google sought and received a preliminary injunction enjoining the Defendants from these and other activities and directing the registrars associated with Defendants' Internet domains to take all steps necessary to disable access to and operation of Glupteba-affiliated domains. Google intends to

---

and Ukraine, REUTERS (Feb. 27, 2022), https://www.reuters.com/business/autos-transportation/ups-fedex-halting-shipmentsrussiaukraine- 2022-02-27/.

> seek a permanent injunction and other equitable relief. Full copies of the pleading documents, related filings, and orders from the Court are available below.
>
> NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY! You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 21 days of the date of first publication specified herein. It must be in proper form and have proof of service on Google's attorney, Laura Harris, King & Spalding LLP, 1185 Ave. of the Americas, 34th Floor, New York, NY 10036. If you have questions, you should consult with your own attorney immediately.

18. A link to this website was also included in each service of process email and text message sent to the addresses and phone numbers believed to be associated with the Enterprise. Attached hereto as **Exhibit 5** is a true and correct copy of the website, www.serviceofprocess.xyz/glupteba.

### C. Service by Email

19. Google attempted to effectuate service by email, as authorized by the Court. *See* ECF 65. Google received from the registrars and ASNs twenty email addresses used to register domains associated with the Enterprise. I oversaw the process of sending notice of this lawsuit to each of these email addresses.

20. Each email attempting to effectuate service was sent by an attorney at King & Spalding with the following text:

> A lawsuit has been initiated against you in the United States District Court for the Southern District of New York. The following link contains copies of the restraining order, summons and complaint, and related filings.
>
> https://www.serviceofprocess.xyz/glupteba

>Regards,
>King & Spalding LLP

21. King & Spalding attempted to effectuate service by email, as described above, on May 13, 2022, at approximately 12:00 a.m. ET.

22. King & Spalding received delivery failure notifications for only five of the twenty emails sent. Fifteen of the emails were successfully delivered.

**D.    Service by Text Message**

23. Google also attempted to effectuate service by text message, as authorized by the Court. *See* ECF 65. Google received from the registrars and ASNs twenty-six phone numbers used in registering the domains associated with the Enterprise, and on May 13, 2022 at around 12:00 a.m. ET, I oversaw service of process to each of the phone numbers provided by the registrars and ASNs.

24. Only four of the twenty-six messages returned delivery failure notifications. Twenty-two text messages were successfully delivered.

25. On May 13, 2022 at around 12:00 a.m. ET, King & Spalding also attempted to effectuate service on the Doe Defendants by text message through the WhatsApp messaging platform. Four of the twenty-six phone numbers had WhatsApp accounts. Three of those four accounts opened the WhatsApp message sent to them. To date, King & Spalding has not received a response.

26. Each of the text messages and WhatsApp messages sent to Defendants contained the text and hyperlink identified above, *see supra* ¶ 20.

**IV.    Additional Means of Notification**

27. Upon information and belief, the Doe Defendants also have actual notice of this proceeding given the impact of the TRO, the Preliminary Injunction Order, and Google's disruption efforts thereunder.

28. Following the Court's issuance of the TRO on December 7, 2021, Google began its efforts to suspend the Internet domains and IP addresses associated with the Glupteba botnet and the Enterprise. As detailed in Google's January 31, 2022 Status Update, *see* ECF 32, Google's efforts have led to the suspension or disruption of nearly 100 domains and IP addresses associated with the Glupteba Enterprise, including but not limited to (i) all seven of the originally identified command-and-control servers ("C2 servers"), which the Enterprise uses to provide instructions to devices infected with the malware; (ii) fifteen domains associated with "storefronts" and developer recruitment sites that the Enterprise uses to effectuate illicit schemes; and (iii) fifty-seven domains associated with content delivery network servers ("CDN servers").

29. On or around December 13, 2021, the Enterprise ceased operating one of their most prominent storefronts, dont.farm, which the Enterprise had used to sell access to stolen Google user account information. Managers of dont.farm informed the storefront's customers that they were shutting down, and subsequently deleted the accounts that had been used to communicate with those customers. Further, in response to the suspension of the botnet's original C2 servers, the Enterprise has attempted to establish at least five new C2 servers and to direct infected devices to

the locations of these new C2 servers through the blockchain. Pursuant to the Court's orders, Google has taken action resulting in the suspension of all five new C2 servers.

30. Further, many of the world's most prominent newspapers and news websites have published stories concerning this case. Below are excerpts of this media coverage, including in Russia, detailing the claims against the Defendants, including the alleged involvement of unnamed Doe Defendants:

- "Google Filed A Lawsuit Against Two Russians Because Of Possible Participation In A Criminal Scheme," RUSSIAN NEWS AGENCY (Dec. 7, 2021), https://tass.ru/ekonomika/13137081 (Russian state media noting that Google "accused Dmitry Starovikov and Alexander Filippov, along with 15 other unnamed individuals, of creating the Glupteba botnet").

- J. Tarabay, "Google Sues Two Russians For Alleged Organised Crime Enterprise," AL JAZEERA (Dec. 7, 2021), https://www.aljazeera.com/economy/2021/12/7/google-suestwo-russians-for-alleged-organised-crime-enterprise ("In a complaint being unsealed Tuesday in the United States District Court for the Southern District of New York, Google names two defendants, Dmitry Starovikov and Alexander Filippov, as well as 15 unnamed individuals.").

- G. Vynck, "Google Disrupted A Massive Botnet That Hackers Used To Steal Information And Mine Cryptocurrency," THE WASHINGTON POST (Dec. 7, 2021), https://www.washingtonpost.com/technology/2021/12/07/google-glupteba-botnet-hack/ ("Google's lawsuit names two people — Dmitry Starovikov and Alexander Filippov — who it alleges are among the leaders who control the Glupteba network.").

- "Google Sues Alleged Russian Cyber Criminals," BBC NEWS (Dec. 7, 2021), https://www.bbc.com/news/world-us-canada- 59571417 ("According to a lawsuit filed in New York and unsealed on Tuesday, the botnet built by Dmitry Starovikov, Alexander Filippov and their associates has become a 'modern technological and borderless incarnation of organised crime.'")

31.     Finally, Doe Defendants would have inevitably learned of this lawsuit from their co-conspirators, Defendants Dmitry Starovikov and Alexander Filippov, both of whom have appeared in this case, filed an Answer to Google's Complaint, and acknowledged having actual notice of this lawsuit since at least January 2022. *See* ECF 47-2, 47-3, 66.

## V.     Damages

32.     Google's Complaint sought a judgment awarding (i) actual damages, (ii) enhanced, exemplary, and special damages, and (iii) attorneys' fees and costs, *see* ECF 5 (Prayer for Relief, G–I). Google has withdrawn its request for monetary damages against Doe Defendants.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 19, 2022 in New York, New York.

/s/ Laura Harris