UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
GOOGLE LLC,

                Plaintiff,              Civil Action No.: 1:21-cv-10260-
                                          DLC

- against -

DMITRY STAROVIKOV;
ALEXANDER FILIPPOV;
and Does 1-15,

                Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

/s/ Igor Litvak

_____

Igor Litvak, Esq.
Attorneys for Defendants
The Litvak Law Firm
1733 Sheepshead Bay Rd., Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
Email: Igor@LitvakLawNY.com

**TABLE OF CONTENTS**

Contents
PRELIMINARY STATEMENT .................................................................................2

1.   FACTUAL AND PROCEDURAL BACKGROUND ....................................3

2. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE DOE DEFENDANTS ..........................................4

  i. Default Judgment Against the Doe Defendants is Premature as the Case Involves Multiple Defendants ........................................................................4

  ii. Default Judgment Should be Denied Since the Doe Defendants Were NOT Properly Served ...............................................................................................7

  iii. Default Judgment Should be Denied Since Plaintiff  Has Not Established Liability Against the Doe Defendants. ..............................................................12

  iv. Default Judgment Against the Doe Defendants is Premature Since the Doe Defendants Could be Identified Through Discovery........................................13

3. PLAINTIFF IS NOT ENTITLED TO A PERMANENT INJUNCTION AGAINST THE DOE DEFENDANTS AT THIS STAGE OF PROCEEDINGS ...................................................................................................................15

CONCLUSION ...................................................................................................15

Defendants DMITRY STAROVIKOV AND ALEXANDER FILIPPOV (hereinafter, "<u>Defendants</u>"), respectfully submit the following memorandum of law in opposition to Plaintiff's Motion for a Default Judgment and Permanent Injunction against the Doe Defendants.

## PRELIMINARY STATEMENT

Defendants believe that default judgment against the Doe Defendants would substantially prejudice them in this litigation as Plaintiff would receive the almost exact injunctive relief it seeks against Defendants. As such, default judgment against the Doe Defendants is premature as the case involves multiple defendants, and therefore default judgment should not be entered against the Doe Defendants until the case has been adjudicated with regard to all Defendants. Thus, the Court should defer the entry of final judgment pending disposition as to the non-defaulting Defendants, so that the case can be resolved by one final, consistent judgment.

Moreover, default judgment against the Doe Defendants is inappropriate since Plaintiff failed to show that its purported "alternative" service was reasonably calculated to apprise the Doe Defendants of the pending action. It is not clear if the "contact information" Google purportedly used is a valid and functional conduit to serve the alleged Doe Defendants as there is no showing has been made that those "contacts" were ever used by the Doe Defendants.

Additionally, Plaintiff is not entitled to a default judgment against the Doe Defendants since Google has not established liability against the Doe Defendants as it fails to provide any non-conclusory proof of necessary facts supporting its claims against the Doe Defendants.

Finally, default judgment against the Doe Defendants is premature since the Doe Defendants may be identified through the upcoming discovery.

Critically,  the Court should deny Plaintiff's request for a permanent injunction against the Doe Defendants as any grant of the permanent injunction against the Doe Defendants is tantamount to a default judgment against known Defendants because Plaintiff would obtain the injunctive relief it seeks against them without even proceeding in this case.

### 1.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Google LLC ("Plaintiff") commenced this action on December 2, 2021, by filing a Complaint ("Complaint"), seeking compensatory and injunctive relief against the Defendants. To wit, the complaint alleging claims under (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)-(d) (Count I); (2) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count II); (3) the Electronic Communications Privacy Act, 18 U.S.C. § 2701 (Count III); (4) the Lanham Act (Count IV); (5) and common law theories of unfair competition and unjust enrichment (Counts V-VI). Subsequently, Plaintiff filed an Order to Show Cause seeking, *inter alia*, "injunctive and other relief to stop Defendants Dmitry Starovikov and Alexander Filippov, and Does 1 through 15- through their participation in, and operation of, the Glupteba Enterprise-from continuing to control and operate a botnet of over a million devices, continuing to distribute malware to infect new devices, and continuing to carry out criminal schemes." Dkt. 8 at 1.

