# THE LITVAK LAW FIRM, PLLC

**1733 SHEEPSHEAD BAY ROAD, SUITE 22, BROOKLYN, NY 11235**
**718-989-2908 - IGOR@LITVAKLAWNY.COM**

King & Spalding LLP                                                                                          August 12th, 2022
1185 Avenue of the Americas
New York, NY 10036

   Re:  **Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC**

Dear Judge Cote:

  I represent Defendants Dmitry Starovikov and Alexander Filippov in the above-referenced matter. I am submitting this Reply in response to Plaintiff's letter filed on August 11th, 2022, ECF 103, and to request that the Court sanctions K&S for misrepresenting the truth.

  As I stated during the conference of July 29th, 2022, the parties never discuss anything related to specific devices or device exchange, and never did I propose exchanging any devices or ESI while knowing that the Defendants had none. This remarkable untruth is yet another example of K&S wanting to win this litigation and save its face before Google no matter what.

  Everything that was stated by me during the July 29th conference is true, although, I may not have remembered all the details at the time. I expected the July 29th conference to focus mostly on the individual's last names, as Plaintiff's July 19th letter to Court, ECF # 91, focused almost exclusively on the names and only mentioned devices in one small paragraph. Therefore, considering the passage of time I may not have remembered all the details regarding the issues related to devices/ESI and that's why I stated more than once that I would need to review my notes. Having checked my notes and emails and after speaking with my clients I was able to reconstruct exactly what happened between May 17th and June 27th, 2022

  On August 8th I submitted a response to Plaintiff's August 1st questions, which contained Defendant's declarations and a letter from me explaining what happened and arguing why K&S was not entitled to any other information. Exhibit 1. As stated in the letter parties never discussed orally or by email anything related to devices, I never told anyone from K&S that my clients had any devices, what those devices were and whether they planned to turn over any devices. Instead, parties exchanged various versions of Paragraph C, while never confirming or discussing with each other whether anything subject that paragraph C actually existed. Specifically, and as explained in the letter to K&S, it was K&S who on May 17th initially proposed paragraph C, containing language regarding the inspection of Defendant's computers. On May 17th I was still under the mistaken assumption that Defendant's worked at Valtron, which is why I responded that same day trying to make paragraph C reciprocal. Then on May 20 I reviewed with the Defendants the proposed joint status report, and this is when they told me for the first time that they left Valtron at the end of 2021 and returned their laptops after leaving. I asked them if they have any other devices or ESI subject to paragraph C, I was told they will look for what else they can find or get access to and get back to me. This is why on May 20th I proposed a new language to paragraph C with the phrase "**over which the defendants have actual and physical control and possession".** After adding this language parties never discussed anything related to devices or what devices were actually available. Instead, Plaintiff proposed a new language for paragraph C on Mat 31st, the day the joint status report was due. This new K&S proposal completely took out the phrase "**over which the defendants have actual and physical control and possession",**

which is why I responded by email that same day stating in part "why we took out the paragraph about exchanging computers, I liked the initial version much better, can we keep it." After that email parties again spoke about paragraph C but never discussed anything about specific devices, only agreeing that parties will keep Plaintiff's proposal, with me making some modifications to it. Later that day I edited Plaintiff's language by adding "**any relevant devices**" which mirrored the language in my previous proposal "**over which the Defendants have actual and physical control and possession**". Again, no one from K&S emailed or called me to ask anything about devices or whether Defendants had "**any relevant devices**." Instead, later that day, I was emailed a counterproposal by Plaintiff which was adopted as the final version for paragraph C

> The parties anticipate that the scope of discovery will include Electronically Stored Information ("ESI"). The parties will request ESI in the form or forms that facilitate efficient review of ESI. The parties reserve all rights in this regard, but affirm their obligations under the Federal Rules of Civil Procedure, including as to the preservation of relevant evidence.

When working on initial disclosures in the middle of June Defendants informed me that they could not get access or find any other devise/ESI. Not long after that, on June 27th, I informed K&S of the same when we spoke for the first time since May 31/June 1. Plaintiffs' claims that I somehow tried to induce a device exchange while planning to claim Defendants had none is not supported by the record, conversations between Counsel, or the email exchanges.

Until May 20th I was under the mistaken assumption that Defendants still worked at Valtron and therefore prepared their declarations and counterclaims based on that assumption. Defendants who are not English speakers did not see those errors when reviewing the documents. This was nothing more than a misunderstanding between counsel and clients, which is understandable considering that I can't meet them in person & all communication is by phone.

From the beginning of this case K&S has been misleading the Court and lobbing attacks first on the Defendants, and now on their Counsel. It began when Ms. Harris lied to Court by asserting that the Defendants somehow waived jurisdiction. Then K&S dug up a YouTube video that was recorded almost 3 years ago for a Russian documentary. Later K&S again lied to Court in its July 19th filing, ECF #91, writing that I stated that Defendants worked "**closely**" with individuals identified in the initial disclosures. I never used the word closely or implied such a thing. Now it appears K&S is trying to manufacture some accusations about devices when it was Ms. Harris who after the June 1st court conference made it clear that Google did not want to turn over discovery to the Defendants. Now Ms. Harris again misleads the Court when stating "Mr. Litvak is simply wrong that we did not discuss the exchange of devices, and we are happy to submit to the Court e-mail exchanges on the various drafts that the parties exchanged in which it is clear that we were discussing devices and that Mr. Litvak is, in fact, pressing us to reinstate language that he has inserted about exchanging devices into the draft." The email Ms. Harris referred to I asked to reinstate a version of paragraph C which contained the language I proposed "**over which the defendants have actual and physical control and possession",** something K&S declined to do while never confirming or discussing whether any devices or ESI were available. There are no emails from before or after May 20th where I state what type of devices/ESI Defendants have or planned to turn over. Instead, there are various drafts of paragraph C exchanged between Counsel, none of which state that Defendants **in fact** had or planned to turn over any ESI/devices to Plaintiff. Lastly, I have never discussed with anyone from K&S anything related to specific devices/ESI during the May 18th, May 24th, May 27th, May 31st or June 1st conferences, nor did I imply/state that any will be turned over to Plaintiff.

In light of K&S's repeated misrepresentations to Court, Defendants respectfully requests that the Court sanctions Plaintiff and its Counsel pursuant to Court's inherent powers, by

dismissing this case and awarding Defendant's attorneys' fees accrued in this litigation.

                                                              Respectfully,

                                                              s/ Igor Litvak
                                                              Igor Litvak, Esq.