# Exhibit 7

| | |
|---|---|
| **From:** | Igor Litvak <Igor@LitvakLawNY.com> |
| **Sent:** | Tuesday, May 31, 2022 3:06 PM |
| **To:** | Luke Roniger |
| **Cc:** | Laura Harris; Andrew Michaelson; Sumon Dantiki; Matthew Bush; Paul Weeks |
| **Subject:** | Re: Rule 26(f) Report |
| **Attachments:** | 2022.05.31 Joint Rule 26(f) Report - Starovikov (REDLINE).docx |

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Laura an Luke, the revised report is fine with few exceptions, my clients cannot agree to not oppose any potential motion for default judgment against Does, we haven't even seen the motion and you already want them to waive any right to oppose it, please take it out. Second, why we took out the paragraph about exchanging computers, I liked the initial version much better, can we keep it. Lastly, regarding protective orders, I added a language that we will do our best to reach an agreement on one, I think its better that way since we never know what might happen. See attached.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Luke Roniger <LRoniger@KSLAW.com>
**Sent:** Tuesday, May 31, 2022 1:42 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Cc:** Laura Harris <lharris@kslaw.com>; Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Rule 26(f) Report

Igor, please see attached for our proposed edits to the Rule 26 report. I've attached a clean version and a redline against your prior draft.

We're available for a call if you have any questions.

Thanks,
Luke

---

**Luke Roniger**
*Senior Associate*

T: +1 512 457 2044  |  E: lroniger@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1-15,<br><br>*Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

**JOINT RULE 26(F) REPORT**

Plaintiff Google LLC ("Google") and Defendants Dmitry Starovikov and Alexander Filippov ("Defendants," together with Google, the "parties") jointly submit the following Rule 26(f) Report and Discovery Plan.

The parties conferred telephonically on May 6, 18, and 27, 2022. As directed by the Court, the parties conferred about the feasibility of "settlement, whether the defendants are willing to consent to the entry of a permanent injunction, and each of the other subjects to be considered at Fed. R. Civ. P. 16 conference," and prepared a "detailed written proposed schedule for any motions and discovery" pursuant to Fed. R. Civ. P. 26(f). ECF 63. The parties respectfully submit the following proposed discovery plan along with the parties' proposed case schedule enclosed as Exhibit A.

1

A.     **Initial Disclosures – Rule 26(f)(3)(A)**

The parties will serve initial disclosures pursuant to Rule 26(a) no later than June 10, 2022. The parties agree that the initial disclosures will take the form prescribed in Rule 26(a), and that Defendants' initial disclosures will include each individual and entity involved in Defendants' business activities described in the Complaint (ECF 5) and Defendants' Declarations (ECF 47-2, 47-3), including for each the name, current contact information, and a description of the individual's or entity's role(s) in Defendants' business activities.

B.     **Subjects of Discovery and Discovery Completion – Rule 26(f)(3)(B)**

1.     **Subjects of Discovery**

The parties agree that they should "conduct expeditious and targeted discovery" to resolve the case as efficiently as possible. *See* ECF 62 at 32. The parties agree that fact discovery in this action should be phased. The first phase of fact discovery will focus on identifying the Doe Defendants and their roles in Defendants' business activities described in the Complaint and Defendants' Declarations. Within five business days of Defendants' initial disclosures, Google will serve targeted discovery requests for the purpose of obtaining any additional information necessary to amend the Complaint to include any additional named defendants. If no such individuals are identified in this first phase of fact discovery, Google intends to renew its motion for default judgment and a permanent injunction against the Doe Defendants. ==Defendants agree not to oppose any such motion.==

Once this first phase of discovery is complete, including the resolution of any disputes regarding such discovery, the parties anticipate additional, targeted discovery regarding the parties' respective claims and defenses.

### 2. Fact Discovery

The parties' proposed case schedule, including the deadlines for fact discovery, is enclosed as Exhibit A.

### 3. Expert Discovery

The parties' proposed case schedule, including the deadlines for expert discovery, is enclosed as Exhibit A.

