# Exhibit 17

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>      *Plaintiff*,<br><br> v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1-15,<br><br>      *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR INSPECTION OF PERSONAL PROPERTY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), and subject to the definitions and instructions set forth below, Plaintiff Google LLC ("Google"), by and through counsel, hereby requests that Defendants Dmitry Starovikov and Alexander Filippov ("Defendants") produce the following documents and/or data by electronic secure file sharing site, or by such other means of transmission mutually agreed upon by the parties, and that Defendants allow Google to inspect and copy the items described below within thirty days of service of this inspection request.

The requested documents must be produced within thirty days of the service of these requests at the offices of King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, NY 10036, or at such other time and place as may be mutually agreed upon in writing by counsel for the parties.

## DEFINITIONS

The following definitions apply to Plaintiff's First Set of Requests for Production of Documents (the "Requests") as set forth below:

1. The definitions and rules of construction in Local Civil Rule 26.3 are incorporated herein.

2. "Glupteba Enterprise" means Defendants Dmitry Starovikov and Alexander Filippov and their co-conspirators, including Defendants' employer or employers, corporate entities under their direction or control, any associated corporate parents, corporate predecessors, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, and employees.  The term "Glupteba Enterprise" includes, but is not limited to:

    a. Valtron LLC;

    b. Prestige-Media LLC;

    c. Investavto LLC;

    d. Voltronwork.com;

    e. Undefined.team;

    f. Dont.farm;

    g. Extracard.net (a/k/a Card.farm);

    h. AWMProxy.net (a/k/a VD.net);

    i. Abm.net;

    j. Trafspin.com (a/k/a Push.farm); and

    k. QIP.ru.

3. "Glupteba Malware" means any software that was developed, distributed, installed, sold, leased, or otherwise used by Defendants, overtly or covertly, to further the Glupteba

Enterprise and/or Glupteba Botnet. This includes, without limitation, malware used to further the Stolen Accounts Scheme, Credit Card Fraud Scheme, Disruptive Ad Scheme, Proxy Scheme, and Cryptojacking Scheme.  *See* Compl. ¶¶ 35-39; Huntley Decl. ¶¶ 28-32.

4.  As used herein, "Glupteba Botnet" means the network of Internet-connected devices that were or are infected with the Glupteba Malware or any component or module thereof. *See* Compl. ¶ 4(a)-(e).

5.  "You," "your," or "Defendants" means Dmitry Starovikov and Alexander Filippov.

6.  "Plaintiff" means Google LLC.

7.  The terms "Document," "Communication," "Concerning" and "Person" have the meanings set forth in Local Civil Rule 26.3.

8.  "Thing" refers to any tangible object, other than a document, and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

9.  To bring within the scope of these requests all documents that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean "including without limitation"; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, principals, directors or agents shall include both current and former employees, officers, principals, directors, and agents; (d) the terms "and" and "or" and "all," "any" and "each," shall be construed in accordance with Local Civil Rule 26.3; and (e) in accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1.  These requests are deemed to be continuing in accordance with Federal Rule of Civil Procedure 26(e).  You shall supplement your responses within a reasonable time if you obtain

or become aware of any further documents responsive to these requests.

2. Unless otherwise specified, all requests are without regard to date.

3. Unless otherwise indicated, the documents requested include all documents and data in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody, or control if you have actual possession or custody or the right or practical ability to obtain the document or a copy thereof.

4. Each paragraph and subparagraph of these Requests should be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope of these Requests.

5. Each document is to be produced along with all drafts, without abbreviation or redaction.

6. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), if you object to any individual request, you must state whether any responsive materials are being withheld on the basis of that objection, and you must specify the part of the request to which you are objecting and produce all materials that are responsive to the remainder of the request.

7. In the event that you object to any request on the ground that it is overbroad or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

8. If no documents are responsive to a particular request, you are to state that no responsive documents exist. If you object to the scope or breadth of any of these requests, you

should identify, to the extent possible, those documents that you will produce notwithstanding the objection.

9. If a legible copy of any requested document cannot be produced, Defendants shall produce such document in its original form.

10. If any document requested herein is withheld or redacted on the basis of any claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, you shall provide a written statement:

    a. describing the nature of the document (*e.g.*, letter, memorandum, minutes, electronic mail or notes);

    b. specifying the date on which the document was prepared;

    c. identifying the person(s) who prepared or authored the document;

    d. identifying the person(s) to whom the document was sent, copied, or shown;

    e. setting forth the subject matter of the document; and

    f. stating the privilege or other doctrine pursuant to which the document is being withheld from production and setting forth the basis for such claim of privilege or immunity from production.

