# KING & SPALDING

Laura Harris
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
E: LHarris@kslaw.com
T: (212) 556-2100

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, NY 10007

June 3, 2022

    Re: *Google LLC v. Starovikov et al.*, Case No. 21-cv-10260-DLC

Dear Judge Cote:

  I write on behalf of Plaintiff Google LLC ("Google") pursuant to the Court's Pretrial Scheduling Order, ECF 70 ¶ 1. The parties have been unable to reach an agreement on a location for Defendants' depositions. Yesterday, Mr. Litvak informed us by email that his clients "are insisting on conducting a deposition in Russia virtually," notwithstanding that the U.S. Department of State and courts in this district make clear that proceeding in Russia would violate Russian law. June 2, 2022 Email from I. Litvak, Ex. 1. Mr. Litvak has suggested only two possible alternatives—Belarus and Kazakhstan—to which Google will not agree, in part because the parties' communications suggest that Defendants are abusing the discovery process and do not intend to appear in the United States for trial in this matter. *See id.* Google respectfully submits that Defendants' depositions should take place in person in New York, not only because it is the forum of the case, but also to ensure Defendants are not litigating for improper or illicit purposes.

  Mr. Litvak has represented to the Court on numerous occasions that his clients will submit to the Court's jurisdiction and will litigate this matter. On March 1, 2022, during a telephonic conference with the Court, Mr. Litvak represented that his clients "want to defend themselves and get the discovery and litigate this case." March 1, 2022 Tr. 5:10-11. At the initial conference earlier this week, on June 1, 2022, Mr. Litvak expressly represented that his clients will participate in discovery, sit for depositions, and appear in the United States for trial. *See* June 3, 2022 Tr. at 11 (THE COURT: "Are your clients willing to appear in America for the trial?" MR. LITVAK: "Yes, if they can -- if there is a way for them to get here, why not? Yes."). He also represented that the only barrier to his clients' appearance in New York was their difficulty in obtaining visas following Russia's invasion of Ukraine. *See id.* (MR. LITVAK: "The issue is, my clients, there is no way for them to come physically to the United States, at least right now. Because . . . of the war in Ukraine, there is no flights, sanctions, there is no way for them to get a visa. The U.S. Embassy in Moscow is closed.").

  Immediately following the conference, the parties met-and-conferred in the jury room. Google explained that both virtual and in-person depositions are unlawful in Russia, and asked Mr. Litvak to propose an alternative. Mr. Litvak stated that his clients would not agree to travel

to any country from which the United States may be able to extradite them. This suggests that, contrary to Mr. Litvak's representations to the Court, Mr. Litvak does not believe that his clients will travel to New York for trial. Google's concerns are amplified by an interview that Mr. Litvak conducted in Russian, which was posted to YouTube on April 16, 2022. *See* People PRO, Interview with Igor Litvak, YouTube (April 16, 2022), https://youtu.be/9B7ceTxPKBM, Ex. 2. In the interview, Mr. Litvak advises hackers how to avoid arrest by U.S. law enforcement. He cautions them to "leave your work laptop at home" when leaving Russia. *Id.* He also notes that hackers frequently use online forums to communicate about their hacking, advising them "to get away from this" because the forums may include "a secret service agent or some kind of cooperator." *Id.*

Following the parties' meet-and-confer in the jury room, Google provided Mr. Litvak with authority that Russia prohibits foreign depositions, whether in-person or virtually. *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 19-cv-4355, 2020 WL 4034733, at *2 (S.D.N.Y. July 17, 2020) ("it is in fact not legally possible to conduct the deposition[s] in Russia"); U.S. Dep't of State, Russia Judicial Assistance, Judicial Assistance Country Information (last visited June 3, 2022), *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html) ("[t]he Russian Federation does not permit the taking of voluntary depositions of willing witnesses in civil and commercial matters[.]"). Notwithstanding this authority, and without supplying any evidence that depositions in Russia are permitted, Mr. Litvak disputed the accuracy of the State Department's guidance and stated that his clients continue to "insist" on conducting the depositions virtually from Russia.

Yesterday, for the first time, and contrary to his representations to the Court that the only barrier to his clients' appearance were logistical challenges posed by the war in Ukraine and the closure of the U.S. Embassy in Moscow, Mr. Litvak stated that his clients do not have international passports and therefore can only travel to countries that accept Russian "internal passports," of which only Belarus and Kazakhstan were acceptable alternatives. Ex. 1. Mr. Litvak indicated that it will take months for his clients to obtain an international passport, and that—notwithstanding their purported interest in defending themselves in this case and their outreach to Google nearly four months ago—they have not yet started the process of obtaining one. *See id.*

In light of Mr. Litvak's misrepresentations and the inconsistencies in Defendants' positions—in addition to the substantial evidence of their criminal activity—Google has serious concerns that Defendants are not litigating in good faith and intend to abuse the discovery process for illegitimate purposes, without any intent to appear before this Court for trial. As a result, Google respectfully submits that Defendants should not be permitted to obtain any discovery from Google until they appear in New York to be deposed.

Respectfully submitted,

*/s/ Laura Harris*
Laura Harris