# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: +1 212 556 2100
www.kslaw.com

July 19, 2022

**BY ECF**
The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

    Re:    *Google LLC v. Starovikov, et al.*, Case No. 1:21-cv-10260-DLC

Dear Judge Cote:

    I write on behalf of Plaintiff Google LLC pursuant to Rules 2.C and 3.J of the Court's Individual Practices in Civil Cases to request an informal conference with the Court to remedy Defendants' deficient initial disclosures. Defendants' refusal to provide even the most basic information required by Rule 26 and the Court's Local Rules—such as the last names of six out of seven of their colleagues whom they identify in their disclosures—only raises further concerns about their credibility and their purported desire to participate in discovery and defend this case. The parties have met and conferred, and are unable to resolve the dispute.

    **Background:** Defendants first served their initial disclosures on June 17, identifying seven individuals with discoverable information, six of whom apparently work with Defendants at Valtron LLC. *See* Ex. A. For each, Defendants stated only that they have information about "[a]ll projects of OOO Valtron." Defendants identified the seventh individual as an "[e]mployee of OAO Tochka (Bank Otkritie)" who has information about "Extracard.net." Defendants did not provide an address for any of the seven individuals, and only provided first names for six them ("Kirill," "Nonda," "Ruslan," "Olga," "Chingiz G." and "Vadim"). Defendants likewise identified only three catch-all categories of documents in their possession, custody or control: "[c]ommunications between Defendants," "[c]ommunications between Defendants and third parties concerning the subject matter of this litigation," and "[o]ther documents concerning information set forth in the Complaint and Counterclaims."

    On June 23, Google wrote to Defendants to identify the various deficiencies in their initial disclosures, requested that they fix these deficiencies, and offered to meet-and-confer. The parties conferred on June 27. On that call, Defendants' counsel acknowledged that Defendants work closely with the individuals they identified, and that he had not asked his clients basic questions regarding these individuals' identities or the specific information they possess.

    Following the meet-and-confer, Defendants served amended disclosures on June 27. *See* Ex. B. The amendments fail to remedy the disclosures' deficiencies. Defendants added Valtron's office as the address for each of their Valtron colleagues and identified the scheme(s) about which each witness might possess relevant information (e.g., the "Stolen Account Scheme"). But Defendants still have not provided last names for six of the individuals they have identified.

    After Google identified the deficiencies their amendments failed to fix, Defendants' counsel responded that they "have nothing else to add." Counsel also represented (for the first time) that Defendants have "finished working for Valtron," and do not have any devices with

The Honorable Denise L. Cote
July 19, 2022
Page 2

discoverable information because they "returned to Valtron" such devices and are now unable to "get those devices back from Valtron."

**Discussion:** Defendants' refusal to provide their colleagues' last names violates their discovery obligations. The Court's Local Rules confirm what common sense suggests: identifying an individual entails "giv[ing], to the extent known, the person's full name." L. R. 26.3(c)(3); *Krawec v. Kiewit Constructors Inc.*, 2013 WL 1104414, at *7 (S.D.N.Y. Mar. 1, 2013). Defendants have acknowledged in sworn declarations that they "work for Valtron LLC" and "in partnership with Otkritie Bank" on the very schemes they associate with their colleagues. ECF 47-2, 47-3, ¶¶ 9, 13-14. They cannot credibly claim they do not know their co-workers' last names.

Defendants' amended disclosures also make superficial additions to the description of documents, but those too fail to remedy their deficiencies. Aside from adding a list of eight different contracts (the relevance of which is unclear),[1] Defendants' amended disclosures simply relist two of the catch-all categories from their initial disclosures: "[c]ommunications between Defendants" and "[c]ommunications between Defendants and third parties concerning the subject matter of this litigation."

Rule 26 requires Defendants to provide "a copy—*or* a *description* by category *and* location—of all documents, electronically stored information, and tangible things that [they] ha[ve] in [their] possession, custody, or control and may use to support its . . . defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). Defendants' generic document category descriptions say nothing more than documents "concerning the subject matter of this litigation," affording Google no meaningful insight into the documents on which Defendants intend to rely for their defense. Nor do Defendants provide the location of these documents as required by Rule 26. When a party elects not to produce the documents on which it intends to rely with its initial disclosures, providing the location of the category of documents "is a pivotal requirement," as it "alert[s] the opposing side" to where the documents "may be obtained." *Bryant v. Norde*, 2018 WL 4378165, at *1 (E.D.N.Y. Mar. 28, 2018).

The "central goal" of initial disclosures is "to get out the basic information at an early point." *Id.* (citation omitted). Defendants' unwillingness to provide basic information, such as the full names of relevant individuals, the information those individuals possess, and the location of documents on which Defendants intend to rely, is yet another attempt to circumvent Google's discovery efforts. *Compare* 3/1/2022 Tr. at 5:10-11 (LITVAK: "They want to defend themselves and get the discovery and litigate this case."). Google respectfully requests that the Court order Defendants immediately to provide the last names of all the individuals identified in their disclosures, and appropriately describe the relevant information those individuals possess and the categories and locations of documents on which Defendants intend to rely.

---

[1] Specifically, Defendants now list: "Partnership agreements between Voltron and 3rd parties," "Terms of Service (EULA)," "Agreement with Tochka Bank," "Agreement regarding the use of API," "Don't.Farm User Agreement," "Agreement with the buyer of Don't.Farm," "Employment Agreement between Voltron and Defendants," and "NDA between Voltron and Defendants." Defendants have not yet produced copies of the specific agreements identified.

The Honorable Denise L. Cote
July 19, 2022
Page 3

        Respectfully submitted,

        */s/ Laura Harris*

        Laura Harris