# *THE LITVAK LAW FIRM, PLLC*

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM

---

The Honorable Denise L. Cote  June 14th, 2022
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:  **Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC**

Dear Judge Cote:

    I represent Defendants Dmitry Starovikov and Alexander Filippov (hereinafter, "Defendants") in the above-referenced matter. I am submitting this reply to inform the Court that Defendants cannot appear in the U.K., Ireland, or Spain for their depositions for the same reasons they could not appear in the United States. As such, I respectfully request that Defendant be allowed to appear for the depositions in Kazakhstan, as this is the only available alternative.

    Russian citizens, such as Defendants, have two passports, an internal passport, which mostly functions as an I.D., and an international passport, which can be used for international travel. See https://en.wikipedia.org/wiki/Russian_passport. Defendants do not have their international passports yet; however, they have already started gathering all the required documents and completing the forms and expect to apply for them later this week.. Defendants expect to receive their international passports within 3 – 4 months from now. Until they receive their international passports, they could only travel to countries that accept their internal passports for cross-border travel, such as Kazakhstan, the Republic of Belarus, South Ossetia, and Abkhazia.

    The United Kingdom requires a visa for Russian citizens in order to visit. See Exhibit 1. Because of the war in Ukraine, and the resulting geopolitical frictions, the United Kingdom makes it virtually impossible for Russian citizens to get U.K. visas. See Exhibit 2 (the U.K. was giving priority to Ukrainian refuges and Russian citizens are unable to pay the processing fees after Visa and MasterCard left the Russian market.). Ireland also requires a visa to travel there for business. See https://www.dfa.ie/irish-embassy/russia/visas/visas-for-ireland/. To travel to Spain, Defendants will need a European Union visa, also known as a Schengen visa. See https://blsspain-russia.com/moscow/english/index.php. What is more, many E.U. countries limited or suspended the issuance of visas to Russian citizens, and obtaining one is currently extremely difficult. See https://www.fragomen.com/insights/worldwiderussia-limited-suspensions-of-visa-services-for-russian-citizens.html. This means that since Defendants do not have international passports and would not receive them for at least 4 months, they will not be able to even apply for such visas, let alone to travel to U.K., Ireland or Spain in the near future.

Plaintiff cannot provide any reason why the depositions cannot take place in Kazakhstan. Defendants are able and willing to travel there and will agree to conduct the deposition inside the U.S. Embassy. Kazakhstan is a peaceful country and allows U.S. citizens to visit without a visa for up to 90 days. See https://www.dfat.gov.au/geo/kazakhstan/kazakhstan-country-brief; See also, https://kz.usembassy.gov/covid-19-information/. Kazakhstan is also a member of the Hague convention, meaning depositions can be legally taken in that country pursuant to the Federal Rules of Civil Procedure. Lastly, Defendants are willing to postpone their discovery demands until the completion of their depositions in Kazakhstan; this should allay any Google's or Court's concerns that the Defendants are not serious about litigating this case. Finally, forcing Defendants to travel to the countries proposed by Plaintiffs, to which Defendants legally are not able to travel at least for the next 5-6 months, would be a violation of their due process rights as they are deprived of an opportunity to participate in the case proceedings due to the circumstances beyond their control.

Defendants are able to appear in Kazakhstan for the depositions in the next few weeks. In the meantime, they will continue their efforts to obtain international passports, Schengen visa, and then U.S. visas so they can travel to New York for trial. In the worst-case scenario, if their U.S. visa applications are denied, or if they are not able to leave Russia for other reasons beyond their control, they are willing to appear at trial virtually. Federal Rule of Civil Procedure and case law support this as an alternative option. See e.g. , Rodriguez v. Gusman, 974 F.3d 108, 114 (2d Cir. 2020)("Under Federal Rule of Civil Procedure 43(a), "the judge has the discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards. . . .circuit and lower courts alike have found a witness's immigration status to constitute good cause."); Thomas v. Anderson, 912 F.3d 971, 977 (7th Cir. 2018); El-Hadad v. United Arab Emirates, 496 F.3d 658, 669, 378 U.S. App. D.C. 67 (D.C. Cir. 2007) (affirming the district court's decision to allow the witness to testify from Egypt by Internet video after repeatedly being denied a visa to enter the United States); Lopez v. Miller, 915 F. Supp. 2d 373, 396 n.9 (E.D.N.Y. 2013) ("Diaz was deported in 2003 to Santo Domingo . . . and may not legally reenter the United States, thus easily satisfying Rule 43(a)'s requirement.").

Therefore, ordering Defendants to travel to the U.K, Ireland, or Spain for depositions would result in a default judgment against them and deny their due process rights. Defendants have not done anything to suggest that they are either abusing the discovery process or not being serious about defending themselves in this case. In fact, it is Plaintiff who now wants to wrap up the case by reaching a settlement to avoid its obligation to provide discovery to Defendants. For the same reasons, Plaintiff suggested countries to which Defendants could not travel, hoping to trigger their forceful default. The Court must protect Defendants from Plaintiff's unscrupulous litigation tactics.

Last but not least, please be advised that the Defendants will be filing their opposition to Plaintiff's anticipated default judgment as to the Doe Defendants since Defendants believe that such the default judgment would substantially prejudice them in this litigation as Plaintiff would receive the almost exact injunctive relief it seeks against Defendants. Defendants also believe that the service on the Doe Defendants as described by Plaintiff was improper and invalid.

For the reasons stated above, it is respectfully requested that the Defendants depositions take place in Kazakhstan. Thank you for your attention to this letter.

Respectfully,

cc: Counsel of Record (via ECF)

s/ Igor Litvak
Igor Litvak, Esq.