**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Laura. see the revised join report attached, let me know if you see any issues, thanks.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Tuesday, May 17, 2022 10:21 PM
**To:** Luke Roniger <LRoniger@KSLAW.com>; Laura Harris <lharris@kslaw.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

Luke,
See attached, my proposals regarding the joint status report are highlighted within.
Sincerely,

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Luke Roniger <LRoniger@KSLAW.com>
**Sent:** Tuesday, May 17, 2022 1:58 PM

**To:** Igor Litvak <Igor@LitvakLawNY.com>; Laura Harris <lharris@kslaw.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** RE: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

Igor, please see attached for discussion on tomorrow's call.

We will send an invitation for 2:30 ET.

Thanks,
Luke

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Tuesday, May 17, 2022 11:48 AM
**To:** Laura Harris <lharris@kslaw.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Luke Roniger <LRoniger@KSLAW.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Let's do tomorrow at 2:30pm???

Get Outlook for iOS

**From:** Laura Harris <lharris@kslaw.com>
**Sent:** Monday, May 16, 2022 9:47:35 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Luke Roniger <LRoniger@KSLAW.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** RE: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

Igor,

Thank you for your note. We have been reviewing the Answer for the purposes of revising our proposed case management plan and intend to send our draft your way tomorrow. We suggest that we plan to speak Wednesday—I'm free 11a to 12p or 1p to 3p. Let us know when works best and we can send across an invite.

And with respect to the pleadings, my plan was the same as yours, but we'll confer internally to confirm.

Thanks,
Laura

———
**Laura Harris**
*Partner*

T: +1 212 790 5360  |  E: lharris@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DMITRY STAROVIKOV;<br><br>ALEXANDER FILIPPOV;<br><br>Does 1-15,<br><br>*Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

## JOINT RULE 26(F) REPORT

Plaintiff Google LLC ("Google") and Defendants Dmitry Starovikov and Alexander Filippov ("Defendants," together with Google, the "parties") jointly submit the following Rule 26(f) Report and Discovery Plan.

The parties conducted the Rule 26(f) conference telephonically on May [ ], 2022. As directed by the Court, the parties conferred about "settlement, whether the defendants are willing to consent to the entry of a permanent injunction, and each of the other subjects to be considered at Fed. R. Civ. P. 16 conference," and prepared a "detailed written proposed schedule for any motions and discovery" pursuant to Fed. R. Civ. P. 26(f). ECF 63. The parties respectfully submit the following proposed discovery plan along with the parties' proposed case schedule attached as Exhibit A.

1

A. **Initial Disclosures – Rule 26(f)(3)(A)**

The parties will serve initial disclosures pursuant to Rule 26(a) no later than June 10, 2022. The parties agree that the initial disclosures will take the form prescribed in Rule 26(a), and that Defendants' initial disclosures will identify each individual and entity involved in Defendants' business activities described in the Complaint (ECF 5), including for each the name, current contact information, and a description of the individual's or entity's role in Defendants' business activities.

B. **Subjects of Discovery and Discovery Completion – Rule 26(f)(3)(B)**

1. **Subjects of Discovery**

The parties agree that they should "conduct expeditious and targeted discovery" to resolve this case as expeditiously as possible.  *See* ECF 62 at 32.  The parties agree that fact discovery in this action should be phased.  The initial phase of fact discovery will be targeted and focused on identifying the Doe Defendants and their roles in Defendants' business activities described in the Complaint.  With five (5) business days of Defendants' initial disclosures, Google will serve targeted discovery requests for the purpose of obtaining any additional information necessary to amend the Complaint to include any additional named defendants.  If no such individuals are identified in this preliminary phase of discovery, Google intends to expeditiously renew its request for default judgment and a permanent injunction against the Doe Defendants.

Once this initial phase of discovery is complete, including the resolution of any disputes regarding such discovery, the parties anticipate additional, targeted discovery regarding the parties' respective claims and defenses, as set forth in Section E.

2. **Fact Discovery**

The parties' proposed case schedule, including the deadlines for fact discovery, is attached as Exhibit A.

2

### 3. Expert Discovery

The parties' proposed case schedule, including the deadlines for expert discovery, is attached as Exhibit A.

