Igor,

Thank you for providing your proposed edits to the case management statement. We are reviewing with our client and will get back to you as soon as we can.

Separately, I wanted to elaborate on my comments on our call regarding Defendants' counterclaims. The counterclaims are plainly deficient and fail to state a claim. *See, e.g.*, *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262–63 (2d Cir. 2015); *SING for Serv., LLC v. DOWC Admin. Servs., LLC*, 2022 WL 36478, *12 (S.D.N.Y. Jan. 3, 2022); *Crye Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69, 79 (S.D.N.Y. 2015). They are also barred by the litigation privilege, *see, e.g.*, *Front, Inc. v. Khalil*, 28 N.E.3d 15, 18 (N.Y. 2015), and the *Noerr-Pennington* doctrine, *see, e.g.*, *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 4481183, at *36-37 (S.D.N.Y. Sept. 30, 2021), and fail to meet the factors required to make declaratory judgment appropriate, *see, e.g.*, *Dubov v. Lewis*, 2019 WL 1060652, at *2 (S.D.N.Y. Mar. 6, 2019).

We therefore request that Defendants withdraw their counterclaims. We are preparing a motion to dismiss, which we will file on Wednesday, but would prefer not to burden the Court with motion practice that properly should be avoided. Please let us know if Defendants will agree to withdraw the counterclaims.

Finally, as we've discussed, the Court directed the parties to "confer with each other prior to the conference regarding settlement" and "whether the defendants are willing to consent to the entry of a permanent injunction[.]" ECF 63 at 1. On May 6 you indicated that you had not yet discussed these topics with your clients and that you planned to do so after filing your Answer. On our last call (May 18), after filing the Answer, you indicated that your clients are generally interested in resolving this case, that that they are willing to consider a mutually agreeable permanent injunction, and that you needed to discuss with them the details of a non-litigation resolution, which would include assistance removing Glupteba from the internet, which only they could provide. You indicated that you would provide this information to Google "very soon." As I explained on our call, if your clients still intend to make a settlement offer and/or if they are willing to agree to a permanent injunction, we think it's in the best interest of the parties and the Court to provide it now. To that end, please let us know if you plan to send a settlement offer or any information regarding the terms of an acceptable permanent injunction prior to the June 1 conference.

Thanks,
Laura

———

**Laura Harris**
*Partner*

T: +1 212 790 5360  |  E: lharris@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036



kslaw.com

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Friday, May 20, 2022 6:07 PM
**To:** Luke Roniger <LRoniger@KSLAW.com>; Laura Harris <lharris@kslaw.com>

**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Laura. see the revised join report attached, let me know if you see any issues, thanks.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Tuesday, May 17, 2022 10:21 PM
**To:** Luke Roniger <LRoniger@KSLAW.com>; Laura Harris <lharris@kslaw.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Starovikov et al., 21-cv-10260 (DLC)

Luke,
See attached, my proposals regarding the joint status report are highlighted within.
Sincerely,

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Luke Roniger <LRoniger@KSLAW.com>
**Sent:** Tuesday, May 17, 2022 1:58 PM

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> DMITRY STAROVIKOV; <br><br> ALEXANDER FILIPPOV; <br><br> Does 1-15, <br><br> *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

**JOINT RULE 26(F) REPORT**

Plaintiff Google LLC ("Google") and Defendants Dmitry Starovikov and Alexander Filippov ("Defendants," together with Google, the "parties") jointly submit the following Rule 26(f) Report and Discovery Plan.

The parties conducted the Rule 26(f) conference telephonically on May [ ], 2022. As directed by the Court, the parties conferred about "settlement, whether the defendants are willing to consent to the entry of a permanent injunction, and each of the other subjects to be considered at Fed. R. Civ. P. 16 conference," and prepared a "detailed written proposed schedule for any motions and discovery" pursuant to Fed. R. Civ. P. 26(f). ECF 63. The parties respectfully submit the following proposed discovery plan along with the parties' proposed case schedule attached as Exhibit A.

1

A.      **Initial Disclosures – Rule 26(f)(3)(A)**

The parties will serve initial disclosures pursuant to Rule 26(a) no later than June 10, 2022. The parties agree that the initial disclosures will take the form prescribed in Rule 26(a), and that Defendants' initial disclosures will identify each individual and entity involved in Defendants' business activities described in the Complaint (ECF 5), including for each the name, current contact information, and a description of the individual's or entity's role in Defendants' business activities.

B.      **Subjects of Discovery and Discovery Completion – Rule 26(f)(3)(B)**

   1.      **Subjects of Discovery**

The parties agree that they should "conduct expeditious and targeted discovery" to resolve this case as expeditiously as possible. *See* ECF 62 at 32. The parties agree that fact discovery in this action should be phased. The initial phase of fact discovery will be targeted and focused on identifying the Doe Defendants and their roles in Defendants' business activities described in the Complaint. With five (5) business days of Defendants' initial disclosures, Google will serve targeted discovery requests for the purpose of obtaining any additional information necessary to amend the Complaint to include any additional named defendants. If no such individuals are identified in this preliminary phase of discovery, Google intends to expeditiously renew its request for default judgment and a permanent injunction against the Doe Defendants.

Once this initial phase of discovery is complete, including the resolution of any disputes regarding such discovery, the parties anticipate additional, targeted discovery regarding the parties' respective claims and defenses, as set forth in Section E.

