any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Laura Harris <lharris@kslaw.com>
**Sent:** Friday, June 24, 2022 9:09 AM
**To:** Igor Litvak <Igor@LitvakLawNY.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

Igor,
We will circulate a Teams link for 10a ET on Monday.

Thank you,
Laura

Laura Harris
King & Spalding
M: +1 917 767 6383

---

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Friday, June 24, 2022 1:04:52 AM
**To:** Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Laura Harris <lharris@kslaw.com>; Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Hi, I will discuss with my clients amending the initial disclosures tomorrow, and hopefully will obtain additional information to address your concerns. Can we meet and confer Monday morning, Thank you??

Get Outlook for iOS

---

**From:** Luke Roniger <LRoniger@KSLAW.com>
**Sent:** Thursday, June 23, 2022 9:10:40 AM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Cc:** Laura Harris <lharris@kslaw.com>; Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

Igor, please see the attached correspondence.

Thank you.

———

**Luke Roniger**
*Senior Associate*

T: +1 512 457 2044  |  E: lroniger@kslaw.com  |  Bio  |  vCard

King & Spalding LLP

500 West 2nd Street
Suite 1800
Austin, Texas 78701



kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

# King & Spalding

Laura Harris
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
E: LHarris@kslaw.com
T: (212) 556-2100

June 23, 2022

Igor Litvak
The Litvak Law Firm
1733 Sheepshead Bay Rd., Suite 22
Brooklyn, NY 11235
Tel.: 718-989-2908

   *Re: Google LLC v. Dmitry Starovikov, et al.* **(1:21-CV-10260)**

Counsel,

  I write regarding your June 17, 2022 production of Initial Disclosures on behalf of Defendants Dmitry Starovikov and Alexander Filippov ("Defendants"). Defendants' disclosures fail to meet the requirements of Federal Rule 26(a)(1)(A) and raise further questions as to whether Defendants will participate in discovery in good faith. Please immediately supplement your disclosures to comply with Rule 26. We are available to meet-and-confer with you this week. If we do not receive compliant disclosures by close of business on Monday, June 27, 2022, we will seek appropriate relief with the Court.

  Rule 26(a)(1)(A)(i) requires that "a party . . . without awaiting a discovery request, provide to the other parties: . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Rule 26(a)(1)(ii) requires a party to provide a "copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Defendants' disclosures meet neither standard.

  *First*, although Defendants provided sworn declarations claiming knowledge of certain conduct at issue in Google's Complaint, Defendants themselves are omitted from your Initial Disclosures.

  *Second*, you have provided only first names for six of the seven individuals listed. As an initial matter, it is facially implausible that your clients are unable to provide the full names of these individuals given that they each work at either Valtron LLC or Otkritie Bank, and Defendants have acknowledged that they too work for Valtron LLC and "in partnership with Otkritie Bank." ECF 47-2, 47-3, ¶¶ 9, 13–14. Is it truly the case that your clients work with these individuals at Valtron LLC but do not know their last names? Or that you conducted diligence on these individuals that

June 23, 2022
Page 2

was sufficient to include them in your disclosures, but insufficient to ascertain their last names? This incomplete disclosure constitutes a *per se* violation of both Rule 26 and the Local Rules, and raises questions as to whether you are shielding their last names to protect them from discovery or for some other purpose. *See Krawec v. Kiewit Constructors Inc.*, 2013 WL 1104414, at *7 (S.D.N.Y. Mar. 1, 2013) ("Local Rule 26.3 provides that 'to identify' an individual in the context of discovery obligations means 'to give, to the extent known, the person's **full name**[.]'") (internal marks omitted) (emphasis added).

*Third*, despite that Rule 26 clearly requires you to provide addresses, you do not list any addresses for the individuals on your Initial Disclosures. Indeed, for one individual, "Olga – OOO Valtron Assistant," you provide no contact information at all. This, too, fails to satisfy your obligations under Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties to provide "the address and telephone number of each individual"); *Krawec*, 2013 WL 1104414, at *7 (finding that a party "ran afoul of federal and local discovery rules by failing to provide [a witness's] contact information").

