documents are actually in the possession of a non-party."). This is particularly true where, as here, employees of a company use or have access to the materials in question as part of their employment. *Flag Telecom*, 236 F.R.D. at 181 (requiring production of non-party documents where "employees [we]re permitted to utilize the documents in the course of employment, as they must in order to perform their jobs"). Accordingly, we expect that your clients have preserved and will produce any devices or materials used in connection with their employment, and that may have any information relevant to the claims and defenses in the case. *See In re NTL Inc. Sec. Litig.*, 244 F.R.D. 179 (S.D.N.Y. 2007) (imposing sanctions on party that failed to preserve and produce relevant evidence in possession of non-party).

Please let us know immediately if you intend to continue to object to the production for inspection of any electronic devices, or if your clients contend they no longer possess any devices.

Regards,
Laura

——

**Laura Harris**
*Partner*

T: +1 212 790 5360  |  E: lharris@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036



kslaw.com

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Monday, June 27, 2022 9:36 PM
**To:** Laura Harris <lharris@kslaw.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

> CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Defendant's amended initial disclosures are attached.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
GOOGLE LLC,

                        Plaintiff,

                                       **Civil Action No.: 1:21-cv-10260-DLC**

- against -

DMITRY STAROVIKOV;
ALEXANDER FILIPPOV;
and Does 1-15,

                        Defendants.
-------------------------------------------------------------------X

## <u>DEFENDANTS, DMITRY STAROVIKOV AND ALEXANDER FILIPPOV AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)</u>

       Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendants, DMITRY STAROVIKOV and ALEXANDER FILIPPOV ("Defendants"), through its undersigned counsel, make the following initial disclosures to the plaintiffs in the above-referenced lawsuit. These disclosures are based on information presently known and reasonably available to defendants and which defendants reasonably believe they may use in support of their claims and defenses. Continuing investigation and discovery may cause defendants to amend these initial disclosures, including by identifying other potential witnesses, documents and by disclosing other pertinent information. Defendants, therefore, reserve the right to supplement these initial disclosures.

       By providing these initial disclosures, defendants do not represent that they are identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without defendants in any way waiving their right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay,

undue burden, confidentiality, or any other appropriate grounds.  Furthermore, these disclosures are not an admission by Defendants regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

### 1. <u>**Individuals Likely To Have Discoverable Information**</u>

Individuals likely to have discoverable factual information that Defendants may use to support their claims and/or defenses in the above-referenced lawsuits are:

1. Chingiz Keklenov – CEO of OOO Valtron, 123317, Moscow, Presnenskaya Nab., 12 (Federation Tower), floor 50, office 8. Tel. +79032857598 – Stolen Account Scheme, Credit Card Fraud Scheme, Disruptive Ad Scheme, Proxy Scheme, Cryptojacking Scheme.

2. Alexander Filippov – OOO Valtron Software Engineer, 125252, Moscow, Chapaevsky per. 3, apt 512, Tel. +79160725948 – Stolen Account Scheme, Credit Card Fraud Scheme, Proxy Scheme, Cryptojacking Scheme.

3. Dmitry Starovikov – OOO Software Engineer, 123317, Moscow, Presnenskaya nab., 8c1, Apt 620, Tel. +79160692396 – Stolen Account Scheme, Credit Card Fraud Scheme, Proxy Scheme, Cryptojacking Scheme.

4. Kirill – OOO Valtron Financial Manager, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79299349929 – Credit Card Fraud Scheme.

5. Nonda – OOO Valtron Human Resources, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79160716692 – Credit Card Fraud Scheme.

6. Ruslan – OOO Valtron Support, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79851363395 – Credit Card Fraud Scheme, Proxy Scheme.

7. Olga – OOO Valtron Assistant, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79996909713 – Credit Card Fraud Scheme.

8. Chingiz G, – OOO Valtron Consultant, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79160715286 – Proxy Scheme.

9. Vadim – Employee of OAO Tochka (Bank Otkritie), Tel +79268173253 – Extracard.net.

## 2. **Description of Documents**

The following enumerates documents, data compilations, and other tangible things in the possession, control or custody of Defendants, may be used to support their counterclaims and/or defenses:

• Communications between the Defendants;

• Communications between Defendants and third parties concerning the subject matter of this litigation; and

• Partnership agreements between Voltron and 3rd parties;

• Terms of Service (EULA)

• Agreement with Tochka Bank – opening of bank accounts and distribution of credit cards.

• Agreement regarding the use of API

• Don't.Farm User Agreement.

• Agreement with the buyer of Don't.Farm

• Employment Agreement between Voltron and Defendants and Voltron – (these documents are available only in a digital format)

• NDA between Voltron and Defendants – (these documents are available only in a digital format)

All documents above may be obtained through counsel for Defendants.

## 3. **Computation of Damages**

Defendants deny any liability for damages.

## 4. **Insurance**

Defendants are not aware of any insurance. Defendants are continuing to investigate potential insurance coverage claims related to the lawsuit.

**Dated**: Brooklyn, New York
June 27th, 2022

_s/ Litvak_____
Igor Litvak, Esq.
**Attorney for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing DEFENDANTS' AMENDED INITIAL

DISCLOSURES were mailed and emailed to attorneys for Plaintiffs, KING & SPALDING LLP,

at 1185 Avenue of the Americas, 34th Floor, New York, NY 10036 and emailed to

lharris@kslaw.com, on June 27th, 2022.

**Dated**: Brooklyn, New York
June 27th, 2022

    _s/ Litvak_____
Igor Litvak, Esq.
**Attorney for Defendants**