**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Tuesday, July 19, 2022 8:36 AM
**To:** Laura Harris <lharris@kslaw.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

Laura, I never said that my clients preserved, had in their possession or intended to produce any devices subject to discovery, I am not sure where you got that from. The last time we discussed this issue I told you all the devices were returned to Valtron when they finished working for Valtron, and therefore, they do not have any devices in their possession that are discoverable, there is no contradiction. Perhaps maybe you misunderstood me or I misspoke, I am not sure, but to clarify, right now my clients do not have any devices in their possession that would be subject to discovery and there is no way for them to get those devices back from Valtron. There is nothing else my clients can provide in the initial disclosures. Igor.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Laura Harris <lharris@kslaw.com>
**Sent:** Monday, July 18, 2022 10:24 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** RE: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

Thank you, Igor. Please also confirm whether your clients intend to continue to object to the production of electronic devices, or if your clients contend they no longer possess any devices.

———

**Laura Harris**
*Partner*

T: +1 212 790 5360  |  E: lharris@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas

34th Floor
New York, NY 10036



kslaw.com

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Monday, July 18, 2022 10:22 PM
**To:** Laura Harris <lharris@kslaw.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Laura, my clients have nothing else to add to the initial disclosures, you can seek whatever relief you think is appropriate with the court and I will respond at the appropriate time, thank you.

Get Outlook for iOS

**From:** Laura Harris <lharris@kslaw.com>
**Sent:** Monday, July 18, 2022 10:16:28 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** RE: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

Igor,

I'm writing to follow up on our June 27 call and your clients' amended initial disclosures.

As set forth in our earlier correspondence and as we discussed on our call, the initial disclosures your clients produced were materially deficient in several respects.  Your amended disclosures fail to resolve those issues and continue to raise serious concerns regarding your clients' credibility—it strains credulity that they are unable to determine the last names of virtually all of their co-workers, notwithstanding that they appear to have personal and business addresses for those individuals.  We will therefore seek appropriate relief with the Court.

The amended disclosures also provoke questions regarding your fulfillment of your obligations under Rule 11.  We are troubled by your representations on our call that (i) your clients do not "have" any relevant devices, and, in apparent contradiction to that representation, that (ii) any devices they do "have" are owned by Valtron and therefore are not discoverable.  As you will recall, you represented several weeks ago—in connection with our discussions concerning the Case Management Plan that both parties signed and submitted to the Court—that your clients had preserved and intended to produce relevant devices.  Needless to say, we are surprised to learn that is no longer the case.

Regardless, the question whether any particular device is owned by Valtron is irrelevant.  If your clients have the practical ability to obtain documents or devices that might be relevant to the case, they are obligated to produce those materials.   *See* Fed. R. Civ. P. 34(a) (authorizing requests for production of materials "which are in the possession, custody or control of the party upon whom the request is served"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("If the producing party has the legal right or the practical ability to obtain" the materials in question, then that party "is deemed to have 'control,' even if the

documents are actually in the possession of a non-party."). This is particularly true where, as here, employees of a company use or have access to the materials in question as part of their employment. *Flag Telecom*, 236 F.R.D. at 181 (requiring production of non-party documents where "employees [we]re permitted to utilize the documents in the course of employment, as they must in order to perform their jobs"). Accordingly, we expect that your clients have preserved and will produce any devices or materials used in connection with their employment, and that may have any information relevant to the claims and defenses in the case. *See In re NTL Inc. Sec. Litig.*, 244 F.R.D. 179 (S.D.N.Y. 2007) (imposing sanctions on party that failed to preserve and produce relevant evidence in possession of non-party).

Please let us know immediately if you intend to continue to object to the production for inspection of any electronic devices, or if your clients contend they no longer possess any devices.

Regards,
Laura

———

**Laura Harris**
*Partner*

T: +1 212 790 5360  |  E: lharris@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036



kslaw.com

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Monday, June 27, 2022 9:36 PM
**To:** Laura Harris <lharris@kslaw.com>; Luke Roniger <LRoniger@KSLAW.com>
**Cc:** Andrew Michaelson <amichaelson@kslaw.com>; Sumon Dantiki <sdantiki@kslaw.com>; Matthew Bush <mbush@kslaw.com>; Paul Weeks <PWeeks@KSLAW.com>
**Subject:** Re: Google LLC v. Dmitry Starovikov, et al. (1:21-CV-10260)

**CAUTION:** MAIL FROM OUTSIDE THE FIRM

Defendant's amended initial disclosures are attached.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
Website: www.nyccrimelawyer.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or