# THE LITVAK LAW FIRM, PLLC

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM
WWW.LITVAKLAWNY.COM

The Honorable Denise L. Cote                                             July 25th, 2022
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    **Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC**

Dear Judge Cote:

    I represent Defendants Dmitry Starovikov and Alexander Filippov (hereinafter, "Defendants") in the above-referenced matter. I am submitting this Reply in response to Plaintiff's letter, dated July 19th, 2022, ECF #91, to inform the Court that Defendants do not have any additional information to add to the initial disclosures, nor do they know or can obtain the last names demanded by the Plaintiff.

    As a starting point, the parties did meet and confer on June 27th; however, I never told Plaintiff's counsel that "Defendants work **CLOSELY** with the individuals they identified" nor did I acknowledge that I did not ask basic questions regarding those individuals. The main issue was what addresses to provide in the initial disclosures, as my clients could not get those individuals' home addresses, something I mistakenly believed Google was seeking. Once Plaintiff's counsel clarified that their last known employment address would suffice, I immediately agreed to provide it in the amended initial disclosures. I also agreed to provide more detailed information in the amended initial disclosures, including which individuals had information relevant to specific claims, and to provide a list of documents in the Defendants' possession.

    During the same June 27th meet and confer, I also explained to Google's counsel, that the Defendants at some point worked in the same location with some of the individuals identified in the initial disclosures, but it was some time ago, and that the Defendants hadn't had any communication or interaction with them in some time. What's more, I further advised Plaintiff's counsel that any electronic or digital devices Defendants used during their employment at Vatron, have since been returned to Valtron and are no longer in Defendants' possession.

    To elaborate further for the Court, Valtron was established on August 23rd, 2019, and the Defendants started working for Valtron in September 2019. From September 2019 until March 2020, Defendants worked at the Vatron office location. However, Defendants worked in the software development department and had little interaction or communication with other members of Valtron's team. Then, in March of 2020 Covid 19 pandemic hit the globe, and Moscow, like many other cities worldwide, went on lockdown. Valtron closed its offices, and all

the employees switched to working from home. Defendants continued working from home, like employees of many other IT firms, even after the lockdown was lifted in July 2020, and until they left Valtron. This means that since March 2020, Defendants had no interaction with the individuals whose last names Plaintiff now demands. This explains why they do not know those individuals' last names.

Defendants provided in the initial disclosures the full name of Vatron CEO, Chingiz Keklenov, the person who hired Defendants. Defendants also provided the name of Vadim, who was not even an employee of Vatron, and whom they have never met him in person, and therefore do not know his last name. Also, Defendants provided phone numbers for all the individuals and their addresses. The statute specifically requires that only information and documentation in "possession and control" or "to the extent known" must be disclosed. Plaintiff has the chutzpah, while not providing any initial disclosures of its own (something undersigned counsel believes is unjustified), to demand something that Defendants simply do not know and have no ability to obtain. Defendants provided all the information they are required under the statute. Plaintiff's counsel has all of those individuals' phone numbers and can call them to ascertain their last names; it appears that it has not even tried that.

Concerning the list of documents, the list includes all the documents Defendants are in possession and control and that may be used to support their defenses. Defendants personally possess copies of those documents, the list includes various contracts and agreements, terms of use, and user agreements. The list also includes "communications between the Defendants" and "communications between Defendants and third parties concerning the subject matter of this litigation" which include emails and other possible forms of communication. If Plaintiff found this insufficient, it simply could have contacted the undersigned counsel for further clarification without seeking the Court's intervention and accusing Defendants of not abiding by their discovery obligation.

Overall, as explained by the Advisory Committee Notes to the 1993 amendments to Rule 26, the goal of the initial disclosure requirement is to "accelerate the exchange of <u>basic information </u>about the case and to eliminate paper work involved in requesting such information," Rule 26 Advisory Committee Notes, and "the sheer volume of a parties' Initial Disclosure Statement cannot, by itself, constitute a violation of Rule 26(a) because self-executing disclosures are merely <u>a starting point for the discovery process</u>. "<u>United States ex rel. Hunt v. Merck-Medco Managed Care, LLC</u>, 223 F.R.D. 330, 333 (E.D. Pa. 2004)(emphasis added); <u>Bryant v. Norde</u>, No. 16-CV-1428-RRM-SJB, 2018 U.S. Dist. LEXIS 52103, at 3 (E.D.N.Y. Mar. 28, 2018)("A central goal of all versions of initial disclosure has been to get out the basic information at an early point.") . Here, Defendants fully satisfied their obligations to provide Plaintiff with discoverable information to **the extent known**.

Lastly, Defendants request that the settlement conference, scheduled for August 10th, 2022, is adjourned until after the parties engaged in some meaningful discovery. Presently, the parties remain far apart and made no progress toward settlement. In addition, Defendants will be filing an opposition to the Plaintiff's motion for Default judgment as to Doe Defendants, and do not expect the case to settle while that motion is pending, since Plaintiff's motion for default seeks the same relief, as it seeks against the Defendants. Therefore, the likelihood of settlement at present is extremely remote, and the August 10th, 2022, settlement conference very likely will only waste judicial recourses. Thank you for your attention to this letter.

        Respectfully,

cc: Counsel of Record (via ECF)

        s/ Igor Litvak
        Igor Litvak, Esq.