# KING & SPALDING

Laura Harris
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
E: LHarris@kslaw.com
T: (212) 556-2100

**BY ECF**

September 13, 2022

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

>   *Re: Google LLC v. Starovikov, et al.*, 1:21-cv-10260

Dear Judge Cote:

  I write on behalf of Google LLC to inform the Court of a significant development that occurred last Thursday, September 8, 2022, in the above-captioned matter.  In a telephone conference scheduled at the request of Defendants' counsel for the purpose of conveying a purported settlement offer, Mr. Litvak stated that Defendants would provide Google with private keys for all bitcoin addresses connected to Glupteba—which Mr. Litvak represented would enable Google to permanently destroy the Glupteba botnet—if Google paid each Defendant $1 million and agreed to not report Defendants' conduct to law enforcement, among other conditions.  When we explained that Defendants were already obligated to provide these keys in response to Google's outstanding discovery requests, Mr. Litvak clarified that Defendants themselves do not possess the private keys but that *Valtron* would be willing to provide them if Defendants reached a settlement with Google.  Google asked Mr. Litvak for the basis of Defendants' demand for money; Mr. Litvak stated that the basis sounds in the harm that this lawsuit has caused to Defendants' reputation and ability to work.

  In essence, Defendants are offering that if Google pays millions of dollars *to them*, they will turn over the keys to a global botnet that, as Google alleges, Defendants use to infect computers and other devices with malware, to steal Google user account information, and to thereby harm Google and others.  That is extortion: a demand for payment, without any claim of right, in exchange for the promise to not cause harm to property or reputation.

  This is yet another act of bad faith that supports Google's pending motion for sanctions, as Defendants' proposed terms are nothing more than "a bad faith attempt to extract a settlement" despite having "no reasonable basis" and a "complete lack of evidence" for a viable claim against Google.  *PaySys Int'l, Inc. v. Atos Se*, 2019 WL 2051812, at *10 (S.D.N.Y. May 9, 2019) (Cote, J.) (imposing sanctions where a party's course of conduct was undertaken "not because [it] believed it had viable claims for relief, but rather to gain a competitive advantage and to *use litigation as a profit center*") (emphasis added); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (noting that federal courts may "fashion an appropriate sanction for conduct which abuses the judicial process"); *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 283 (2d Cir. 2021) (sanctions appropriate where there is a "finding of bad faith, and a finding that conduct is without color or for an improper purpose"); *Lawrence v. Wilder Richman Sec. Corp.*, 467 F. Supp. 2d 228, 233 (D. Conn. 2006) (holding that "evidence of settlement of an action, or of settlement negotiations, can be considered, if relevant, to determine the objective reasonableness of a party's

Page 2

position" when assessing the "objective unreasonableness" standard for Rule 11 sanctions); *Giganti v. Gen-X Strategies, Inc*., 222 F.R.D. 299, 313 & n.38 (E.D. Va. 2004) ("While [Rule 408] itself does not expressly indicate that a motion for sanctions qualifies as 'another purpose' such that the rule of exclusion does not apply here, courts in this and other circuits have considered settlement documents when reviewing a motion for sanctions.") (citing cases).

Google is reporting Defendants' offer to federal law enforcement as evidence of a federal crime.  *See, e.g.*, 18 U.S.C. § 875(d) (prohibiting, with intent to extort money from a corporation, interstate communications "containing any threat to injure the property or reputation of the addressee").  Extortion occurs where the claimant "has no plausible claim of right to the money demanded or if there is no nexus between the threat and the defendant's claim."  *United States v. Jackson*, 196 F.3d 383, 387 (2d Cir. 1999).  This statute has been applied to threats made in the context of bad faith settlement demands that have no connection to any viable legal claim against the party to whom the demand was made.  *See United States v. Avenatti*, 2022 WL 394494, at *1 (S.D.N.Y. Feb. 9, 2022).

Barring developments arising from its referral to law enforcement, Google intends to file its reply in support of its motion for sanctions by this Friday, September 16, under the current schedule.  To the extent any additional developments arise that might affect the current schedule, we will bring them to the Court's attention.

    Respectfully submitted,

    */s/ Laura Harris*
    Laura Harris