# THE LITVAK LAW FIRM, PLLC

## IGOR B. LITVAK, ESQ.
**1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908-IGOR@LITVAKLAWNY.COM**

September 16, 2022

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        **Re:** **Google LLC v. Dmitry Starovikov, et al. Docket No. 1:21-cv-10260-DLC**

Dear Judge Cote:

      I represent defendants Dmitry Starovikov and Alexander Filippov (hereinafter, "Defendants") in the above-referenced matter. I am writing to update the court on the Defendants' efforts to obtain Russian international passports.

      Mr. Starovikov and Mr. Filippov applied for the standard 10-year Russian international passport on June 17th, 2022, with both applications being accepted for review on June 20, 2022. Ex. 1. The standard 10-year International Russian passport is biometric and has a microchip implanted inside a passport for those purposes. It's similar to many other international passports, including US passports. See https://www.dhs.gov/e-passports Because of the war in Ukraine and the resulting sanctions, at the end of August 2022 Russia suspended the issuance of the standard international 10-year biometric passports due to a microchip shortage. See Ex. 2, 3. Even the official Russian Federation government website says the same, see translated notice from the Russian Federations Consular Information Portal with English translation. Ex. 4, see also https://europe-cities.com/2022/08/27/russia-to-temporarily-stop-issuing-biometric-passports-abroad/.

      As the update to the court date of September 16 was coming up, and after not getting a decision on his passport application, Mr. Starovikov went to the passport office to inquire as to the status of his application. On September 13 Mr. Starovikov finally received a decision dated September 9, 2022, stating that the passport is "refused according to clause 5 of article 15 of Federal Law No. 114-FZ Concerning the Procedure for Exit from Russian Federation and Entry into Russian Federation dated 08.15.1996" Ex. 5 (with translation).

      In 2018 Mr. Starovikov sued the Moscow municipality after some city property fell and damaged his car as he was driving under an overpass. The Russian Court found the municipality liable for damaging Mr. Starovikov's car and ordered the municipality to pay him 22,000 rubles. However, because the damage assessment to the car was done by the court's expert, the court ordered Mr. Starovikov to reimburse the court for the expert's fee in the amount of 55,000 rubles (about $1,000 under the current exchange rate). See Ex. 6, 7, 8 [1] Mr. Starovkov knew about this

---

[1] Due to time constrains Exhibits 6, 7, and 8 were not translated into English, however, if the court so wishes, Defendants can submit certified translations by middle of next week.

debt but because he considered it to be unjust, he never paid it and eventually just decided to ignore it. Now it appears that the Court reported that debt to the Russian Passport authorities who are now using it as a reason to deny him an international passport. Mr. Starovikov never knew that such unpaid debt could be used as a reason to deny someone an international passport. Mr. Starovikov will pay the Court's debt in the coming weeks, but even then, it will take months for the debt to be cleared from passport offices' records, after which time Mr. Starovikov would have to apply again for the international passport.

After the start of the war in Ukraine, hundreds of thousands of Russians left Russia with many more wanting and waiting to leave.  See https://www.aljazeera.com/news/2022/4/18/why-white-collar-russians-flee-two, see also, https://www.cnbc.com/2022/07/14/russians-flee-putins-regime-after-ukraine-war-in-second-wave-of-migration.html. This put a huge strain on the bureaucracy that is in charge of issuing Russian passports. Upon affirmation and belief, the wait for passport applications to be approved is even longer now than ever before. What's more, because many of the individuals who are leaving are IT professionals, just like the Defendants, to prevent further technological degradation the Russian government is doing all it can to prevent many of them from leaving the country, even apparently using various pretexts to deny international passports. See https://www.nytimes.com/2022/04/13/technology/russia-tech-workers.html, See also  https://www.thedailybeast.com/putins-secret-police-prevent-2-million-from-leaving-russia. See also https://slate.com/technology/2022/06/russian-tech-workers-fleeing.html.

Considering the above, Mr. Starovikov would need to wait a few months to even start applying for a Russian passport again. Then, because of the microchip shortage, he can only apply for a regular, 5-year nonbiometric passport, which is a different application from the 10-year passport. However, because he is an IT worker, and because offices that issue passports are inundated with applications, it may take up to a year to get his nonbiometric 5-year passport application approved.

Mr. Alexander Filippov went to the passport office this week to inquire as to the status of his passport application. He was told there is no decision as it's still being processed. However, Mr. Filippov also applied for the same 10-year biometric passport, and because of the suspension of the issuance of such passport due to a chip shortage, his application will surely be denied as well. He will need to file a new passport application for a 5-year nonbiometric passport. But again, because he is an IT worker, and because offices are overwhelmed with passport applications from Russians trying to flee the country, he was told that realistically it could take up to a year to get his nonbiometric passport approved.

Considering the above, Defendants again request that their depositions take place in Kazakhstan, the only neutral country they can travel to. They will agree to conduct their depositions inside a US embassy. There is no difference to Plaintiff where depositions take place, but for the Defendants Kazakhstan is the only country they can travel to, and which is also practical for deposition. Lastly, Defendants served their discovery responses to request for production and interrogatories, therefore, barring any developments arising from those responses, including a motion to compel, Defendants' deposition is the only thing that remains before Defendants fulfill their discovery obligations.

Thank you for your attention to this letter.   Respectfully,

cc: Counsel of Record (via ECF)   s/ Igor Litvak
   Igor Litvak, Esq.