# РЕШЕНИЕ
## Именем Российской Федерации

24 января 2019 года                                                                                                  город Москва

Лефортовский районный суд города Москвы в составе:
председательствующего судьи Каргальцева А.И.,
при секретаре судебного заседания Толстиковой М.Л.,
с участием представителя ответчика Ч.К.Г.,
рассмотрев в открытом судебном заседании гражданское дело № 2-378/2019 по иску Старовикова Д.С. к Государственному бюджетному учреждению города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» о возмещении материального ущерба, руководствуясь ст. 199 ГПК РФ,

## РЕШИЛ:

исковые требования Старовикова Д.С. к Государственному бюджетному учреждению города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» о возмещении материального ущерба удовлетворить частично.
Взыскать с Государственного бюджетного учреждения города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» в пользу Старовикова Д.С. денежные средства в размере 22 505 руб. 00 коп. в счет возмещения причиненного материального ущерба, а также судебные расходы на уплату государственной пошлины при подаче иска в суд в размере 286 руб. 11 коп.
В удовлетворении остальной части исковых требований отказать.
Взыскать с Государственного бюджетного учреждения города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» в пользу АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» издержки, связанные с рассмотрением дела в суде первой инстанции, в виде расходов на проведение судебной экспертизы в размере 1 208 руб. 40 коп.
Взыскать со Старовикова Д.С. в пользу АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» издержки, связанные с рассмотрением дела в суде первой инстанции, в виде расходов на проведение судебной экспертизы в размере 55 791 руб. 60 коп.
Решение может быть обжаловано в Московский городской суд через Лефортовский районный суд города Москвы в течение месяца со дня принятия решения суда в окончательной форме.

Судья                                                                                                                      А.И. Каргальцев

# РЕШЕНИЕ

**Именем Российской Федерации**

24 января 2019 года                                                                                                       город Москва

Лефортовский районный суд города Москвы в составе:
председательствующего судьи Каргальцева А.И.,
при секретаре судебного заседания Толстиковой М.Л.,
с участием представителя ответчика Ч.К.Г.,
рассмотрев в открытом судебном заседании гражданское дело № 2-378/2019 по иску Старовикова Д.С. к Государственному бюджетному учреждению города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» о возмещении материального ущерба,

## УСТАНОВИЛ:

Старовиков Д.С. обратился в суд с иском к Государственному бюджетному учреждению города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» (ГБУ «Гормост») о взыскании денежных средств в размере 1 059 798 руб. 80 коп. в счет возмещения причиненного материального ущерба, а также расходов на уплату государственной пошлины при подаче иска в суд в размере 13 496 руб. 00 коп.

В обоснование заявленных требований истец указал, что ДАТА принадлежащее истцу транспортное средство марки «МАРКА» государственный регистрационный знак НОМЕР получило механические повреждения в результате падения на него защитного экрана с мостового объекта, расположенного по адресу: АДРЕС. Организацией, осуществляющей содержание и эксплуатацию данного мостового объекта, является ГБУ «Гормост». Для определения размера причиненного ущерба истец организовал проведение оценки, которая показала, что стоимость восстановительного ремонта принадлежащего истцу транспортного средства составляет 1 059 798 руб. 80 коп. без учета износа заменяемых деталей. До настоящего времени причиненный истцу материальный ущерб не возмещен.

Истец Старовиков Д.С. в судебное заседание не явился, причину неявки суду не сообщил, о времени и месте судебного заседания извещался надлежащим образом, об отложении слушания дела не ходатайствовал, своего представителя в суд не направил.

Представитель ответчика ГБУ «Гормост» по доверенности – Ч.К.Г. в судебное заседание явился, возражал против удовлетворения исковых требований по доводам, изложенным в письменных возражениях на иск (л.д. 95-96).

Принимая во внимание изложенное, а также исходя из принципа диспозитивности гражданского процесса, в соответствии с которым стороны самостоятельно и по своему усмотрению распоряжаются предоставленными им процессуальными правами, в том числе правом на непосредственное участие в судебном разбирательстве, с учетом положений ч. 4 ст. 167 ГПК РФ суд считает возможным рассмотреть дело в данном судебном заседании в отсутствие истца.

Выслушав представителя ответчика, изучив материалы дела, оценив представленные доказательства в их совокупности, суд приходит к следующему.

В соответствии с п. 1 ст. 1064 ГК РФ вред, причиненный личности или имуществу гражданина, а также вред, причиненный имуществу юридического лица, подлежит возмещению в полном объеме лицом, причинившим вред; законом обязанность возмещения вреда может быть возложена на лицо, не являющееся причинителем вреда.

