# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOOGLE LLC,

                      Plaintiff,                Civil Action No.: 1:21-cv-10260-DLC

- against -

DMITRY STAROVIKOV;
ALEXANDER FILIPPOV;
and Does 1-15,

                      Defendants.
-------------------------------------------------------------------X

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION PURSUANT TO FRCP 34

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the orders of this Court, Defendants DMITRY STAROVIKOV and ALEXANDER FILIPPOV ("Defendants") submits the following objections and responses to Plaintiffs First Set of Requests for Production:

## GENERAL OBJECTIONS

The following General Objections apply to all Request, whether or not the General Objections are referred to specifically in Defendants' response to any particular Request:

1. Defendants object to the Requests for Production to the extent they seek to impose upon Defendants any obligation in addition to, different from or inconsistent with those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendants object to the Requests for Production to the extent that the Requests for Production, or the instructions or definitions incorporated therein, are vague, ambiguous, overbroad and/or unduly burdensome or cannot be compiled without incurring undue expenses.

3. Defendants object to the Requests for Production to the extent they seek information that is not material or necessary to the prosecution or defense of this action, not

reasonably likely to lead to discovery of admissible evidence related to this action, or otherwise not relevant or related to the issues disputed in this action.

4. Defendants object to the Requests for Production to the extent they seek information that is cumulative and/or redundant, and/or to the extent that any Request is duplicative of another Request.

5. Defendants object to the Requests for Production to the extent they seek to discover information that is protected due to the fact that it was prepared in anticipation of litigation or is otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or by any immunity. Defendants will not provide information that is subject to such protection, privilege, or immunity, and any inadvertent disclosure by Defendants of such information shall not be deemed a waiver by Defendants of such protection, privilege or immunity in this action.

6. Defendants object to the Instructions insofar as Plaintiffs are attempting to incorporate third parties that are not a party to this litigation.

7. Defendants object to the Requests for Production to the extent that they seek information that is within the knowledge and custody of other entities that are not parties to this action and/or not within the knowledge and custody of Defendants. Defendants further object to these Requests for Production to the extent that they seek information not known to Defendants or not reasonably within Defendants' knowledge and control, or request Defendants to search places, or contact individuals, where such information is not likely to be kept in the ordinary course of Defendants' businesses.

8. Defendants object to the Requests for Production to the extent they seek information that is in the public domain as it is equally available to, and the burden of procuring such information is the same for, Plaintiffs and Defendants.

9. Defendants object to the Requests to the extent that they are unduly burdensome and oppressive, insofar as they seek information that is already in Plaintiffs' possession, that has already been made available to Plaintiffs, or is equally available to Plaintiffs from other sources that are more convenient, less burdensome and/or less expensive.

10. Defendants object to the Requests for Production on the basis that there is no stated time period for the timeframe for which he must provide a response. Defendants object to the Requests to the extent they seek information regarding time periods that are not material or relevant to the issues in dispute in this action on the grounds that such requests are overbroad, unduly burdensome, harassing and not reasonably calculated to lead to discovery of admissible evidence.

11. Defendants object to the Instructions contained in the Requests for Production to the extent applicable upon each and every ground set forth above. Additionally, Defendants object to the instructions contained within the Requests for Production in their entirety. Those instructions collectively attempt to dictate the manner in which Defendants must respond to the Requests, particularly to the extent that such rules exceed those applicable to this litigation under Federal Rules of Civil Procedure, court order or agreement of the parties.

13. Defendants make these Responses subject to the reservation of their rights to object to the introduction into evidence, in this or any other action, of any information provided upon grounds of confidentiality, relevance, materiality, hearsay and/or admissibility or other applicable grounds.

14. Discovery in this case is not complete and Defendants' investigation is ongoing. The Responses herein are based upon such information and documents as are currently available to Defendants at this time. Further, independent investigation, legal research and analysis by Defendants or their counsel may supply additional facts or documents and/or add

meaning to known facts or, documents. The Defendants hereinafter set forth are given without prejudice to Defendants' right to introduce evidence of any subsequently discovered or compiled facts or interpretation thereof, or to supplement, amend, and/or revise this Response up to and including the time of trial.

<u>**RESPONSES**</u>

**REQUEST FOR PRODUCTION NO. 1** All Documents concerning the development, programming, use, marketing, lease, sale, installation, upgrading, and maintenance of the Glupteba Malware.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 1.

**REQUEST FOR PRODUCTION NO. 2** All Documents concerning the products, software, or projects developed (in whole or in part), offered, marketed, or sold by the Glupteba Enterprise.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and

embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 2.

**REQUEST FOR PRODUCTION NO. 3** Documents sufficient to identify the customers of the Glupteba Enterprise, including for each customer: names, email addresses, telephone numbers, physical addresses, and any other information kept in the ordinary course of business.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 3.

