# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOOGLE LLC,

                          Plaintiff,                    Civil Action No.: 1:21-cv-10260-DLC

- against -

DMITRY STAROVIKOV;
ALEXANDER FILIPPOV;
and Does 1-15,

                          Defendants.
-------------------------------------------------------------------X

### DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES PURSUANT TO FRCP 33

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the orders of this Court, Defendants DMITRY STAROVIKOV and ALEXANDER FILIPPOV, ("Defendants"), submit the following objections and responses to Plaintiff's First Set of Interrogatories:

### GENERAL OBJECTIONS

The following General Objections apply to all Interrogatories, whether or not the General Objections are referred to specifically in Defendants' response to any particular Interrogatory:

1. Defendants object to the Interrogatories to the extent they seek to impose upon Defendants any obligation in addition to, different from or inconsistent with those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendants object to the Interrogatories to the extent that the Interrogatories, or the instructions or definitions incorporated therein, are vague, ambiguous, overbroad and/or unduly burdensome or cannot be compiled without incurring undue expenses.

1

3. Defendants object to the Interrogatories to the extent they seek information that is not material or necessary to the prosecution or defense of this action, not reasonably likely to lead to discovery of admissible evidence related to this action, or otherwise not relevant or related to the issues disputed in this action.

4. Defendants object to the Interrogatories to the extent they seek information that is cumulative and/or redundant, and/or to the extent that any Interrogatory is duplicative of another Interrogatory.

5. Defendants object to the Interrogatories to the extent they seek to discover information that is protected due to the fact that it was prepared in anticipation of litigation or is otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or by any immunity. Defendants will not provide information that is subject to such protection, privilege, or immunity, and any inadvertent disclosure by Defendants of such information shall not be deemed a waiver by Defendants of such protection, privilege or immunity in this action.

6. Defendants object to the Instructions insofar as Plaintiffs are attempting to incorporate third parties that are not a party to this litigation.

7. Defendants object to the Interrogatories to the extent that they seek information that is within the knowledge and custody of other entities that are not parties to this action and/or not within the knowledge and custody of Defendants. Defendants further object to these Interrogatories to the extent that they seek information not known to Defendants or not reasonably within Defendants' knowledge and control, or request Defendants to search places, or contact individuals, where such information is not likely to be kept in the ordinary course of Defendants' businesses.

8. Defendants object to the Interrogatories to the extent they seek information that is in the public domain as it is equally available to, and the burden of procuring such information is the same for, Plaintiffs and Defendants.

9. Defendants object to the Interrogatories to the extent that they are unduly burdensome and oppressive, insofar as they seek information that is already in Plaintiffs' possession, that has already been made available to Plaintiffs, or is equally available to Plaintiffs from other sources that are more convenient, less burdensome and/or less expensive.

10. Defendants object to the Interrogatories on the basis that there is no stated time period for the timeframe for which he must provide a response. Defendants object to the Interrogatories to the extent they seek information regarding time periods that are not material or relevant to the issues in dispute in this action on the grounds that such requests are overbroad, unduly burdensome, harassing and not reasonably calculated to lead to discovery of admissible evidence.

11. Defendants object to the Interrogatories to the extent that they call for the production of documents.

12. Defendants object to the Instructions contained in the Interrogatories to the extent applicable upon each and every ground set forth above. Additionally, Defendants object to the instructions contained within the Interrogatories in their entirety. Those instructions collectively attempt to dictate the manner in which Defendants must respond to the Interrogatories, particularly to the extent that such rules exceed those applicable to this litigation under Federal Rules of Civil Procedure, court order or agreement of the parties.

13. Defendants make these Responses subject to the reservation of their rights to object to the introduction into evidence, in this or any other action, of any information provided

3

upon grounds of confidentiality, relevance, materiality, hearsay and/or admissibility or other applicable grounds.

14. Discovery in this case is not complete and the Defendants' investigation is ongoing. The Responses herein are based upon such information and documents as are currently available to Defendants at this time. Further, independent investigation, legal research and analysis by Defendants or their counsel may supply additional facts or documents and/or add meaning to known facts or, documents. The Defendants hereinafter set forth are given without prejudice to Defendants' right to introduce evidence of any subsequently discovered or compiled facts or interpretation thereof, or to supplement, amend, and/or revise this Response up to and including the time of trial.

