UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>                    *Plaintiff*,<br><br>   v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1-15,<br><br>                    *Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Google LLC ("Google"), by and through counsel, hereby requests that Defendants Dmitry Starovikov and Alexander Filippov ("Defendants") answer the following Interrogatories, separately and under oath, no later than 30 days after service of these Interrogatories and in accordance with the following Definitions and Instructions.

**DEFINITIONS**

The following definitions apply to Plaintiff's First Set of Interrogatories (the "Interrogatories") as set forth below:

1.  The definitions and rules of construction in Local Civil Rule 26.3 are incorporated herein.

2.  As used herein, "Glupteba Enterprise" means Defendants Dmitry Starovikov and Alexander Filippov and their co-conspirators, including Defendants' employer or employers, corporate entities under their direction or control, any associated corporate parents, corporate

predecessors, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, and employees.  The term "Glupteba Enterprise" includes, but is not limited to:

    a. Valtron LLC;

    b. Prestige-Media LLC;

    c. Investavto LLC;

    d. Voltronwork.com;

    e. Undefined.team;

    f. Dont.farm;

    g. Extracard.net (a/k/a Card.farm);

    h. AWMProxy.net (a/k/a VD.net);

    i. Abm.net;

    j. Trafspin.com (a/k/a Push.farm); and

    k. QIP.ru.

3. As used herein, "Glupteba Malware" means the software (and any component or module thereof) that was developed, distributed, installed, sold, leased, or otherwise used by Defendants, overtly or covertly, to further the Glupteba Enterprise and/or Glupteba Botnet, regardless of consent of the end user.  *See* Compl. ¶¶ 35-39; Huntley Decl. ¶¶ 28-32.

4. As used herein, "Glupteba Botnet" means the network of Internet-connected devices that were or are infected with the Glupteba Malware or any component or module thereof. *See* Compl. ¶ 4(a)-(e).

5. As used herein, "Computing Device" means any electronic device that may access the Internet, including, computers, laptops, tablets, or mobile devices.

6. As used herein, the words "you," "your," or "Defendants" mean Defendants Dmitry

Starovikov and Alexander Filippov.

7. As used herein, "Plaintiff" means Google LLC.

8. The terms "Document," "Communication," "Concerning" and "Person" have the meanings set forth in Local Civil Rule 26.3.

9. As used herein, "thing" refers to any tangible object, other than a document, and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

10. To bring within the scope of these requests all documents that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean "including without limitation"; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, principals, directors or agents shall include both current and former employees, officers, principals, directors, and agents; (d) the terms "and" and "or" and "all," "any" and "each," shall be construed in accordance with Local Civil Rule 26.3; and (e) in accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

11. "Identification" or "identify" shall mean:

    a. as to an individual, stating his or her:

        i. full and customarily used names;

        ii. present business address and business telephone number(s);

        iii. e-mail address(es); and

        iv. office, title, or position held.

    b. as to any person other than an individual, stating:

        i. its legal name and any other names used by it;

  ii. the form or manner or its organization (e.g., partnership, corporation, etc.); and

  iii. the state of its incorporation (if it is incorporated) and the address of its principal place of business and telephone number.

 c. as to a document, stating:

  i. the date of its creation, execution, and receipt;

  ii. its author or signatory;

  iii. its addressee and every other recipient or person having knowledge of its contents or whereabouts;

  iv. its type or nature (e.g., letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

  v. the name and the business and home addresses of the custodian of the document; and

  vi. the present location of the document.

 d. as to an act, event, transaction, or occurrence, stating:

  i. its date;

  ii. the place where it took place and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone calls, etc.);

  iii. the identification of all its participants and eyewitnesses to its occurrence;

  iv. its purpose and subject matter; and

  v. a concise description of what transpired.

## **INSTRUCTIONS**

1. The singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

2. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and provide an answer for the scope or time period you believe is appropriate.

3. Each Interrogatory is to be answered separately. When an Interrogatory contains numbered or letter subparagraphs, each subparagraph should be answered separately.

4. In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, each of these interrogatories shall be deemed to be continuing in nature and you are under a duty to reasonably amend and/or supplement your responses hereto.

5. In answering these Interrogatories, furnish all information available to you. Include all information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely information as is known of your own personal knowledge. If Defendants cannot answer a part of these Interrogatories in full, after exercising due diligence to secure the information requested, so state that Defendants are unable to answer the interrogatory fully and answer the remainder as fully as possible, stating whatever information or knowledge Defendants have concerning the unanswered or partially answered portion of the Interrogatory.

