```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

GOOGLE LLC,

        Plaintiff,

    v.                  21 CV 10260 (DLC)

DMITRY STAROVIKOV, et al.,

        Defendants.         Conference
                          (via Telephone)
------------------------------x
                            New York, N.Y.
                            March 1, 2022
                            3:00 p.m.
Before:

                    HON. DENISE COTE,

                    District Judge


                          APPEARANCES

KING & SPALDING LLP
    Attorneys for Plaintiff
BY:  LAURA HARRIS
     ANDREW MICHAELSON
     SUMON DANTIKI

IGOR B. LITVAK
    Attorney for Defendants
```

1              (Case called)
2              MS. HARRIS:    This is Laura Harris of King & Spalding
3    for Google appearing for plaintiffs.
4              THE COURT:    Thank you.
5              Counsel for the defendants ready to proceed?
6              MR. LITVAK:    Yes, your Honor.  This is attorney Igor
7    Litvak for the defendant.  I am ready to proceed.
8              THE COURT:    Thank you very much.
9              Thank you, counsel, for making yourselves available to
10   address this dispute with regard to a briefing schedule.  This
11   is a case in which I entered a TRO in early December.  The two
12   defendants at issue here were added, I believe, to this action
13   on December 10.  A preliminary injunction was issued on
14   December 16, and a schedule was set for entry of a request for
15   default and then a motion for entry of a default judgment in
16   February, and those dates are part of the record.
17             As I understand it, there is no dispute about some of
18   the background facts here but, of course, I'll let counsel be
19   heard on that.
20             The fact is that the defendants had timely notice of
21   this action and are in default.  They did not file a timely
22   answer after they were served in this action and the
23   certificate of default has been entered by the clerk of court
24   on February 8.
25             So we have two motions to address here.  One is the

1    plaintiff's motion for entry of a default judgment against

2    these two defendants and the other is the application by the

3    defendants to move to vacate the default that has been entered

4    against them.

5              The two defendants, I believe, retained current

6    counsel in mid February.  I think it was February 16.  But

7    Mr. Litvak will make sure I'm right about that date.  And

8    defense counsel have proposed a schedule to move to vacate the

9    default with having this motion due on March 28 and fully

10   submitted in mid May.

11             The plaintiff wants to proceed much more expeditiously

12   and has proposed a schedule that would have the defendants

13   moving to vacate the default on March 11 and the two motions,

14   countervailing motions, being briefed in the interim with both

15   of the motions being fully submitted as of April 15.

16             That's the background as to this dispute that we are

17   going to address today to finally schedule the briefing of

18   these motions.

19             I want to remind Mr. Litvak that applications to this

20   Court should be no longer than two pages and should reveal

21   whether or not there has been a full and fair attempt to

22   resolve whatever the dispute is with a discussion with opposing

23   counsel first before making an application to the Court.

24             That said, let's proceed.

25             Let me first ask if there is anything about this

1   background, Ms. Harris, that you wish to add to or correct.

2              MS. HARRIS:   Nothing to add, your Honor.  The only

3   minor point that I'd make is that these two defendants were

4   named in our original complaint.  They weren't added later.  So

5   they have been a part of this action since the outset.

6              THE COURT:   Thank you.

7              Mr. Litvak, is there anything you want to add or

8   correct in terms of this background?

9              MR. LITVAK:   Yes, of course, your Honor.  I would like

10  to add that there was never any service on the defendants.  The

11  defendants found out about this case at the end of January.  I

12  know that the plaintiff attempted to serve them by using

13  various different means, but none of those means were

14  successful, and in fact my clients found out about this action

15  from their friends at the end of January, and then it took some

16  time to understand what was happening, hire an attorney and all

17  that.

18             That's the only thing that I would like to say, that

19  there was an attempted service, but that service was not

20  successful.  The e-mails and the phone numbers that were used

21  and the address actually that was used to complete the service

22  were not accurate, were invalid.

23             The address where they send the complaint in December,

24  the plaintiff themselves say that that company liquidated in

25  September of 2021.  Then they say that they served them by

1  sending in December mail to that address, even though Google

2  themselves say that that company at that address was no longer

3  there as of September.

4  　　　　　That's the only thing that I would like to say, that

5  there was never any service, and my clients only found out

6  about the case at the end of January.

7  　　　　　THE COURT:  Is it your client's intention then, if I

8  vacate the default, to serve answers?