Further, Plaintiff requested the Court to "grant alternative service of the filings in this matter via mail, email, text, and/or service through ICANN because Google establishes that traditional service methods would be futile." Id. at 9. The Court granted the request for alternative service by its Order dated December 16, 2021. Dkt. No. 17.

Subsequently, Plaintiff initiated default proceeding against Defendants and the Doe Defendants and the clerk filed the certificate of default on February 8, 2022. Dkt. 38. Defendant Dmitry Starovikov appeared on February 16, 2022, and Defendant Alexander

Filippov appeared on February 22, 2022. Dkt. Nos. 39, 40. On March 14, 2022, the Defendants

filed their motion to Set Aside Entry of Default. Dkt. 47. The Court granted the Defendants'

motion to set aside the entry of default. Dkt. 62. Moreover, in that Opinion and Order, the Court

denied Plaintiff's request for default judgment against the Doe Defendants stating that "Google

has not shown that the Doe Defendants were served, and the Certificate of Default states only

that defendants Starovikov and Filippov were served." Id. at 32.

On June 9, 2022, Plaintiff repeated its attempt to obtain default against the Doe

Defendants by filing a request for entry of default against the Doe Defendants. Dkt. 84. The clerk

filed the certificate of default on June 10, 2022. Dkt. 88, and, on July 19, 2022, Plaintiff filed its

current motion for default judgment against the Doe Defendants. Dkt. Nos. 92-95.

**2. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE DOE DEFENDANTS**

**i. Default Judgment Against the Doe Defendants is Premature as the Case Involves Multiple Defendants**

Defaults are not favored, particularly when the case presents issues of fact, and

doubts are to be resolved in favor of a trial on the merits. See Klapprott v. United States, 335

U.S. 601 (1949); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). As a general proposition,

where there are multiple defendants, judgment should not be entered against a defaulted

defendant until the case has been adjudicated with regard to all the defendants. This is consistent

with the United States Supreme Court's statement in Frow v. De La Vega, 82 U.S. 552, 554

(1872) that:

> [I]f the suit should be decided against the complainant on the
> merits, the bill will be dismissed as to all the defendants alike the
> defaulter as well as the others. If it be decided in the complainant's
> favor, he will then be entitled to a final decree against all. But a
> final decree on the merits against the defaulting defendant alone,
> pending the continuance of the cause, would be incongruous and
> illegal.

4

Accordingly, courts have determined that where Frow applies, a notice of

defendant's default may be docketed, "but entry of final judgment should be deferred pending

disposition as to the non-defaulting defendants, so that the case can be resolved by one final,

consistent judgment." Abbott Labs. V. Adelphia Supply United States, No. 15-CV-5826 (CBA)

(LB), 2020 U.S. Dist. LEXIS 241980, at 19-20 (E.D.N.Y. Dec. 23, 2020), Mitchell v. Lyons

Prof'l Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010). As this Court explained,

"[s]ubsequent interpretations have treated this holding narrowly, agreeing that it prohibits entry

of a default judgment "against one of several defendants (1) where the theory of recovery is one

of true joint liability, such that, as a matter of law, no one defendant may be liable unless all

defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be

effective, it must be granted against each and every defendant." Rivera v Mattingly, 06 Civ. 7077

(LAP) (HBP),  2017 U.S. Dist. LEXIS 98643, at 17-18 (S.D.N.Y. June 23, 2017). See also James

Wm. Moore, et al., Moore's Federal Practice ¶ 55.06 at 55-39 (2d ed. 1991) (citing, *inter alia*, In

re Uranium Antitrust Litig., 617 F.2d 1248, 1256-58 (7th Cir. 1980); Overfield v. Pennroad

Corp., 42 F. Supp. 586, 616-17 (E.D. Pa. 1941), supplemented, 48 F. Supp. 1008 (E.D. Pa.