### C.  Disclosure, Discovery, or Preservation of ESI – Rule 26(f)(3)(C)

The parties anticipate that the scope of discovery will include Electronically Stored Information ("ESI"). The parties will request ESI in the form or forms that facilitate efficient review of ESI. While the parties reserve all rights in this regard, they agree to preserve ESI and any relevant computers and/or devices for the duration of this litigation.

### D.  Privilege – Rule 26(f)(3)(D)

The parties agree that they will serve privilege logs in accordance with the guidelines set forth in Local Civil Rule 26.2 no later than 45 days after the production from which the document was withheld, unless otherwise agreed. The parties further agree that privileged or otherwise protected communications with outside counsel after the date of the respective party's first appearance in this action need not be logged. The parties also agree that they have reserved all rights to challenge any privilege claims, whether described on privilege logs or otherwise.

### E.  Limitations on Discovery – Rule 26(f)(3)(E)

The parties agree that the first phase of fact discovery will be limited as set forth herein. The parties reserve their respective rights to meet and confer regarding the scope of discovery to commence after the conclusion of the first phase of fact discovery, and prior to serving discovery requests beyond those contemplated by the first phase of fact discovery. This paragraph will not

==limit in any way Defendants right to discovery concerning Plaintiff's investigation of the Defendants, and any matters and issues related to the same.==

F.   **Other Orders That the Court Should Issue – Rule 26(f)(3)(F)**

The parties ==will do their best== to present a stipulated protective order to the Court. The parties agree that neither side should exchange confidential documents under Rule 26(a)(1)(A)(ii) until a protective order is entered in this case.

G.   **Other Matters**

1.   **Settlement**

The parties discussed settlement and "whether the defendants are willing to consent to the entry of a permanent injunction." ECF 63. Defendants have declined to consent to any permanent injunction.

2.   **Consent to Magistrate Judge**

The parties do not consent to proceed before a magistrate judge.

3.   **Joinder of Parties and Amendment of Pleadings**

Google may amend its Complaint to add named defendants if discovery identifies additional individuals. The parties propose that the deadline for amendments to the pleadings as of right be thirty (30) days from the completion of the first phase of fact discovery, including the resolution of any disputes regarding such discovery. Google reserves all of its rights to seek leave to amend the Complaint.

4.   **Service of Pleadings and Discovery**

The parties agree that as to all parties who have appeared in this action, all papers and discovery material not filed with the Court via CM/ECF shall be served via email and/or FTP on counsel of record for each party, except to the extent that electronic service is not practically

available for any particular discovery material, in which case service shall be made to counsel of record for the opposing party(ies) at the following locations:

**For Google:**

Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036

**For Defendants:**

Igor Litvak
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235

### 5. Pretrial Submissions

The parties jointly request that pretrial matters, including the deadline for witness lists and other pretrial submissions, be deferred until after the Court's resolution of summary judgment motions.

DATED: May [], 2022                      Respectfully submitted,

/s/ SIGNATURE
Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew L. Bush
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
amichaelson@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com

Sumon Dantiki (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com

*Counsel for Plaintiff Google LLC*


*/s/ SIGNATURE*
The Litvak Law Firm
1733 Sheepshead Bay Rd., Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
Email: Igor@LitvakLawNY.com

*Counsel for Defendants*

**EXHIBIT A**
**PROPOSED SCHEDULE**

| Event | Proposed Deadline |
|---|---|
| Initial Pretrial Conference | June 1, 2022 |
| Initial Disclosures Served | June 10, 2022 |
| Google Serves Discovery Requests for the First Phase of Fact Discovery | June 17, 2022 |
| Remaining Fact Discovery Commences | Immediately following completion of the first phase of fact discovery |
| Deadline for Amending Pleadings as of Right | 30 days following completion of the first phase of fact discovery |
| Close of Fact Discovery | October 3, 2022 |
| Expert Reports from Parties Bearing the Burden on an Issue | November 4, 2022 |
| Rebuttal Expert Reports | December 9, 2022 |
| Reply Expert Reports | January 9, 2023 |
| Motion(s) for Summary Judgment | February 10, 2023, or earlier by consent of the parties or with the Court's leave |
| Opposition(s) to Motion(s) for Summary Judgment | March 13, 2023 |
| Reply(ies) in Support of Motion(s) for Summary Judgment | April 3, 2023 |