11. In the event that any document or thing responsive to any request once was but is no longer in your possession, custody, or control or has been lost, destroyed, discarded, or otherwise disposed of, you are requested to identify such document or thing as completely as possible, including without limitation, the following information:

    a. the nature of the document or thing;

    b. the person who prepared or authorized the document or thing, and, if applicable,

    c. the person to whom it was sent;

    d.  the date on which the document or thing was prepared or transmitted; and

    e.  what has happened to the document or thing and where it or any copies of it may be located, or if the document or thing was lost or destroyed, the date on which the document or thing was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

12.    If, after exercising diligence to secure the information requested, an individual request or any part thereof cannot be fully answered, you shall state the reasons for the inability to fully answer, answer the individual request to the fullest extent possible, and state what information, knowledge, or belief you have concerning the unanswered portion.

13.    If, in answering these Requests, you claim any ambiguity in interpreting either an individual request or a definition or instruction applicable thereto, such claims shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding.

14.    All designated documents are to be taken as including all attachments and enclosures. If any portion of a document is responsive to a Request, the entire document should be produced. If documents responsive to these Requests are normally kept in a file or other folder, also produce that file or folder.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following documents:

**REQUEST FOR PRODUCTION NO. 1**  All Documents concerning the development, programming, use, marketing, lease, sale, installation, upgrading, and maintenance of the Glupteba Malware.

**REQUEST FOR PRODUCTION NO. 2**  All Documents concerning the products, software, or projects developed (in whole or in part), offered, marketed, or sold by the Glupteba Enterprise.

**REQUEST FOR PRODUCTION NO. 3**  Documents sufficient to identify the customers of the Glupteba Enterprise, including for each customer: names, email addresses, telephone numbers, physical addresses, and any other information kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 4**  Documents sufficient to show the corporate formation, structure, leadership, ownership, and employees of all entities affiliated with the Glupteba Enterprise, including any organizational charts and employee lists for each of these entities.

**REQUEST FOR PRODUCTION NO. 5**  Documents sufficient to show all instructions, manuals, terms of service, service agreements, and/or other training materials or agreements for customers of Dont.farm.

**REQUEST FOR PRODUCTION NO. 6**  All Documents concerning Bank Otkritie and Extracard.net (a/k/a Card.farm), including all agreements and communications between you and Bank Otkritie.

**REQUEST FOR PRODUCTION NO. 7**  All Documents concerning Extracard.net.

7

**REQUEST FOR PRODUCTION NO. 8**  All Documents concerning AWMProxy.net (a/k/a VD.net), including communications with AWMProxy.net customers and documents concerning the provision of proxy services to AWMProxy.net customers.

**REQUEST FOR PRODUCTION NO. 9**  All Documents concerning your development or acquisition of AWMProxy.net (VD.net), including documents sufficient to identify the previous owner (if any) and any documents concerning any change in ownership or control.

**REQUEST FOR PRODUCTION NO. 10**  All Documents concerning the purchase or sale of advertisements on a Google platform, including any sales of advertisements through Trafspin.com and Push.farm.

**REQUEST FOR PRODUCTION NO. 11**  All Documents concerning the purchase, sale, or lease of log-in or account credentials, or access to such credentials, for any Google platform, including through Dont.farm.

**REQUEST FOR PRODUCTION NO. 12** All documents concerning any cryptocurrency wallets and associated public or private keys owned, controlled, or used, in whole or in part, by you or by the Glupteba Enterprise, including, but not limited to, the following Bitcoin addresses:

   a. 15y7dskU5TqNHXRtu5wzBpXdY5mT4RZNC6,
   b. 1CgPCp3E9399ZFodMnTSSvaf5TpGiym2N1,
   c. 1CUhaTe3AiP9Tdr4B6wedoe9vNsymLiD97,
   d. 15nWGFaodg3efVKATgsaaSPU2TxSbiMHcP,
   e. 1BL6NZSoXtMSdquRmePDUCQxFaXtLLSVWG,
   f. 1LQ2EPBwPqdbmXwN6RodPS4xqcm8EtPcaB,
   g. 12EfzLra6LttQ8RWvBTDzJUjYE6eRxx4TY,

    h.  1HjoomvzjtvZdbznoEijTNAkMjmsFba9fY,

    i.  1HSC8Yt2yjuFUSGpUfJnwLMr4HzNxV3dvP, and

    j.  1KfLXEveeDEi58wvuBBxuywUA1V66F5QXK.

**REQUEST FOR PRODUCTION NO. 13**  Documents sufficient to show the devices used to mine cryptocurrency in connection with Glupteba Malware and the Glupteba Botnet, and the type and amount of cryptocurrency mined by each device.

**REQUEST FOR PRODUCTION NO. 14**  All Documents concerning document destruction or document retention practices (including for electronic mail and chats) of the Glupteba Enterprise.