### C. Disclosure, Discovery, or Preservation of ESI – Rule 26(f)(3)(C)

The parties anticipate that the scope of discovery will encompass Electronically Stored Information ("ESI"). The parties will request ESI in the form or forms that facilitate efficient review of ESI. Google also anticipates that it will request to inspect Defendants' computers and other devices used in their business practices described in the Complaint and Defendants' declarations, and requests that the Court order Defendants to preserve such computers and/or devices for production in this litigation.

### D. Privilege – Rule 26(f)(3)(D)

The parties agree that they will serve privilege logs in accordance with the guidelines set forth in Local Civil Rule 26.2 no later than 45 days after the production from which the document was withheld, unless otherwise agreed. The parties further agree that privileged or otherwise protected communications with outside counsel after the date of the respective party's first appearance in this action need not be logged. The parties also agree that they have reserved all rights to challenge any privilege claims, whether described on privilege logs or otherwise.

### E. Limitations on Discovery – Rule 26(f)(3)(E)

The parties agree that all discovery should be limited to the remaining factual issues identified by the Court in its April 27, 2022 Order: (1) Defendants' claimed "lack [of] knowledge of the criminal schemes that Google alleges they control"; (2) Defendants' claim that they "did not intend to target U.S. users"; and (3) Defendants' claim that "user participation in their services is entirely legitimate and voluntary." ECF 62 at 11.

### F. Other Orders That the Court Should Issue – Rule 26(f)(3)(F)

The parties are negotiating [intend to negotiate] a stipulated protective order that they intend to present to the Court. The parties agree that neither side should exchange confidential documents under Rule 26(a)(1)(A)(ii) until a protective order is entered in this case.

### G. Other Matters

#### 1. Settlement

The parties discussed settlement and "whether the defendants are willing to consent to the entry of a permanent injunction." ECF 63. While no settlement agreement has been reached, the parties are continuing to discuss the possibility of resolving this case without further litigation, including whether there is a form of permanent injunction to which Defendants are willing to consent.

#### 2. Consent to Magistrate Judge

The parties do not consent to proceed before a magistrate judge.

#### 3. Joinder of Parties and Amendment of Pleadings

Google anticipates that it will amend its Complaint to add named defendants once those persons have identified by Defendants in discovery. The parties propose that the deadline for amendments to the pleadings as of right be thirty (30) days from the completion of the first phase of fact discovery, including the resolution of any disputes regarding such discovery. Google reserves all of its rights to seek leave to amend the Complaint.

#### 4. Service of Pleadings and Discovery

The parties agree that as to all parties who have appeared in this action, all papers and discovery material not filed with the Court via CM/ECF shall be served via email and/or FTP on counsel of record for each party, except to the extent that electronic service is not practically

4

available for any particular discovery material, in which case service shall be made to counsel of record for the opposing party(ies) at the following locations:

**For Google:**

Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036

**For Defendants:**

[insert]

   **5.**  **Pretrial Submissions**

The parties jointly request that pretrial matters, including the deadline for witness lists and other pretrial submissions, be deferred until after the Court's resolution of summary judgment motions.

DATED: May [], 2022                             Respectfully submitted,

/s/ SIGNATURE
Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew L. Bush
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
amichaelson@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com

Sumon Dantiki (*pro hac vice*)
David P. Mattern (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com
dmattern@kslaw.com

*Counsel for Plaintiff Google LLC*

INSERT DEFENDANTS' SIG BLOCK

**EXHIBIT A**
**PROPOSED SCHEDULE**

| Event | Proposed Deadline |
|---|---|
| Initial Pretrial Conference | June 1, 2022 |
| Initial Disclosures Served | June 10, 2022 |
| Google Serves Discovery Requests for the First Phase of Fact Discovery | June 17, 2022 |
| Remaining Fact Discovery Commences | Immediately following completion of the first phase of fact discovery |
| Deadline for Amending Pleadings as of Right | 30 days following completion of the first phase of fact discovery |
| Close of Fact Discovery | October 3, 2022 |
| Expert Reports from Parties Bearing the Burden on an Issue | November 4, 2022 |
| Rebuttal Expert Reports | December 9, 2022 |
| Reply Expert Reports | January 9, 2023 |
| Motion(s) for Summary Judgment | February 10, 2023 |
| Opposition(s) to Motion(s) for Summary Judgment | March 13, 2023 |
| Reply(ies) in Support of Motion(s) for Summary Judgment | April 3, 2023 |