### 2. Fact Discovery

The parties' proposed case schedule, including the deadlines for fact discovery, is attached as Exhibit A.

### 3. Expert Discovery

The parties' proposed case schedule, including the deadlines for expert discovery, is attached as Exhibit A.

### C. Disclosure, Discovery, or Preservation of ESI – Rule 26(f)(3)(C)

The parties anticipate that the scope of discovery will encompass Electronically Stored Information ("ESI"). The parties will request ESI in the form or forms that facilitate efficient review of ESI. Google also anticipates that it will request to inspect Defendants' computers and other devices over which the Defendants have actual and physical control and possession, <u>and</u> which were used in their business practices described in the Complaint and Defendants' declarations, and. Similarly, Defendants reserve their rights to inspect Plaintiff's computers and other devices utilized or used in the investigation of allegations described in the Complaint and Plaintiff's declarations. Reciprocally, Defendants request that the Court order Plaintiff to preserve such computers and/or devices for production in this litigation.

### D. Privilege – Rule 26(f)(3)(D)

The parties agree that they will serve privilege logs in accordance with the guidelines set forth in Local Civil Rule 26.2 no later than 45 days after the production from which the document was withheld, unless otherwise agreed. The parties further agree that privileged or otherwise protected communications with outside counsel after the date of the respective party's first appearance in this action need not be logged. The parties also agree that they have reserved all rights to challenge any privilege claims, whether described on privilege logs or otherwise.

E.     **Limitations on Discovery – Rule 26(f)(3)(E)**

The parties agree that all discovery should be limited to the remaining factual issues: (1) Defendants' claimed "lack [of] knowledge of the criminal schemes that Google alleges they control"; (2) Defendants' claim that they "did not intend to target U.S. users"; and (3) Defendants' claim that "user participation in their services is entirely legitimate and voluntary." ECF 62 at 11.  The parties reserve their respective rights to return to the issue of whether to expand the scope of discovery after the conclusion of the first phase of discovery. This paragraph does not limit in any way Defendants right to discovery concerning Plaintiff's investigation of the Defendants and Defendant's counterclaims, and any matters and issues related to the same.

F.     **Other Orders That the Court Should Issue – Rule 26(f)(3)(F)**

The parties are negotiating [intend to negotiate] a stipulated protective order that they intend to present to the Court.  The parties agree that neither side should exchange confidential documents under Rule 26(a)(1)(A)(ii) until a protective order is entered in this case.

G.     **Other Matters**

   1.    **Settlement**

The parties discussed settlement and "whether the defendants are willing to consent to the entry of a permanent injunction." ECF 63.  While no settlement agreement has been reached, the parties are continuing to discuss the possibility of resolving this case without further litigation, including whether there is a form of permanent injunction to which Defendants are willing to consent.

   2.    **Consent to Magistrate Judge**

The parties do not consent to proceed before a magistrate judge.

### 3. Joinder of Parties and Amendment of Pleadings

Google anticipates that it will amend its Complaint to add named defendants once those persons have identified by Defendants in discovery. The parties propose that the deadline for amendments to the pleadings as of right be thirty (30) days from the completion of the first phase of fact discovery, including the resolution of any disputes regarding such discovery. Google reserves all of its rights to seek leave to amend the Complaint.

### 4. Service of Pleadings and Discovery

The parties agree that as to all parties who have appeared in this action, all papers and discovery material not filed with the Court via CM/ECF shall be served via email and/or FTP on counsel of record for each party, except to the extent that electronic service is not practically available for any particular discovery material, in which case service shall be made to counsel of record for the opposing party(ies) at the following locations:

**For Google:**

Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036

**For Defendants:**

Igor Litvak
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235

### 5. Pretrial Submissions

The parties jointly request that pretrial matters, including the deadline for witness lists and other pretrial submissions, be deferred until after the Court's resolution of summary judgment motions.

DATED: May [], 2022                                    Respectfully submitted,

*/s/ SIGNATURE*
Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew L. Bush
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
amichaelson@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com

Sumon Dantiki (*pro hac vice*)
David P. Mattern (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com
dmattern@kslaw.com

*Counsel for Plaintiff Google LLC*


Igor B. Litvak
The Litvak Law Firm
1733 Sheepshead Bay Rd., Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
Email: Igor@LitvakLawNY.com

Counsel for Defendants

# EXHIBIT A
# PROPOSED SCHEDULE

| Event | Proposed Deadline |
|---|---|
| Initial Pretrial Conference | June 1, 2022 |
| Initial Disclosures Served | June 10, 2022 |
| Google Serves Discovery Requests for the First Phase of Fact Discovery | June 17, 2022 |
| Remaining Fact Discovery Commences | Immediately following completion of the first phase of fact discovery |
| Deadline for Amending Pleadings as of Right | 30 days following completion of the first phase of fact discovery |
| Close of Fact Discovery | October 3, 2022 |
| Expert Reports from Parties Bearing the Burden on an Issue | November 4, 2022 |
| Rebuttal Expert Reports | December 9, 2022 |
| Reply Expert Reports | January 9, 2023 |
| Motion(s) for Summary Judgment | February 10, 2023 |
| Opposition(s) to Motion(s) for Summary Judgment | March 13, 2023 |
| Reply(ies) in Support of Motion(s) for Summary Judgment | April 3, 2023 |