*Fourth*, the disclosures fail to address whether the listed individuals—or other individuals you know of who are ***not*** listed—have discoverable information concerning certain storefronts and conduct at issue in this case. Specifically, you state that your witnesses have discoverable information about only two subjects—namely, "All projects of OOO Valtron" and "Extracard.net." Google's allegations, however, implicate numerous entities and domains, *e.g.*, Valtron LLC, Prestige-Media LLC, Investavto LLC, Dont.farm, Voltronwork.com, Trafspin.com (Push.farm), Undefined.team, AWMProxy.net, Extracard.net, as well as Defendants' stolen accounts scheme, credit card fraud, disruptive ads, proxy scheme, and cryptojacking. It strains credulity to believe that Defendants are unable to identify which—if any—of their witnesses can address the specific issues detailed in Google's Complaint, particularly given that Defendants have averred that they are aware of and involved in several of these entities, that they have averred they could assist Google in eliminating the Glupteba malware from the Internet, and that you have claimed to be investigating the facts at issue in this litigation for four months. Among other things, Defendants' own Declarations provide that:

(i)   they work for Valtron LLC,
(ii)  they are aware of "the company's products branded Voltronwork and Undefined.team,"
(iii) they "participated in the development of the Dont.farm project . . . for the sale of accounts in social networks,"
(iv)  they are aware of the Enterprise's credit card scheme through Extracard.net, and
(v)   they participate in the sale of proxy services and the Enterprise's cryptojacking operation.

ECF 47-2, 47-3, ¶¶ 9–17. Defendants have further claimed that many of these activities constitute "legitimate" business services. *See id.* ¶¶ 10, 16. But your disclosures do not explain which witnesses can address any of these specific issues, and you fail to provide Google any meaningful insight into evidence relating to Defendants' claims or defenses in this suit. *See Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) (the purpose of Rule 26 is "to prevent the practice of 'sandbagging'") (citation

June 23, 2022
Page 3

omitted).  Nor do you provide sufficient information to indicate why, for example, "all projects of OOO Valtron LLC" have any bearing on the claims and or defenses at issue.  These vague, catch-all designations are inconsistent with Rule 26 and will not protect Defendants from sanctions under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

*Fifth*, your document disclosures are also facially deficient.  Rule 26 requires you to furnish a "copy or a description **by category and location** of **all documents, electronically stored information, and tangible things** that the Defendants have in their possession, custody, or control, ***that they may use to support their claims or defenses***." (emphasis added).  It is unacceptable to describe documents in a catch-all fashion, such as:

- "Communications between Defendants,"
- "Communications between Defendants and third parties concerning the subject matter of this litigation," and
- "Other documents concerning information set forth in the Complaint and Counterclaims."

The core of Google's allegation against your clients is that they illegally distribute malware from a series of devices connected through the Glupteba botnet, but your disclosures do not contain any information regarding the Defendants' devices, computers, or servers, let alone any specific categories of documents, that would support a claim or defense to refute Google's allegations.  The purpose of initial disclosures is to "accelerate the exchange of basic information about the case" and "eliminate the paper work involved in requesting such information[.]"  Fed. R. Civ. P. 26, Advisory Committee's Note to 1993 Amendment.  Your disclosures essentially span the entire universe of documents that may in any way relate to the allegations at issue, and do not meaningfully accelerate the exchange of information in this case.  That you can identify only three broad and ill-defined categories of documents that support your clients' claims and defenses is not indicative of good faith compliance with Rule 26.

We request that Defendants immediately supplement their Initial Disclosures to comply with their obligations under Rule 26, including by providing the full names and contact information of all individuals listed, as well as a copy or a description by category and location of all documents, electronically stored information, and tangible things that the Defendants have in their possession, custody, or control, that they may use to support their claims or defenses.  Should you fail to do so by close of business on June 27, 2022, we will seek appropriate relief with the Court, and will vigorously contest Defendants' reliance on any evidence not sufficiently disclosed. *See New York v. United Parcel Serv*., 2016 WL 10672104, at *6 (S.D.N.Y. Sept. 8, 2016) (stating that "it is best practice for a party to timely and explicitly supplement its initial Rule 26(a) disclosures, and that plaintiffs here played with fire by not doing so"); *see also Xiao Hong Zheng v. Perfect Team Corp*., 739 F. App'x 658, 662 (2d Cir. 2018) (upholding district court decision to strike materials relating to certain affiants previously undisclosed in discovery and offered for the first time in opposition to summary judgment, because a "passing reference to some of the affiants in their supplementary interrogatory responses fails to satisfy Rule 26"); *Fleming v. Verizon N.Y., Inc*., 2006 WL 2709766, at *8–9 (S.D.N.Y. Sept. 22, 2006) (striking declarations of four

June 23, 2022
Page 4


undisclosed witnesses since it "would be unreasonable to expect Verizon to depose them" absent supplemental Rule 26 disclosure).

                                                            Sincerely,

                                                            */s/ Laura Harris*
                                                            Laura Harris