Вина причинителя вреда презюмируется, поскольку он освобождается от возмещения вреда только тогда, когда докажет, что вред причинен не по его вине (п. 2 ст. 1064 ГК РФ).

Как следует из положений ст. 15 ГК РФ, лицо, право которого нарушено, может требовать полного возмещения причиненных ему убытков, если законом или договором не предусмотрено возмещение убытков в меньшем размере (п. 1); под убытками понимаются расходы, которые лицо, чье право нарушено, произвело или должно будет произвести для

восстановления нарушенного права, утрата или повреждение его имущества (реальный ущерб), а также неполученные доходы, которые это лицо получило бы при обычных условиях гражданского оборота, если бы его право не было нарушено (упущенная выгода) (п. 2).

В соответствии с Положением о Департаменте жилищно-коммунального хозяйства города Москвы, утвержденным постановлением Правительства Москвы от 28 ноября 2017 года № 915-ПП, Департамент является отраслевым органом исполнительной власти города Москвы, осуществляющим функции по разработке и реализации государственной политики в сфере дорожно-мостового хозяйства, содержания и ремонта инженерных объектов и коммуникаций.

На основании распоряжения Правительства Москвы от 30 августа 2011 года № 657-РП в целях обеспечения реализации полномочий, возложенных на Департамент жилищно-коммунального хозяйства и благоустройства города Москвы в сфере дорожно-мостового хозяйства, ГУП города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» (ГУП «Гормост») реорганизовано путем преобразования в ГБУ города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» (ГБУ «Гормост»).

Согласно п. 2.1 указанного распоряжения Правительства Москвы (в редакции распоряжения Правительства Москвы от 31 марта 2017 года № 132-РП) основной целью деятельности ГБУ «Гормост» является, помимо прочего, осуществление капитального ремонта, ремонта и содержания инженерных сооружений, мостов, путепроводов, эстакад, тоннелей, подземных и надземных пешеходных переходов, пешеходных регулирующих ограждений, глубокого дренажа, коллекторов, набережных, фонтанов, гранитных покрытий, лестничных сходов, объектов благоустройства и монументального искусства, находящихся в собственности города Москвы.

Как следует из Устава ГБУ «Гормост», данное Учреждение создано для выполнения работ, оказания услуг в целях обеспечения реализации полномочий, возложенных на Департамент жилищно-коммунального хозяйства и благоустройства города Москвы в сфере дорожно-мостового хозяйства, содержания и ремонта инженерных объектов и коммуникаций (п. 2.1).

Основной целью деятельности ГБУ «Гормост», согласно п. 2.2 Устава, является осуществление капитального ремонта и содержания инженерных сооружений, мостов, путепроводов, эстакад, тоннелей, надземных и подземных пешеходных переходов, пешеходных регулирующих ограждений, глубокого дренажа, коллекторов, набережных, фонтанов, гранитных покрытий, лестничных сходов, объектов благоустройства, и монументального искусства, находящихся в собственности города Москвы.

Для достижения основанной цели деятельности и для обеспечения реализации полномочий в сфере дорожно-мостового хозяйств, содержания и ремонта инженерных объектов и коммуникаций Учреждение осуществляет капитальный ремонт, реконструкцию, модернизацию, достройку, дооборудование, переустройство, содержание (уборка, техническая эксплуатация, техническое обслуживание, обеспечение охраны и безопасности) инженерных сооружений (мостов, транспортных тоннелей, путепроводов, эстакад, подземных и надземных пешеходных переходов, коллекторов, акведуков, набережных) (п. 2.3.1 Устава).

В ходе судебного разбирательства установлено и следует из материалов дела, что в период, относящийся к обстоятельствам дела, истцу Старовикову Д.С. на праве собственности принадлежало транспортное средство марки «МАРКА» государственный регистрационный знак НОМЕР (л.д. 10).

ДАТА ВРЕМЯ по адресу: АДРЕС в результате падения на проезжую часть дороги защитного экрана мостового сооружения принадлежавшему истцу транспортному средству марки «МАРКА» государственный регистрационный знак НОМЕР были причинены механические повреждения.