**REQUEST FOR PRODUCTION NO. 4** Documents sufficient to show the corporate formation, structure, leadership, ownership, and employees of all entities affiliated with the Glupteba Enterprise, including any organizational charts and employee lists for each of these entities.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and

embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 4.

**REQUEST FOR PRODUCTION NO. 5** Documents sufficient to show all instructions, manuals, terms of service, service agreements, and/or other training materials or agreements for customers of Dont.farm.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

Rent.Don't.Farm-buyers.pdf

Don't'Farm – Terms and Conditions

**REQUEST FOR PRODUCTION NO. 6** All Documents concerning Bank Otkritie and Extracard.net (a/k/a Card.farm), including all agreements and communications between you and Bank Otkritie.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and

embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants produce documents as attached.

oferta-reklamny-i-servis2.pdf

oferta-otkry-ty-i-api2.pdf

open(1-4).jpg

**REQUEST FOR PRODUCTION NO. 7** All Documents concerning Extracard.net.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

Extracard worked via API with the bank, Defendants are enclosing part of source code that was used to interact with the bank. Mr. Starovikov and Filippov were responsible for development of architecture and software for working with the Bank's API (receiving of the cards, controlling cards limits, processing of the transactions).

**REQUEST FOR PRODUCTION NO. 8** All Documents concerning AWMProxy.net (a/k/a VD.net), including communications with AWMProxy.net customers and documents concerning the provision of proxy services to AWMProxy.net customers.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the

grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 8.

**REQUEST FOR PRODUCTION NO. 9** All Documents concerning your development or acquisition of AWMProxy.net (VD.net), including documents sufficient to identify the previous owner (if any) and any documents concerning any change in ownership or control.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants provide the following response.

The defendants were developing a proxy module architecture (probably for awmproxy, but they don't know for sure). Their task, as ordered by Valtron and its CEO, was to develop a proxy module architecture without using a backconnect proxies. The defendants used webrtc connection in the architecture. However, they do not have any documents regarding this.

**REQUEST FOR PRODUCTION NO. 10** All Documents concerning the purchase or sale of advertisements on a Google platform, including any sales of advertisements through Trafspin.com and Push.farm.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be

obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 10.

**REQUEST FOR PRODUCTION NO. 11** All Documents concerning the purchase, sale, or lease of log-in or account credentials, or access to such credentials, for any Google platform, including through Dont.farm.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants produce documents as attached.

rent.dont.farm(1-3).jpg.

**REQUEST FOR PRODUCTION NO. 12** All documents concerning any cryptocurrency wallets and associated public or private keys owned, controlled, or used, in whole or in part, by you or by the Glupteba Enterprise, including, but not limited to, the following Bitcoin addresses:

a. 15y7dskU5TqNHXRtu5wzBpXdY5mT4RZNC6,

b. 1CgPCp3E9399ZFodMnTSSvaf5TpGiym2N1,

c. 1CUhaTe3AiP9Tdr4B6wedoe9vNsymLiD97,

d. 15nWGFaodg3efVKATgsaaSPU2TxSbiMHcP,

e. 1BL6NZSoXtMSdquRmePDUCQxFaXtLLSVWG,

f. 1LQ2EPBwPqdbmXwN6RodPS4xqcm8EtPcaB,

g. 12EfzLra6LttQ8RWvBTDzJUjYE6eRxx4TY,

h. 1HjoomvzjtvZdbznoEijTNAkMjmsFba9fY,

i. 1HSC8Yt2yjuFUSGpUfJnwLMr4HzNxV3dvP, and

j. 1KfLXEveeDEi58wvuBBxuywUA1V66F5QXK.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 12.

**REQUEST FOR PRODUCTION NO. 13** Documents sufficient to show the devices used to mine cryptocurrency in connection with Glupteba Malware and the Glupteba Botnet, and the type and amount of cryptocurrency mined by each device.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 13.

**REQUEST FOR PRODUCTION NO. 14** All Documents concerning document destruction or document retention practices (including for electronic mail and chats) of the Glupteba Enterprise.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 14.

**REQUEST FOR PRODUCTION NO. 15** Documents sufficient to show the processes by which you obtain and record user consent for the purchase and sale of log-in credentials, proxy access, or the distribution of any type of software, code, or instructions onto such users' devices.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

UELA

**REQUEST FOR PRODUCTION NO. 16** Documents sufficient to show the annual revenues, profits, expenses, and costs for the Glupteba Enterprise and each of its affiliated entities since 2011.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 16.

**REQUEST FOR PRODUCTION NO. 17** Documents sufficient to identify all bank accounts and blockchain wallets for all entities associated with the Glupteba Enterprise.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 17.

**REQUEST FOR PRODUCTION NO. 18** Documents sufficient to identify your current and prior employment history, including the name and contact information of past and current employers, your title, the dates of your employment, your income and/or compensation (through salary, contract or otherwise), and responsibilities in each past or current position.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly

burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants refuse to respond to Request for Production No. 18.