### RESPONSES

Subject to the General Objections, and the following specific responses and objections, Defendants will provide all non-privileged information in their possession, custody or control found after a reasonably diligent search. The production of any information herein shall not operate as an admission that it is relevant to the subject matter of this action or as a waiver of any objection to its admission into evidence. All information provided is designated by Defendants as "Confidential" and should be treated as confidential by the parties to this action.

**INTERROGATORY NO. 1 -** Identify all individuals with knowledge of information relevant to this action.

**RESPONSE**

Dmitry Starovikov, Alexander Filippov Chingiz Keklenov, Chingiz Galdziev, Tamara Starovikova, Kirill, Nonda, Ruslan, Olga, Vadim.

**INTERROGATORY NO. 2 -** Identify the existence, custodian, location, and general description of relevant documents you intend to use to support your defenses in this Action.

4

**RESPONSE**

Custodians - Dmitry Starovikov; Location - 123317, Russian Federation, Moscow, Presnenskaya nab., 8c1, Apt 620; Description of Documents - Partnership agreements between Voltron and 3rd parties, Terms of Service (EULA), Agreement with Tochka Bank, Agreement regarding the use of API, Don't.Farm User Agreement, Agreement with the buyer of Don't.Farm, Employment Agreement between Voltron and Defendants and Voltron, NDA between Voltron and Dmitry Starovikov.

Custodians – Alexander Filippov; Location – Russian Federation, Moscow, Chapaevsky per. 3, apt 512; Description of Documents - Partnership agreements between Voltron and 3rd parties, Terms of Service (EULA), Agreement with Tochka Bank, Agreement regarding the use of API, Don't.Farm User Agreement, Agreement with the buyer of Don't.Farm, Employment Agreement between Voltron and Defendants and Voltron, NDA between Voltron and Alexander Filippov.

**INTERROGATORY NO. 3** - Identify all current and former employees, agents, contractors, sub-contractors, and owners of the Glupteba Enterprise, or any affiliated entity, including the individual's (i) full name, (ii) job title, (iii) specific work performed, (iv) dates of employment or work, (v) phone number, (vi) all known email addresses, and (vii) mailing address.

**RESPONSE**

Defendants deny the existence of a Glupteba enterprise; however, Defendants are providing information below for employees of Vatron.

Chingiz Keklenov – CEO of OOO Valtron, 123317, Moscow, Presnenskaya Nab., 12 (Federation Tower), floor 50, office 8. Tel. +79032857598 – Stolen Account Scheme, Credit Card Fraud Scheme, Disruptive Ad Scheme, Proxy Scheme, Cryptojacking Scheme.

Alexander Filippov – OOO Valtron Software Engineer, 125252, Moscow, Chapaevsky per. 3, apt 512, Tel. +79160725948 – Stolen Account Scheme, Credit Card Fraud Scheme, Proxy Scheme, Cryptojacking Scheme.

Dmitry Starovikov – OOO Software Engineer, 123317, Moscow, Presnenskaya nab., 8c1, Apt 620, Tel. +79160692396 – Stolen Account Scheme, Credit Card Fraud Scheme, Proxy Scheme, Cryptojacking Scheme.

Kirill – OOO Valtron Financial Manager, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79299349929 – Credit Card Fraud Scheme.

Nonda – OOO Valtron Human Resources, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79160716692 – Credit Card Fraud Scheme.

Ruslan – OOO Valtron Support, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79851363395 – Credit Card Fraud Scheme, Proxy Scheme.

Olga – OOO Valtron Assistant, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79996909713 – Credit Card Fraud Scheme.

Chingiz G, – OOO Valtron Consultant, 123317, Moscow, Presnenskaya nab 12 (Federation Tower), floor 50, office 8, Tel. +79160715286 – Proxy Scheme.

Vadim – Employee of OAO Tochka (Bank Otkritie), Tel +79268173253 – Extracard.net.

**INTERROGATORY NO. 4 -** Identify all individuals and entities involved in the projects described in Defendants' Declarations in Support of Their Motion to Vacate the Entry of Default, including without limitation at paragraph 10, and including but not limited to "Extracard," "Awmproxy," "Dont.farm," and any "marketing and utility tools, such as software engine optimization, proxy services, mining optimization, and contextual advertising." ECF 47-2 ¶ 10; 47-3 ¶10.