6. Unless otherwise specified, the date range for these Interrogatories is from January 1, 2011 through the present in the above-captioned matter.

7. If you encounter an ambiguity in construing either a definition or instruction relevant to the inquiry contained within the Interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding thereto.

8. If you object to an Interrogatory only in part, you should answer the portion to which you do not object, specify with particularity your objection to the balance thereof, and identify the categories of information to which your objection applies.

9. All objections or answers to Interrogatories to which Defendants fail or refuse to respond, in whole or in part, on the ground of any claim of privilege of any kind shall, in accordance with Fed. R. Civ. P. 26(b)(5):

    a. Identify the nature of the claim of privilege;

    b. State all facts relied upon in support of the claim of privilege or related thereto;

    c. Identify all documents concerning the claim of privilege by (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other;

    d. Identify all persons having knowledge of any facts concerning the claim of privilege; and

    e. Identify all events, transactions, or occurrences concerning the claim of privilege.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**       Identify all individuals with knowledge of information relevant to this action.

**INTERROGATORY NO. 2**       Identify the existence, custodian, location, and general description of relevant documents you intend to use to support your defenses in this Action.

**INTERROGATORY NO. 3**       Identify all current and former employees, agents, contractors, sub-contractors, and owners of the Glupteba Enterprise, or any affiliated entity, including the individual's (i) full name, (ii) job title, (iii) specific work performed, (iv) dates of employment or work, (v) phone number, (vi) all known email addresses, and (vii) mailing address.

**INTERROGATORY NO. 4**       Identify all individuals and entities involved in the projects described in Defendants' Declarations in Support of Their Motion to Vacate the Entry of Default, including without limitation at paragraph 10, and including but not limited to "Extracard," "Awmproxy," "Dont.farm," and any "marketing and utility tools, such as software engine optimization, proxy services, mining optimization, and contextual advertising."  ECF 47-2 ¶ 10; 47-3 ¶ 10.

**INTERROGATORY NO. 5**       Identify all individuals or entities who own, control, authorize or execute transactions with, or have access to, in whole or in part, the following Bitcoin addresses:

   a. 15y7dskU5TqNHXRtu5wzBpXdY5mT4RZNC6,
   b. 1CgPCp3E9399ZFodMnTSSvaf5TpGiym2N1,
   c. 1CUhaTe3AiP9Tdr4B6wedoe9vNsymLiD97,

7

    d. 15nWGFaodg3efVKATgsaaSPU2TxSbiMHcP,

    e. 1BL6NZSoXtMSdquRmePDUCQxFaXtLLSVWG,

    f. 1LQ2EPBwPqdbmXwN6RodPS4xqcm8EtPcaB,

    g. 12EfzLra6LttQ8RWvBTDzJUjYE6eRxx4TY,

    h. 1HjoomvzjtvZdbznoEijTNAkMjmsFba9fY,

    i. 1HSC8Yt2yjuFUSGpUfJnwLMr4HzNxV3dvP, and

    j. 1KfLXEveeDEi58wvuBBxuywUA1V66F5QXK.

**INTERROGATORY NO. 6**     Identify each Computing Device that was used by one or more Defendants for any purpose at any time from January 1, 2011 to the present, whether still in use or not, including for each device:

    a. A description of the device;

    b. The model and serial number;

    c. The time period between January 1, 2011 to the present that the device was in use;

    d. All users for the period referenced above;

    e. The current location of the device;

    f. All locations where the equipment was located;

    g. The operating system installed on each device; and

    h. If the device is no longer in use, the last person to have custody of the device.

**INTERROGATORY NO. 7**     Identify each Computing Device used by any individual or entity associated with the Glupteba Enterprise in connection with the operation or distribution of the Glupteba Malware or the Glupteba Botnet; the mining of cryptocurrency; or the purchase, sale, or distribution of account information, advertisements, proxy services, or credit cards. This request includes any such devices used at any time from January 1, 2011 to the present, whether still in use or not. Please provide for each device:

      a. The owner of the device;

      b. A description of the device;

      c. The model and serial number;

      d. The time period between January 1, 2011 to the present that the device was in use;

      e. All users for the period referenced above;

      f. The current location of the device;

      g. All locations where the equipment was located;

      h. The operating system installed on each device; and

      i. If the device is no longer in use, the last person to have custody of the device.