9  　　　　　MR. LITVAK:  Of course, yes.  They don't believe that

10 they have done anything illegal.  They want to defend

11 themselves and get the discovery and litigate this case.

12 　　　　　THE COURT:  So they won't be moving to dismiss.  They

13 want to file answers.

14 　　　　　MR. LITVAK:  I believe so, yes.  At this time our

15 intention is to file an answer.  That's why I told the opposing

16 counsel that we are willing to work with them, and we are

17 willing to admit to personal jurisdiction as long as they

18 vacate the entry of default so we can move forward with

19 litigation.

20 　　　　　THE COURT:  Ms. Harris.

21 　　　　　MS. HARRIS:  Thank you, your Honor.

22 　　　　　I think, as an initial matter, we used the methods of

23 service that were provided for in the TRO and preliminary

24 injunction and used a variety of means.  I take no position on

25 what Mr. Litvak intends to do in response to a motion or in

1  response to a removal of the default that was entered, but we

2  think at this point that there is no reason to vacate the

3  default, that the defendants had a variety of other means of

4  effective notice, including the fact that the matter -- this

5  case was covered extensively in international media, including

6  in Russia, and that they took means to evade the disruption

7  efforts that Google affected as a result of the TRO and PI that

8  were entered.

9              In the aftermath of Google's disruption of two of the

10 key means of control over the botnet, the command and control

11 servers, defendants actually attempted to set up new command

12 and control servers.

13             To kind of make the point even more explicit, we

14 believe, and we set this forth in our complaint, that

15 Mr. Starovikov and Mr. Filippov have direct ties to those C2

16 servers because they used IP addresses linked to those C2

17 servers to sign up for their Google accounts.

18             I think the question of whether they had notice of

19 this litigation is settled because they took means to evade the

20 disruption that this case put into effect.

21             We think, for that reason, there is simply no basis to

22 vacate the default that the clerk entered.

23             THE COURT:   Let's turn to the issue of the schedule.

24             Mr. Litvak, you see the proposed schedule that Ms.

25 Harris has presented with your papers being due on March 11.

1  Do you wish to address the proposed schedule?
2           MR. LITVAK:   Yes, your Honor.  This is an extremely
3  complex case.  And it looks like not only am I going to have to
4  address the issue of setting aside the entry of default, but
5  also the motion for default judgment.
6           On top of that, I have a very busy practice.
7           On top of that, I'm not sure if it's relevant for the
8  Court or not, I'm from Ukraine.  Obviously, there is a war
9  there, so I'm dealing with that situation with my family,
10  trying to make sure they are safe.
11           I think March 11 would be honestly very, very undoable
12  for me for many, many reasons.  Therefore, I would request that
13  we stick to the schedule that I proposed of March 28.
14           THE COURT:   Your schedule is far too elongated,
15  Mr. Litvak.  My sympathies to you with respect to family and
16  friends in the Ukraine, but I am going to ask you to bring on
17  additional counsel then to assist you.
18           I am not wedded to the date March 11, but I do want to
19  get both of these motions, your motion and the plaintiff's
20  motion, fully submitted by mid April.
21           So I am going to adopt the plaintiff's proposed
22  schedule with your motion due on March 11.
23           But what I am concerned about is having a fully
24  submitted motion, two fully submitted motions by April 15.  If
25  counsel want to discuss interim dates that are different from

1  those that the plaintiff proposes, that's fine with me, as long

2  as both motions are fully submitted April 15.

3              MR. LITVAK:    Your Honor --

4              THE COURT:    Yes, Mr. Litvak.

5              MR. LITVAK:    Your Honor, can I just ask, can we do the

6  submission, the initial submission on March 14?  That would

7  give me until the Monday.  That will give me a few extra days

8  to put everything together.  The 11th, that's a Friday.  Can we

9  have the Monday, the 14th, your Honor?

10             THE COURT:    Absolutely.

11             I believe, Ms. Harris, you can stick with the March 25

12 date.  Am I right?

13             MS. HARRIS:    Yes, your Honor, that's fine.

14             THE COURT:    We will make that adjustment to the

15 schedule.  I'll get out an order.

16             Good luck and thank you, counsel.

17             MR. LITVAK:    Thank you.

18             MS. HARRIS:    Thank you, your Honor.

19             (Adjourned)

20

21

22

23

24

25