1943), aff'd, 146 F.2d 889 (3d Cir. 1944), Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154

(3d Cir. 1986); Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc., 740 F.2d 1499, 1512

(11th Cir. 1984); Exquisite Form Indus., Inc. v. Exquisite Fabrics of London, 378 F. Supp. 403,

416 (S.D.N.Y. 1974).

Whether the theory of recovery is one of true joint liability or the nature of the

relief demanded is such that, in order to be effective, it must be granted against each and every

defendant, it is appropriate to enter a default, though not a judgment, against the defaulting party,

thereby barring his participation in further proceedings as to the merits. See Frow v. De La Vega,

82 U.S. at 554. Thus, if the remaining defendants prevail, the defaulting defendant would then be

exonerated, whereas if the plaintiff prevails on the merits, judgment would be entered against all defendants, including the defaulting party. See id.; Davis v. National Mortgage Corp., 349 F.2d 175, 178 (2d Cir. 1965); 6 Moore's Federal Practice, supra, at 55-40.

The Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2690 at 99. Moreover, the Frow principle has also been applied to cases in which the defendants are "similarly situated," but not jointly liable. See Hudson v. Universal Pictures Corp., No. 03-CV-1008 (FB)(LB), 2004 U.S. Dist. LEXIS 11508, 2004 WL 1205762 at 5 (E.D.N.Y. Apr. 29, 2004) ("To allow Hudson to recover a default judgment against one defendant [in a copyright infringement action] when claims against similarly situated co-defendants have been found to be meritless would be unseemly and absurd, as well as unauthorized by law. There is nothing in Hudson's complaint to indicate that Meyer's liability would hinge on some fact not applicable to any other defendant in this action." (internal quotation marks omitted)), aff'd sub nom., Hudson v. Imagine Entm't Corp., 128 F. App'x 178 (2d Cir. 2005) (summary order); Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., 01 Civ. 2950 (DAB)(DCF), 2005 U.S. Dist. LEXIS 19496, 2005 WL 2148925 at 14 (S.D.N.Y. Sept. 6, 2005) (Batts, D.J.) (granting summary judgment to appearing defendants in a trademark action, then granting summary judgment to defaulting defendants who were similarly situated as appearing defendants), aff'd sub nom., Diarama Trading Co. v. J. Walter Thompson, Inc., 194 F. App'x 81 (2d Cir. 2006) (summary order); see also 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2690 at 98 (the rule developed in Frow "probably can be extended to situations in which joint liability is not at issue but several defendants have closely related defenses"). In such cases, it would be incongruous to hold one party liable "when a court has determined that another party in essentially the same position is not." 10 Daniel R.

Coquillette, Gregory P. Joseph, Sol Schreiber, Georgene M. Vairo & Chilton D. Varner, Moore's

Federal Practice § 55.36 at 55-70 (3d ed. 2017).

Here, the rationale discussed above is squarely applicable under the circumstances

as known Defendants and the Doe Defendants are similarly situated since Plaintiff grouped them

all in the complaint dubbing them as the "Glupteba Enterprise." See, e.g., Dkt. 5 at ¶¶ 3, 18, 111.

("Defendants Dmitry Starovikov, Alexander Filippov, and other unknown individuals work in

concert to grow, control, and profit from the Glupteba botnet. Defendants and their criminal

enterprise (hereinafter referred to as the "Glupteba Enterprise" or the "Enterprise").

Moreover, the complaint assumes joint liability as it does not distinguish between

individual Defendants and the Doe Defendants in all causes of action. Finally, Plaintiff seeks

permanent injunctions against all Defendants. Compl. at 58 ("Plaintiff prays for judgment . . .