**REQUEST FOR PRODUCTION NO. 15**  Documents sufficient to show the processes by which you obtain and record user consent for the purchase and sale of log-in credentials, proxy access, or the distribution of any type of software, code, or instructions onto such users' devices.

**REQUEST FOR PRODUCTION NO. 16**  Documents sufficient to show the annual revenues, profits, expenses, and costs for the Glupteba Enterprise and each of its affiliated entities since 2011.

**REQUEST FOR PRODUCTION NO. 17**  Documents sufficient to identify all bank accounts and blockchain wallets for all entities associated with the Glupteba Enterprise.

**REQUEST FOR PRODUCTION NO. 18**  Documents sufficient to identify your current and prior employment history, including the name and contact information of past and current employers, your title, the dates of your employment, your income and/or compensation (through salary, contract or otherwise), and responsibilities in each past or current position.

9

**REQUEST FOR PRODUCTION NO. 19**  Documents sufficient to identify all email accounts or addresses used by you at any time since January 1, 2011.

**REQUEST FOR PRODUCTION NO. 20**  Documents sufficient to identify the Internet domains and Internet Protocol addresses of servers used by the Glupteba Enterprise, including any Internet domains and Internet Protocol addresses used to host or redirect to command and control (C2) or content delivery network (CDN) infrastructure used by the Glupteba Botnet or any of the Glupteba Enterprise's affiliated entities.  This request includes servers hosted in jurisdictions outside the Russian Federation.

**REQUEST FOR PRODUCTION NO. 21**  Documents sufficient to identify the electronic devices in your possession, custody, or control, whether such device is still in use or not, including for each device:

   a. A description of the device;
   b. The model and serial number;
   c. The time period during which the device was in use;
   d. All users for the period referenced above;
   e. All locations where the equipment was located;
   f. The operating system installed on each device; and
   g. If the device is no longer in use, the last person to have custody of the device.

**REQUEST FOR PRODUCTION NO. 22**  All Documents identified, referenced, or relied on to prepare Defendants' Declarations in Support of Their Motion to Vacate the Entry of Default and Defendants' Answer.  *See* ECF 47-2, 47-3, 66.

**REQUEST FOR PRODUCTION NO. 23** All Documents sufficient to identify any past or current civil or criminal lawsuits, charges, indictments, or convictions against you, including the country of the case, the allegations or violation charged, the date of the case, and the outcome.

**REQUEST FOR PRODUCTION NO. 24** Documents sufficient to identify all countries outside of Russia to which you have traveled in the last 10 years, including the dates of travel.

## REQUESTS FOR INSPECTION

Pursuant to Rule 34, please provide the following items and devices so that Google and its agents may inspect and create forensic images of each. Please provide all necessary passwords available at the time of production to facilitate this process.

**REQUEST FOR INSPECTION NO. 1** Each device owned or used by Defendant Dmitry Starovikov or Defendant Alexander Filippov at any time during the period January 1, 2011 to the present, whether still in use or not, including all desktop and laptop computers, mobile telephones, servers, tablets, and encryption devices.

**REQUEST FOR INSPECTION NO. 2** Each device used in connection with the Glupteba Enterprise, including any device used in connection with the operation or distribution of the Glupteba Malware or the Glupteba Botnet; the mining of cryptocurrency; or the purchase, sale, or distribution of account information, advertisements, proxy services, or credit cards, at any time during the period January 1, 2011 to the present, whether still in use or not, including all desktop and laptop computers, mobile telephones, servers, tablets, and encryption devices.

DATED: July 19, 2022                          Respectfully,

                                                                                                  */s/ Laura Harris*
                                                                                      Laura Harris
                                                                                      Andrew Michaelson
                                                                                      Kathleen E. McCarthy
                                                                                      Matthew L. Bush
                                                                                      KING & SPALDING LLP
                                                                                      1185 Avenue of the Americas, 34th Floor
                                                                                      New York, NY 10036
                                                                                      Telephone: (212) 790-5356
                                                                                      Fax: (212) 556-2222
                                                                                      lharris@kslaw.com
                                                                                      amichaelson@kslaw.com
                                                                                      kmccarthy@kslaw.com
                                                                                      mbush@kslaw.com

                                                                                      Sumon Dantiki (*pro hac vice*)
                                                                                      KING & SPALDING LLP
                                                                                      1700 Pennsylvania Ave., NW, 2nd Floor
                                                                                      Washington, DC 20006
                                                                                      Telephone: (202) 626-5591
                                                                                      Fax: (202) 626-3737
                                                                                      sdantiki@kslaw.com
                                                                                      *Counsel for Plaintiff Google LLC*