Указанные обстоятельства подтверждаются копией административного материала по факту данного дорожно-транспортного происшествия, составленного должностным лицом 4 СБ ДПС ГИБДД на спецтрассе ГУ МВД России по городу Москве, а также копией

вступившего в законную силу постановления судьи С. районного суда города М. от ДАТА, которым сотрудник ответчика ГБУ «Гормост» П.М.С. признан виновным в совершении административного правонарушения, предусмотренного ч. 1 ст. 12.34 КоАП РФ, а именно в том, что ДАТА ВРЕМЯ по адресу: АДРЕС, являясь должностным лицом ГБУ «Гормост» – инженером мостового эксплуатационного участка «Гормост-Север» ГБУ «Гормост», нарушил правила содержания сооружений в безопасном состоянии, что повлекло падение защитного экрана на автомобиль «МАРКА» государственный регистрационный знак НОМЕР (л.д. 64-92).

Для определения размера причиненного ущерба истец обратился в ООО «». Согласно отчету об оценке от ДАТА НОМЕР, подготовленному экспертом-техником ООО «», стоимость восстановительного ремонта принадлежавшего истцу транспортного средства с учетом процента износа деталей, подлежащих замене при восстановительном ремонте, составила 946 487 руб. 80 коп., без учета износа – 1 059 798 руб. 80 коп. (л.д. 11-22).

До настоящего времени причиненный истцу материальный ущерб ответчиком не возмещен, доказательств обратного суду не представлено и в материалах дела не имеется.

При рассмотрении настоящего дела суд исходит из того, что в соответствии с приведенными выше нормативными положениями обязанность по содержанию инженерных объектов в городе Москве, в том числе мостовых сооружений, возложена именно на ответчика ГБУ «Гормост», при этом механические повреждения на принадлежавшем истцу транспортном средстве марки «МАРКА» государственный регистрационный знак НОМЕР возникли вследствие ненадлежащего содержания мостового сооружения, что привело к падению защитного экрана на проезжую часть дороги.

Возражая против удовлетворения исковых требований, представитель ответчика заявил о недоказанности факта причинения истцу ущерба в результате противоправного поведения ответчика и причинно-следственной связи между деятельностью ответчика и причинением ущерба автомобилю истца.

Суд отклоняет данный довод представителя ответчика, поскольку он опровергается представленными в материалы дела доказательствами, совокупность которых в достаточной степени определенно указывает на то, что падение на проезжую часть дороги защитного экрана с мостового сооружения, расположенного по адресу: АДРЕС, произошло вследствие ненадлежащего исполнения ответчиком обязанностей по содержанию данного сооружения. Вопреки требованиям ч. 1 ст. 56 ГПК РФ и п. 2 ст. 1064 ГК РФ ответчик не опроверг обстоятельства причинения вреда и не представил доказательства отсутствия своей вины в причинении вреда, наличия обстоятельств, освобождающих его от ответственности, либо наличия грубой неосторожности со стороны самого истца.

В ходе судебного разбирательства представитель ответчика также не согласился с представленным истцом отчетом об оценке стоимости восстановительного ремонта поврежденного транспортного средства от ДАТА НОМЕР, подготовленным экспертом-техником ООО «», указав на то, что перечень работ, запасных частей и материалов, необходимых для восстановительного ремонта, а также перечень повреждений принадлежавшего истцу транспортного средства многократно и неправомерно расширен.

Определением Лефортовского районного суда города Москвы от 04 декабря 2018 года по ходатайству представителя ответчика по делу назначена судебная экспертиза, проведение которой поручено АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» (л.д. 106-107).

Согласно заключению эксперта АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» от ДАТА НОМЕР в результате события, произошедшего ДАТА года, на автомобиле марки «МАРКА» государственный регистрационный знак НОМЕР повреждено лакокрасочное покрытие лицевой поверхности капота и переднего левого крыла; иные повреждения на кузове автомобиля признаны экспертом не относящимися к обстоятельствам рассматриваемого события по мотивам, изложенным в экспертном заключении; стоимость восстановительного ремонта транспортного средства марки «МАРКА» государственный регистрационный знак НОМЕР, исходя из действующих в Московском регионе цен на детали, расходные материалы и работы по повреждениям, полученным в результате события,

произошедшего ДАТА года, с учетом и без учета износа заменяемых деталей составляет 22 505 руб. 00 коп. (л.д. 127-164).

Оценив собранные по делу доказательства, суд полагает возможным установить размер причиненного истцу ущерба на основании заключения эксперта АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» от ДАТА НОМЕР, поскольку оснований не доверять данному экспертному заключению у суда не имеется; при проведении исследования эксперт был предупрежден об уголовной ответственности за дачу заведомо ложного заключения по ст. 307 УК РФ; полученные экспертом результаты основаны на действующих правилах и методиках проведения транспортно-трасологических и автотехнических оценочных экспертиз, заключение эксперта является определенным, полным и мотивированным, противоречий, свидетельствующих об ошибочности выводов эксперта, не содержит. Возражений относительно выводов эксперта сторонами не заявлено.