**REQUEST FOR PRODUCTION NO. 19** Documents sufficient to identify all email accounts or addresses used by you at any time since January 1, 2011.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants refuse to respond to Request for Production 19.

**REQUEST FOR PRODUCTION NO. 20** Documents sufficient to identify the Internet domains and Internet Protocol addresses of servers used by the Glupteba Enterprise, including any Internet domains and Internet Protocol addresses used to host or redirect to command and control (C2) or content delivery network (CDN) infrastructure used by the Glupteba Botnet or any of the Glupteba Enterprise's affiliated entities. This request includes servers hosted in jurisdictions outside the Russian Federation.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the

grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 20.

**REQUEST FOR PRODUCTION NO. 21** Documents sufficient to identify the electronic devices in your possession, custody, or control, whether such device is still in use or not, including

for each device:

a. A description of the device;

b. The model and serial number;

c. The time period during which the device was in use;

d. All users for the period referenced above;

e. All locations where the equipment was located;

f. The operating system installed on each device; and

g. If the device is no longer in use, the last person to have custody of the device.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no documents in possession of the Defendants subject to Request for Production 21.

**REQUEST FOR PRODUCTION NO. 22** All Documents identified, referenced, or relied on to

prepare Defendants' Declarations in Support of Their Motion to Vacate the Entry of Default and Defendants' Answer. *See* ECF 47-2, 47-3, 66.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

Dmitry Starovikov Valtron Employment Agreement and NDA

Alexander Filippov Valtron Employment Agreement and NDA

**REQUEST FOR PRODUCTION NO. 23** All Documents sufficient to identify any past or current civil or criminal lawsuits, charges, indictments, or convictions against you, including the country of the case, the allegations or violation charged, the date of the case, and the outcome.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants produce documents as attached.

Dmitry Starovikov Civil Case: mosgorsud.pdf, mosgorsud-apel.

**REQUEST FOR PRODUCTION NO. 24** Documents sufficient to identify all countries outside of Russia to which you have traveled in the last 10 years, including the dates of travel.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants refuse to respond to Request for Production 24.

**REQUESTS FOR INSPECTION**

Pursuant to Rule 34, please provide the following items and devices so that Google and its agents may inspect and create forensic images of each. Please provide all necessary passwords available at the time of production to facilitate this process.

**REQUEST FOR INSPECTION NO. 1** Each device owned or used by Defendant Dmitry Starovikov or Defendant Alexander Filippov at any time during the period January 1, 2011 to the present, whether still in use or not, including all desktop and laptop computers, mobile telephones, servers, tablets, and encryption devices.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections, Defendants refuse to respond to Request for Inspection No 1.

**REQUEST FOR INSPECTION NO. 2** Each device used in connection with the Glupteba Enterprise, including any device used in connection with the operation or distribution of the

Glupteba Malware or the Glupteba Botnet; the mining of cryptocurrency; or the purchase, sale, or distribution of account information, advertisements, proxy services, or credit cards, at any time during the period January 1, 2011 to the present, whether still in use or not, including all desktop and laptop computers, mobile telephones, servers, tablets, and encryption devices.

**RESPOSE** Defendants object to this Request on the grounds that it is vague, overly broad, and subject to varying interpretations, and that compliance with the Request would be unduly burdensome to Defendants and would outweigh any probative value of the evidence sought to be obtained in connection with said Request. Defendants further object to this Request on the grounds and to the extent that it may subject it to undue burden, oppression, annoyance, and embarrassment. Subject to and without waiver of the foregoing objections and the General Objections Defendants produce documents as attached.

There are no devices in possession of the Defendants subject to Request for Inspection No. 2.

Dated: Brooklyn, New York
      September 6, 2022

                                  Respectfully Submitted,

                                  Igor Litvak, Esq,
                                  Igor Litvak, Esq.
                                  Attorneys for Defendants
                                  The Litvak Law Firm
                                  1733 Sheepshead Bay Rd., Suite 22
                                  Brooklyn, NY 11235
                                  Tel/Fax: 718-989-2908
                                  Email: Igor@LitvakLawNY.com

## VERIFICATION

I am Defendant Alexander Starovikov in the above-entitled action. I have read the foregoing DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION AND DOCUMENTS AND FOR INSPECTION OF PERSONAL PROPERTY and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 06/09/2022

_____
Dmitry Starovikov

## VERIFICATION

I am Defendant Alexander Filippov in the above-entitled action. I have read the foregoing DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION AND DOCUMENTS AND FOR INSPECTION OF PERSONAL PROPERTY and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 06/09/2022

_____
Alexander Filippov

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document:

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION AND DOCUMENTS AND FOR INSPECTION OF PERSONAL PROPERTY

has been served via email on:

Laura Harris
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
E: LHarris@kslaw.com
T: (212) 556-2100
lharris@kslaw.com
LRoniger@KSLAW.com

this 6 day of September 2022.

                                                          s/ Igor Litvak, Esq.

                                                          Igor Litvak, Esq.