**RESPONSE**

6

Valtron, Prestige Media, Dmitry Starovikov, Alexander Filippov, Chingiz Keklenov, Chingiz

Galdziev, Kirill, Nonda, Ruslan, Olga, Vadim.

**INTERROGATORY NO. 5** - Identify all individuals or entities who own, control, authorize or

execute transactions with, or have access to, in whole or in part, the following Bitcoin addresses:

a. 15y7dskU5TqNHXRtu5wzBpXdY5mT4RZNC6,

b. 1CgPCp3E9399ZFodMnTSSvaf5TpGiym2N1,

c. 1CUhaTe3AiP9Tdr4B6wedoe9vNsymLiD97,

d. 15nWGFaodg3efVKATgsaaSPU2TxSbiMHcP,

e. 1BL6NZSoXtMSdquRmePDUCQxFaXtLLSVWG,

f. 1LQ2EPBwPqdbmXwN6RodPS4xqcm8EtPcaB,

g. 12EfzLra6LttQ8RWvBTDzJUjYE6eRxx4TY,

h. 1HjoomvzjtvZdbznoEijTNAkMjmsFba9fY,

i. 1HSC8Yt2yjuFUSGpUfJnwLMr4HzNxV3dvP, and

j. 1KfLXEveeDEi58wvuBBxuywUA1V66F5QXK.

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: To the best of their

knowledge, these BTC addresses appear similar to BTC addresses owned and controlled by

Valtron and its CEO Chingiz Keklenov.

**INTERROGATORY NO. 6** - Identify each Computing Device that was used by one or more

Defendants for any purpose at any time from January 1, 2011 to the present, whether still in use

or not, including for each device:

a. A description of the device;

b. The model and serial number;

c. The time period between January 1, 2011 to the present that the device was in use;

d. All users for the period referenced above;

e. The current location of the device;

f. All locations where the equipment was located;

g. The operating system installed on each device; and

h. If the device is no longer in use, the last person to have custody of the device.

**RESPONSE**

Dmitry Starovikov Responses 1

    a.  Personal Laptop

    b.  Macbook Pro 15' 2018

    c.  To the best of if his knowledge between 2018 and 2019

    d.  Dmitry Starovikov

    e.  The device was sold to an unknown person through avito.ru

    f.  Mostly home, sometime outside of the house during travel.

    g.  MacOs

    h.  Dmitry Starovikov

Dmitry Starovikov Response 2

    a.  Personal Laptop

    b.  Asus U325j, SN: 24MM6N0LP00R89522B

    c.  Used from February 2022 until Present

    d.  Dmitry Starovikov

    e.  Dmitry Starovikov home – Russia, Moscow, Presnenskaya nab., 8c1, Apt 620

    f.  Mostly home, sometime outside of the house during travel.

    g.  Windows 10

Dmitry Starovikov Response 3

  a. Corporate Laptop

  b. Macbook Pro 16' 2019

  c. September 2019 – January 2022

  d. Dmitry Starovikov

  e. Device was returned to employer Valtron in January of 2022.

  f. Mostly home, sometime outside of the house during travel.

  g. MacOs

  h. Chingiz Keklenov

Alexander Filippov Responses 1

  a. Personal Laptop

  b. Macbook Pro 15' 2018

  c. Approximately between 2018 and 2019

  d. Dmitry Alexander Filippov

  e. The devices sold to an unknown person through avito.ru

  f. Mostly home, sometime outside of the house during travel.

  g. MacOs

  h. Alexander Filippov

Alexander Filippov Responses 2

  a. Personal Laptop

  b. Macbook Pro 16' 2019

  c. To the best of his knowledge between 2019 and 2021

  d. Alexander Filippov

  e. The device was sold to an unknow person through avito.ru

    f.  Mostly home, sometime outside of the house during travel.

    g.  MacOs

    h.  Alexander Filippov

Alexander Filippov Responses 3

    a.  Personal Laptop

    b.  Dell Latitude E7270, SN J657TC2

    c.  Used from February 2022 until Present

    d.  Alexander Filippov

    e.  The device was sold to an unknow person through avito.ru

    f.  Mostly home, sometime outside of the house during travel.