**INTERROGATORY NO. 8** Identify the customers of the Glupteba Enterprise and all affiliated entities, including for each customer the (i) full name, (ii) email address, (iii) telephone number, (iv) physical address, (v) Internet Protocol address, and (vi) any other information kept in the course of business. Identify the customers who voluntarily permitted or otherwise authorized third parties to access their Google account.

**INTERROGATORY NO. 9** Identify all individuals currently or previously employed by Otkritie Bank who have provided services to the Glupteba Enterprise or any individual or entity associated with the Glupteba Enterprise.

**INTERROGATORY NO. 10** Identify the users and devices that were or are operating the Glupteba Malware for cryptocurrency mining or other cryptocurrency transactions, including any component or module of the Glupteba Malware or any other software of any kind, and state the type and amount of cryptocurrency mined by each user and device.

**INTERROGATORY NO. 11**       Identify the account owner(s) and any Glupteba Enterprise affiliate or individual who has knowledge of, accessed, and/or used the accounts listed below (*see* ECF 10 ¶ 55):

   a. todayanimators@gmail.com,
   b. goooglefan2564@gmail.com, and
   c. pjavidan1988@gmail.com.

**INTERROGATORY NO. 12**       Describe in detail the roles and responsibilities for each of the individuals listed below, including (i) whether they have worked for the Glupteba Enterprise or any of its affiliated entities as a full-time or part-time employee, independent contractor, agent, or in any other capacity, (ii) their title, (iii) a detailed description of their responsibilities, (iv) their dates of employment, and (v) the projects on which each individual has worked:

   a. Tamara Starovikov,
   b. Alexey Nabakov,
   c. Chingis Keklenov, and
   d. Chingiz Galdziev.

**INTERROGATORY NO. 13**       Identify all employees, contractors, consultants, and any other service provider affiliated with http://xtcomp.com/, as identified in Defendants' Declarations In Support of Their Motion to Vacate the Entry of Default.  *See* ECF 47-2, 47-3.

**INTERROGATORY NO. 14**       Identify all corporate entities registered, founded, acquired, purchased, created, merged with, or otherwise controlled by you or the Glupteba Enterprise, including the date of incorporation and/or registration, the country of incorporation and/or registration, the corporation's registration number or other identifying information, any and all owner(s) and their respective ownership percentages, and the business purpose of the corporate entity.

**INTERROGATORY NO. 15**    Identify all persons with whom you communicate, have communicated, or intend to communicate with concerning the above-captioned lawsuit, including, but not limited to, the individuals from whom you heard about the above-captioned lawsuit. *See* ECF 47-2 ¶ 7; 47-3 ¶ 7.

**INTERROGATORY NO. 16**    Identify by full name, position, email address, phone number, physical address, and relationship to you, all witnesses you propose to call at trial and the subjects of their anticipated testimony.

**INTERROGATORY NO. 17**    Identify all companies, entities, or organizations in which you have any direct or indirect ownership interest, or with which you have any employment or contractual relationship, including but not limited to Top Touragent (toptouragent.com).  For each company or organization, state your ownership interest and describe in detail your role, responsibilities, title, and the beginning and, if applicable, the end dates of your employment or contractual relationship.

**INTERROGATORY NO. 18**    Describe in detail your efforts to date to preserve and/or maintain possession, custody, or control over all documents, information, or devices relating to the issues described in Google's Complaint or any of your defenses thereto, including but not limited to:

  a. the dates you undertook any such efforts, including the dates of any applicable litigation or preservation hold;
  b. the custodians to whom any litigation or preservation hold was issued;
  c. the categories of documents for which any litigation or preservation hold was issued;
  d. the categories of documents, information, or devices over which you previously had possession, custody, or control but for which you now claim to no longer have possession, custody, or control; and

e.  the circumstances through which you lost possession, custody, or control of such documents, information, or devices.

DATED: July 19, 2022						Respectfully,


							 /s/ Laura Harris
							Laura Harris
							Andrew Michaelson
							Kathleen E. McCarthy
							Matthew L. Bush
							KING & SPALDING LLP
							1185 Avenue of the Americas, 34th Floor
							New York, NY 10036
							Telephone: (212) 790-5356
							Fax: (212) 556-2222
							lharris@kslaw.com
							amichaelson@kslaw.com
							kmccarthy@kslaw.com
							mbush@kslaw.com

							Sumon Dantiki (*pro hac vice*)
							KING & SPALDING LLP
							1700 Pennsylvania Ave., NW, 2nd Floor
							Washington, DC 20006
							Telephone: (202) 626-5591
							Fax: (202) 626-3737
							sdantiki@kslaw.com
							*Counsel for Plaintiff Google LLC*