(C) A declaration that Defendants have violated Google's trademarks; (E) permanent injunctions

enjoining Defendants and their officers, directors, principals, agents, servants, employees,

successors, and assigns, and all persons and entities in active concert or participation with

them").

Therefore, the Court should defer the entry of final judgment pending disposition

as to the non-defaulting Defendants, so that the case can be" resolved by one final, consistent

judgment."

## ii. **Default Judgment Should be Denied Since the Doe Defendants Were NOT Properly Served**

Due process requires that service be reasonably calculated to apprise parties of the

action while affording them an opportunity to present objections. FTC v. Pecon Software Ltd.,

Nos. 12 Civ. 7186, 12 Civ. 7188, 12 Civ. 7191, 12 Civ. 7192, 12 Civ. 7195 (PAE), 2013 U.S.

Dist. LEXIS 111375, 2013 WL 4016272, at 5 (S.D.N.Y. Aug. 7, 2013). While Courts in this

jurisdiction permitted email service, "to meet the due process standard of demonstrating that service via email is likely to reach a defendant, a plaintiff must submit something more than a bare assertion or conclusion that the email will likely reach the defendant. Ortiz v. Cm Professional Painting Corp., No. 21-CV-0821 (GRB)(JMW), 2022 U.S. Dist. LEXIS 45788, at 7 (E.D.N.Y. Mar. 14, 2022).

The requisite showing that service via email (or similar electronic means as text, voicemail, etc.)  is likely to reach a defendant can be made if there were prior confirmed usage of those emails/texts/phones. See, e.g., ADI Glob. Distrib. v. Green, 20-CV-3869 (DRH)(JMW), 2021 U.S. Dist. LEXIS 231977, 2021 WL 5759725, at 4 (E.D.N.Y. Dec. 3, 2021) (holding that service by email was reasonably calculated to apprise defendant of lawsuit because defendant replied to email that contained summons and complaint); Group One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 345 (E.D.N.Y 2021)(finding that service via email comported with due process because defendants previously communicated directly with plaintiff's counsel concerning anticipated or pending litigation via same email address); Noble Sec., Inc. v. Ingamar Co., 21-CV-1372 (MKB), 2021 U.S. Dist. LEXIS 96206, 2021 WL 2012508, at 6 (E.D.N.Y. May 20, 2021) (holding that service via email comported with due process because defendant used the email address to communicate about the allegedly infringed products within the last 5 months, and an email sent to that address prompted a conversation between defendant and his attorney); Zanghi v. Ritella, 19 Civ. 5830 (NRB), 2020 U.S. Dist. LEXIS 20279, 2020 WL 589409, at 6 (S.D.N.Y. Feb. 5, 2020) (finding that individual's recent use of an email address indicated email was likely to reach him); F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189(PAE)., 2013 U.S. Dist. LEXIS 31969, 2013 WL 841037, at 4 (S.D.N.Y. Mar. 7, 2013) (finding that the specified email addresses for defendants were used in the subject business scheme and that one of the email accounts was recently in use by defendant); Philip Morris USA Inc. v. Veles Ltd., No. 06 CV

2988(GBD)., 2007 U.S. Dist. LEXIS 19780, 2007 WL 725412, at 3 (S.D.N.Y. Mar. 12, 2007)

(finding that service by email was reasonably calculated to apprise defendants of the pendency of

the action as plaintiff demonstrated "defendants conduct business extensively, if not exclusively,

through their Internet websites and correspond regularly with customers via email."); Ehrenfeld

v. Mahfouz, No. 04 Civ. 9641(RCC)., 2005 U.S. Dist. LEXIS 4741, 2005 WL 696769, at 3

(S.D.N.Y. Mar. 23, 2005) (finding that plaintiff did not provide sufficient information for the

court to conclude defendant maintained the website that listed the email address as a means of

business communications); Pfizer Inc. v. Domains by Proxy, No. Civ.A3:04 CV 741(SR)., 2004

U.S. Dist. LEXIS 13030, 2004 WL 1576703, at 1 (D. Conn. July 13, 2004) (finding that plaintiff

failed to show that email was reasonably calculated to apprise defendants of the pending action

when proposed email addresses were found on website's with inactive domains at the time of the

decision).