Суд не может принять во внимание представленный истцом отчет об оценке от ДАТА НОМЕР, подготовленный экспертом-техником ООО «», поскольку данное заключение оспорено ответчиком, оно составлено вне рамок судебного разбирательства, а специалист, составивший отчет, при проведении исследования об уголовной ответственности по ст. 307 УК РФ в установленном порядке не предупреждался.

При определении размера ущерба, подлежащего возмещению ответчиком, суд исходит из того, что на основании положений ст. 15 ГК РФ в их взаимосвязи с правовой позицией, выраженной в п. 13 постановления Пленума Верховного Суда Российской Федерации от 23 июня 2015 года № 25 «О применении некоторых положений раздела I части первой Гражданского кодекса Российской Федерации», истец вправе требовать от ответчика возмещения ущерба без учета износа деталей автомобиля, подлежащих замене при восстановительном ремонте.

Тем самым с ответчика в пользу истца подлежат взысканию денежные средства в размере 22 505 руб. 00 коп. в счет возмещения причиненного материального ущерба.

Согласно ч. 1 ст. 98 ГПК РФ стороне, в пользу которой состоялось решение суда, суд присуждает возместить с другой стороны все понесенные по делу судебные расходы, за исключением случая, когда действия, подлежащие оплате, были осуществлены по инициативе суда; при неполном (частичном) удовлетворении имущественных требований, подлежащих оценке, судебные издержки присуждаются истцу пропорционально размеру удовлетворенных судом исковых требований, а ответчику – пропорционально той части исковых требований, в которой истцу отказано.

В ходе рассмотрения данного гражданского дела истец понес расходы на уплату государственной пошлины при подаче иска в суд в размере 13 496 руб. 00 коп. Данные расходы подтверждены истцом документально и заявлены ко взысканию с ответчика.

Принимая во внимание, что требования истца имущественного характера удовлетворены судом частично (на 2,12 %), на основании ч. 1 ст. 98 ГПК РФ с ответчика в пользу истца подлежат взысканию расходы на уплату государственной пошлины при подаче иска в суд пропорционально удовлетворенной части исковых требований, то есть в размере 286 руб. 11 коп. (13 496 руб. 00 коп. × 2,12 %).

Кроме того, 09 января 2019 года в суд поступило заявление АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» о распределении издержек, связанных с проведением судебной экспертизы, поскольку ответчиком проведение экспертизы оплачено не было; расходы на выполнение работ, связанных с проведением судебной экспертизы, составили 57 000 руб. 00 коп. (л.д. 126).

Руководствуясь положениями ч. 1 ст. 98 ГПК РФ, с учетом размера удовлетворенных исковых требований, суд взыскивает с ответчика в пользу АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» издержки, связанные с рассмотрением дела, в виде расходов на проведение судебной экспертизы в размере 1 208 руб. 40 коп. (57 000 руб. 00 коп. × 2,12 %); с истца в пользу АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» суд взыскивает издержки, связанные с рассмотрением дела, в виде расходов на проведение судебной экспертизы в размере 55 791 руб. 60 коп. (57 000 руб. 00 коп. – 1 208 руб. 40 коп.).

На основании изложенного, руководствуясь ст.ст. 194 – 198 ГПК РФ, суд

## РЕШИЛ:

исковые требования Старовикова Д.С. к Государственному бюджетному учреждению города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» о возмещении материального ущерба удовлетворить частично.

Взыскать с Государственного бюджетного учреждения города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» в пользу Старовикова Д.С. денежные средства в размере 22 505 руб. 00 коп. в счет возмещения причиненного материального ущерба, а также судебные расходы на уплату государственной пошлины при подаче иска в суд в размере 286 руб. 11 коп.

В удовлетворении остальной части исковых требований отказать.

Взыскать с Государственного бюджетного учреждения города Москвы по эксплуатации и ремонту инженерных сооружений «Гормост» в пользу АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» издержки, связанные с рассмотрением дела в суде первой инстанции, в виде расходов на проведение судебной экспертизы в размере 1 208 руб. 40 коп.

Взыскать со Старовикова Д.С. в пользу АНО «Центр Независимых Экспертиз и права «Стандарт Эксперт» издержки, связанные с рассмотрением дела в суде первой инстанции, в виде расходов на проведение судебной экспертизы в размере 55 791 руб. 60 коп.

Решение может быть обжаловано в Московский городской суд через Лефортовский районный суд города Москвы в течение месяца со дня принятия решения суда в окончательной форме.

Судья                                                                                                                         А.И. Каргальцев