    g.  Windows 10

Alexander Filippov Responses – 2

    a.  Corporate Laptop

    b.  Macbook Pro 16' 2019

    c.  September 2019 and January 2022

    d.  Alexander Filippov

    e.  Device was returned to employer Valtron in January of 2022.

    f.  Mostly home, sometime outside of the house during travel.

    g.  MacOs

    h.  Chingiz Keklenov

**INTERROGATORY NO. 7 -** Identify each Computing Device used by any individual or entity

associated with the Glupteba Enterprise in connection with the operation or distribution of the

Glupteba Malware or the Glupteba Botnet; the mining of cryptocurrency; or the purchase, sale,

or distribution of account information, advertisements, proxy services, or credit cards. This

request includes any such devices used at any time from January 1, 2011 to the present, whether still in use or not. Please provide for each device:

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: Defendants deny the existence of a Glupteba Enterprise; however, Defendants are providing information below for devices used while working for Valtron from September 2019 until December 2021.

Dmitry Starovikov – Mac Book Pro 16 Inch – from September 2019 until January 2022

Alexander Filippov – Macbook Pro 16 Inch – from September 2019 until January 2022

**INTERROGATORY NO. 8** - Identify the customers of the Glupteba Enterprise and all affiliated entities, including for each customer the (i) full name, (ii) email address, (iii) telephone number, (iv) physical address, (v) Internet Protocol address, and (vi) any other information kept in the course of business. Identify the customers who voluntarily permitted or otherwise authorized third parties to access their Google account.

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: Defendants deny the existence of a Glupteba Enterprise. Defendants also state that they do not know this information, as they were only software developers, they were not involved in dealing with Valtron's customers.

**INTERROGATORY NO. 9** - Identify all individuals currently or previously employed by Otkritie Bank who have provided services to the Glupteba Enterprise or any individual or entity associated with the Glupteba Enterprise.

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: Defendants deny the existence of a Glupteba Enterprise.

11

Vadim – Employee of OAO Tochka (Bank Otkritie), (Prestige Media)

**INTERROGATORY NO. 10 -** Identify the users and devices that were or are operating the

Glupteba Malware for cryptocurrency mining or other cryptocurrency transactions, including any

component or module of the Glupteba Malware or any other software of any kind, and state the

type and amount of cryptocurrency mined by each user and device.

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: Defendants deny the

existence of a Glupteba Enterprise.

Defendants do not know what devices were used besides their corporate laptops.

**INTERROGATORY NO. 11 –** Identify the account owner(s) and any Glupteba Enterprise

affiliate or individual who has knowledge of, accessed, and/or used the accounts listed below

(*see* ECF 10 ¶ 55):

a. todayanimators@gmail.com,

b. goooglefan2564@gmail.com, and

c. pjavidan1988@gmail.com.

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: Defendants deny the

existence of a Glupteba Enterprise.

Defendants do not know account owners of above mentioned email addresses.

**INTERROGATORY NO. 12 -** Describe in detail the roles and responsibilities for each of the

individuals listed below, including (i) whether they have worked for the Glupteba Enterprise or

any of its affiliated entities as a full-time or part-time employee, independent contractor, agent,

or in any other capacity, (ii) their title, (iii) a detailed description of their responsibilities, (iv)

their dates of employment, and (v) the projects on which each individual has worked:

a. Tamara Starovikov,

b. Alexey Nabakov,

c. Chingis Keklenov, and

d. Chingiz Galdziev.

**RESPONSE**

Subject to and without waiver of the General Objections Defendants state: Defendants deny the existence of a Glupteba Enterprise.

a. Tamara Starovikov – No Known Role in Valtron

b. Alexey Nabakov – Unknow

c. Chingis Keklenov – CEO of Voltron, in charge of the whole company, was the boss and a decision maker for all company policies and decisions. From August 2019 – Present.

d. Chingiz Galdziev – Unknow

**INTERROGATORY NO. 13 -** Identify all employees, contractors, consultants, and any other service provider affiliated with http://xtcomp.com/, as identified in Defendants' Declarations In Support of Their Motion to Vacate the Entry of Default. *See* ECF 47-2, 47-3.