   Here, Plaintiff failed to show that its purported "alternative" service was

reasonably calculated to apprise the Doe Defendants of the pending action. As such, contrary to

its contention, Plaintiff failed to effect proper service of process upon the Doe Defendants. While

the Court authorized pursuant to Rule 4(f)(3), service of the Doe Defendants by internet

publication, email, and text message, see ECF No. 65, Plaintiff inadequately effectuated service

on the Doe Defendants by these means.

   Specifically, Plaintiff claims that many of those entities [purportedly associated

with the Doe Defendants] "provided contact information for the accounts used to register

domains associated with the Enterprise—including email addresses and phone numbers."

Declaration of Laura Harris, Dkt. 95, ("Harris Decl.") at ¶ 12. "Google used that contact

information to serve the Does." Mem. of Law. at 8. Also, "Plaintiff asserts that Google obtained

20 email addresses used to register domains associated with the Enterprise. Google's counsel sent

an email to each of these addresses on May 13, 2022." Id. at 9. Further, Plaintiff claims that

"Google also obtained twenty-six phone numbers used to register domains associated with the

Enterprise. Google's counsel sent a text message to each of these phone numbers on May 13,

2022," and "Google's counsel sent a WhatsApp message to each of these phone numbers on May

13, 2022." Id.

   In fact, it is not clear if that "contact information" is a valid and functional conduit

to serve the alleged Doe Defendants as there is no showing has been made that the "contact

information" was ever used by the Doe Defendants.

   Moreover, Plaintiff's counsel concedes that she received several returned delivery

failure notifications. Id. at 9-10. It is plausible to assume that at least some of those delivery

failures were sent from accounts associated with the Doe Defendants. Last but not least, Plaintiff

itself states that "Google's efforts to . . . suspend the Internet domains and IP addresses

associated with the Glupteba botnet and the Enterprise . . .  have led to the suspension or

disruption of nearly 100 domains and IP addresses associated with the Glupteba Enterprise," and

"Google has taken action resulting in the suspension of all five new C2 servers." Harris Decl. ¶¶

28-29. How could the Doe Defendants receive their respective notices from Plaintiff in the

accounts that had been suspended by it? A perfect example of this is admin@extracard.net,

Google supposedly used this email address to serve Doe Defendants, however, this address was

blocked as a result of Google's actions and no mail can be delivered to admin@extracard.net

because of that. Google, a technology giant, obviously knows and understands this.

   In the same vein, the service by publication chosen by Plaintiff was inadequate to

give a potential Doe Defendants notice of this litigation. Plaintiff states that "on May 12, 2022,

Google published the website https://www.serviceofprocess.xyz/glupteba, which contains links

to all relevant pleadings and orders as well as contact information for Google's counsel." Harris

Decl. ¶ 15.

First, the whole website and all the notices are in English, and it is not unreasonable to ponder that English is a foreign language in Russia, and few people there could master the sophisticated legal documents.

Second, Plaintiff did not make any efforts to advertise this site (in Russian media, newspapers, etc.) other than providing "a link to this website . . . included in each service of process email and text message sent to the addresses and phone numbers believed to be associated with the Enterprise." This "service by publication" attempt is woefully inadequate, especially in light of Goggle's unlimited ability to advertise and disseminate information around the world.

Third, any reference to the media coverage of the initiation of the lawsuit in the United States in 2021, see Harris Decl. at 22, is unavailing as the coverage is stale because it does not mention the new developments in the lawsuit that Plaintiff was supposed to serve with, in late Spring of 2022, i.e. documents relating to the motion for default judgment against the Doe Defendants. Furthermore, many news sites, such as Bloomberg and BBC, were blocked in Russia after the start of was in Ukraine on February 24th, 2022, and would not be accessible to most people in Russia.