**RESPONSES**

Subject to and without waiver of the General Objections Defendants state: Defendants state that this URL existed before Defendants started working for Valtron, and Defendants heard about this URL and what it does, so that's why they disclosed it in their declarations. They have no other information regarding this URL.

**INTERROGATORY NO. 14 -** Identify all corporate entities registered, founded, acquired, purchased, created, merged with, or otherwise controlled by you or the Glupteba Enterprise, including the date of incorporation and/or registration, the country of incorporation and/or registration, the corporation's registration number or other identifying information, any and all

owner(s) and their respective ownership percentages, and the business purpose of the corporate

entity.

**RESPONSES**

Subject to and without waiver of the General Objections, Defendants state:

Dmitry Starovikov Response – Mr. Starovikov used to own a car rental company in Moscow.

The company was operated by OOO Parus (INN 7707818210). Presently the company has been

liquidated. Another car rental company that Mr. Starovikov managed was known as OOO

InvestAuto, and was registered under Mr. Starovikov's mother, Tamara Starovikova, this

company also has since been liquidated. Presently Mr. Starovikov does not own any companies,

and he has no connection to Top Touragent (toptouragent.com).

Alexander Filippov Response – Mr. Filippov presently does not own any companies.  Top

Touragent (toptouragent.com) was Mr. Filippov's old start up project, presently it does not work.

**INTERROGATORY NO. 15** - Identify all persons with whom you communicate, have

communicated, or intend to communicate with concerning the above-captioned lawsuit,

including, but not limited to, the individuals from whom you heard about the above-captioned

lawsuit. *See* ECF 47-2 ¶ 7; 47-3 ¶ 7.

**RESPONSES**

Alexander Filippov, Dmitry Starovikov, Tamara Starovikova, Chingis Keklenov.

**INTERROGATORY NO. 16 -** Identify by full name, position, email address, phone

number, physical address, and relationship to you, all witnesses you propose to call at trial and

the subjects of their anticipated testimony.

**RESPONSES**

Unknow at this time.

**INTERROGATORY NO. 17 -** Identify all companies, entities, or organizations in which

14

you have any direct or indirect ownership interest, or with which you have any employment or contractual relationship, including but not limited to Top Touragent (toptouragent.com). For each company or organization, state your ownership interest and describe in detail your role, responsibilities, title, and the beginning and, if applicable, the end dates of your employment or contractual relationship.

**RESPONSES**

Dmitry Starovikov – None

Alexander Filippov – Top Touragent

**INTERROGATORY NO. 18 -** Describe in detail your efforts to date to preserve and/or maintain possession, custody, or control over all documents, information, or devices relating to the issues described in Google's Complaint or any of your defenses thereto, including but not limited to:

a. the dates you undertook any such efforts, including the dates of any applicable litigation or preservation hold;

b. the custodians to whom any litigation or preservation hold was issued;

c. the categories of documents for which any litigation or preservation hold was issued;

d. the categories of documents, information, or devices over which you previously had possession, custody, or control but for which you now claim to no longer have possession, custody, or control; and

e. the circumstances through which you lost possession, custody, or control of such documents, information, or devices.

**RESPONSES**

Dmitry Starovikov – After being advised by my attorney on February 17, 2022 about my

discovery obligations, I did not destroyed, lost, or disposed of any evidence related to this case.

Alexander Filippov – After being advised by my attorney on February 17, 2022 about my

discovery obligations, I did not destroyed, lost, or disposed of any evidence related to this case.

Dated: Brooklyn, New York
       September 15, 2022

Respectfully Submitted,

/s/ Igor Litvak

_____
Igor Litvak, Esq.
Attorneys for Defendants
The Litvak Law Firm
1733 Sheepshead Bay Rd., Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
Email: Igor@LitvakLawNY.com

16

## VERIFICATION

I am Defendant Alexander Starovikov in the above-entitled action.  I have read the foregoing DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _15.09.2022_

Dmitry Starovikov

## VERIFICATION

I am Defendant Alexander Filippov in the above-entitled action.  I have read the foregoing DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _15.09.2022_

Alexander Filippov

17

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

has been served via email on:

Laura Harris
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
E: LHarris@kslaw.com
T: (212) 556-2100
lharris@kslaw.com
LRoniger@KSLAW.com

this 15 day of September 2022.

s/ Igor Litvak, Esq.
_____
Igor Litvak, Esq.

18