Finally, Plaintiff's argument that "Doe Defendants would have inevitably learned of this lawsuit from their co-conspirators, Defendants Dmitry Starovikov and Alexander Filippov," Harris Decl. ¶ 31, is plainly inappropriate as Plaintiff has yet to prove that Defendants Dmitry Starovikov and Alexander Filippov are, in fact, "co-conspirators," and that they have any connection with the alleged Doe Defendants.

In any event, "defective service [cannot] be ignored on the mere assertion that a defendant had "actual notice." Russ Berrie & Co. v. T.L. Toys (HK) Ltd., No. 01 Civ. 4715

11

(LMM), 2002 U.S. Dist. LEXIS 21882, 2002 WL 31458232, at 2 (S.D.N.Y. Nov. 4, 2002)

("[A]ctual notice of the action will not, in itself, cure an otherwise defective service.")

Therefore, the default judgment should not be entered against the Doe Defendants

since "without proper service a court has no personal jurisdiction over a defendant." Hawthorne

v. Citicorp Data Sys., Inc., 219 F.R.D. 47, 49 (E.D.N.Y. 2003);  Asfaw v. BBQ Chicken Don

Alex No. 1 Corp., No. 14-CV-5665, 2016 U.S. Dist. LEXIS 42298, at 8 (E.D.N.Y. Mar. 29,

2016)("The John Doe defendants were never  . . . served in this case, so they cannot have

defaulted.")

### iii. Default Judgment Should be Denied Since Plaintiff  Has Not Established Liability Against the Doe Defendants.

Contrary to Plaintiff's contention, Google has not established liability against the

Doe Defendants. "While court is required to accept all of the [plaintiff's] factual allegations as

true and draw all reasonable inferences in its favor . . . it is also required to determine whether

the [plaintiff's] allegations establish [defendant's]  liability as a matter of law. Finkel v.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)(noting that "[A] district court retains discretion

under [Federal Rule of Civil Procedure] 55(b)(2) once a default is determined to require proof of

necessary facts and **need not agree that the alleged facts constitute a valid cause of**

**action**")(emphasis added).

Here, Plaintiff argues that "[t]he Court has previously found that the Complaint

'pleads facts with the specificity required by the Federal Rules and states claims against

Defendants for Violations' of the CFAA, the ECPA, the Lanham Act, and RICO, and for tortious

interference with business relationship and unjust enrichment under New York common law."

Mem. of Law. at 13. However, this finding is limited to the known Defendants for the purposes

of review of their request to dismiss the complaint for failure to state a cause of action against

them. This finding should not be expanded to the Doe Defendants as their potential liability is

completely unknown as Plaintiff, in its motion papers, fails to provide any non-conclusory

"proof of necessary facts" supporting its claims against the Doe Defendants. Therefore, Plaintiff

has not established "their liability on each of Google's causes of action."

### iv. Default Judgment is Against the Doe Defendants is Premature Since the Doe Defendants Could be Identified Through Discovery

The requested default judgment is not warranted as to the Doe Defendants

because those Defendants are not identified despite a clear opportunity to do so in the upcoming

discovery.

First, it is not clear why Plaintiff concluded that there are additional" Doe

Defendants" who were somehow involved in the actions described in its allegations. Plaintiff is

well-aware of the name of business entities, such as Valtron, which work could plausibly have a

connection with Plaintiffs' allegations. Instead, Plaintiff chose not to name in the complaint

those business entities or their officials whose names could have easily been identified and

located. In addition, Google did not try to learn more about the Doe Defendants with the

available information. For example, one of Does Google supposedly served via email

domains@owld.net, which is owned by a known company Open Waters Limited, which provides

Domain Traffic Intelligence. See https://www.owld.net/index.html. However, it appears that

Google and its Counsel never contacted Open Waters Limited to get any additional information

about this Doe. *Au contraire*, Plaintiff strategically and artfully picked some unidentifiable

"straw men" as the Doe Defendants.

Plaintiff claims that "the Doe Defendants are unnamed co-conspirators whose true

identities are not ascertainable despite Google's diligent attempts to identify all defendants

responsible for the Enterprise's criminal schemes." Mem. of Law at 8, Harris Decl. at ¶ 3.

However, Plaintiff did not disclose what "diligent attempts" it made to identify all the Doe

Defendants responsible for the Enterprise's criminal schemes. Moreover, Plaintiff could have

waited until it received from known Defendants' incoming depositions and/or discovery

production in which Defendants may have identified some individuals who could have possessed

pertinent information regarding the allegation in the complaint and the identity of purported Doe

Defendants.

Instead, Plaintiff conveniently chose not to try to "identify all defendants

responsible for the Enterprise's criminal schemes," and sought default judgment against

unidentified "virtual defendants," by which it would obtain almost all the remedies it is seeking

against known Defendants, i.e. permanent injunction, makes this pending lawsuit academic.

Additionally, this default judgment would add to Plaintiff's box of ammunition by helping it

indirectly establish Defendants' alleged wrongdoings by associating them with the Doe

Defendants – especially in support of Plaintiff's RICO Enterprise's criminal schemes claim.

Indeed, Plaintiff incredibly and without any evidential support states that "**[e]ach**

**of the Doe Defendants** is responsible **in some manner for** the conduct detailed in Google's

allegations, and **each has agreed** to become part of the Enterprise." Id. This conclusory

statement painting each Doe Defendant with the same brush is tactically embedded with only one

goal – to show that known Defendants are also responsible in some manner for "the conduct

detailed in Google's allegations, and each has agreed to become part of the Enterprise."

This unbridled attempt to seek a default judgment against the Doe Defendants on

the eve of the proceedings involving known Defendants speaks volume about Plaintiff's effort to

win this litigating without even starting it. In other words, any grant of default judgment and

preliminary injunction against the Doe Defendant is tantamount to a default judgment against

Defendants as Plaintiff would obtain the injunctive relief it seeks against non-defaulting

Defendants.

### 3. PLAINTIFF IS NOT ENTITLED TO A PERMANENT INJUNCTION AGAINST THE DOE DEFENDANTS AT THIS STAGE OF PROCEEDINGS

For the same reasons, the Court should not enter a default judgment against

the Doe Defendants until the case against known Defendants is adjudicated (see Point 1 above),

and the Court should deny Plaintiff's request for a permanent injunction against the Doe

Defendants. Any grant of a preliminary injunction against the Doe Defendant is tantamount to a

default judgment against known Defendants as Plaintiff would obtain the ultimate injunctive

relief it seeks against them. Defendants and the Doe Defendants are similarly situated since

Plaintiff grouped them all in the Complaint as the "Glupteba Enterprise." Therefore, "where the

nature of the relief demanded is such that, in order to be effective, it must be granted against each

and every defendant," Frow v. De La Vega, 82 U.S. at 554, or **not at all**, because "a final decree

on the merits against the defaulting defendant alone, pending the continuance of the cause, would

be incongruous and illegal." Id.

### CONCLUSION

For the foregoing reasons, this Court should deny in its entirety Plaintiff's Motion for

default judgment against the Doe Defendants.

Dated: August 5th, 2022
Brooklyn, New York

Respectfully Submitted,

/s/ Igor Litvak
_____
Igor Litvak, Esq.
Attorneys for Defendants
The Litvak Law Firm
1733 Sheepshead Bay Rd., Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
Email: Igor@LitvakLawNY.com

15

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the above document to be served on counsel of record for

Plaintiff by filing it via the Court's CM/ECF system on this day, August 5th, 2022.


/s/ Igor Litvak
Igor Litvak, Esq.