# **<u>EXHIBIT 3</u>**



Page Printed From:
https://www.law.com/newyorklawjournal/2022/07/29/as-bankruptcy-rates-skyrocket-historic-fee-leaders-find-company-at-2000-per-hour-389-170660/

NOT FOR REPRINT

ANALYSIS

# As Billing Rates Skyrocket, Historic Fee Leaders Find Company at $2,000 Per Hour

Weil, Kirkland, Skadden and Latham once outpaced the rest of Big Law on what they could charge, but that may begin to change.

July 29, 2022 at 10:00 AM

Lawyer Rates and Arrangements

By Dan Roe | July 29, 2022 at 10:00 AM

The original version of this story was published on American Lawyer

In the past few decades, four law firms—Weil, Gotshal & Manges; Kirkland & Ellis; Skadden, Arps, Slate, Meagher & Flom; and Latham & Watkins—have represented close to one-third of large public companies in Chapter 11 bankruptcy proceedings. For their services, the firms have traditionally charged higher rates than other large firms with less extensive bankruptcy practices. But their fee dominance may be beginning to wane.

Last year, the average rate for top-billing partners among the four historically dominant firms was $1,838. By comparison, top-billing partners among a group of seven Am Law 100 firms with smaller restructuring practices averaged $1,674. This year, not only are rate hikes up across the board—our total group of 11 firms raised rates an average of 12.3% in 2022 versus 5.3% in 2021—but Big Law's other bankruptcy practitioners are catching up with the leaders, drawing even and in some cases surpassing the rates in the top four.

While the seven smaller firms comprise 5.5% of large debtor representations since 1979—the opening date for the Florida-UCLA-LoPucki Bankruptcy Research Database—a review of their recent fee applications revealed they charged an average of $1,979 for top-billing partners this year, $21 shy of the top four firms' average of $2,000.

## Bankruptcy Rates Surpass $2,000

Several firms leapfrogged the $2,000 mark in recent fee applications. Having charged $1,735 for 2021 work in the April 2020 bankruptcy of Diamond Offshore Drilling, Paul, Weiss, Rifkind, Wharton & Garrison restructuring co-chair Paul Basta upped his rate to $2,025 for 2022.

In the July bankruptcy of cryptocurrency lender Voyager Digital, Quinn Emanuel Urquhart & Sullivan restructuring chair Susheel Kirpalani offered a 10% discount on his rack rate of $2,130. The firm had previously asked for up to $1,595 for top-billing partners in the 2020 J.C. Penney bankruptcy.

And in May, Hogan Lovells partner and frequent SCOTUS litigator Neal Katyal asked for $2,450 per hour for his work on the bankruptcy of LTL Management, a company created last year to allow Johnson & Johnson to offload its liability for nearly 40,000 lawsuits linking its talc-based baby powder to cancer. (Katyal may be an outlier for Hogan—the firm asked for a maximum rate of $1,780 in 2022 fee applications for its work on the bankruptcy of opioid manufacturer Mallinckrodt Pharmaceuticals—so his rate was excluded from our averages.)

[falcon-embed src="embed_1"]

In the past year, three of the top four firms raised their top partner rates less significantly, with Kirkland recording the smallest year-over-year rate hike at 5%. Meanwhile, Latham & Watkins pushed rates up 14.6%, to $2,075 from $1,810.

In an interview, UCLA law professor Lynn LoPucki said the incentives of bankruptcy lawyers and judges facilitate frequent and aggressive rate hikes. "There's no market. These are debtors' attorneys fees being paid with other people's money, so it's better to transmit a symbol that we are really good because we charge $2,000 an hour," said LoPucki, whose Florida-UCLA-LoPucki Bankruptcy

Case 1:21-cv-10869-DLC Document 138-3 Filed 12/16/22 Page 3 of 4

Research Database tracks large bankruptcies. "That's better than the message of we'll do your case for less, because the debtor doesn't care if it gets done for less. The courts are supposed to be controlling the fees, but they know there's no market."

Last year was historically quiet for commercial Chapter 11, with just eight large public restructurings (by LoPucki's definition, which includes public companies with $100 million or more in assets by 1980 dollars or about $360 million today). But 2020 had 56 large bankruptcies, and those involving major retailers or manufacturers with significant tort liability continue to generate fees.

## Rates Obscure the Bigger Picture: Hours

Total fees—not hourly rates—are how Big Law firms run up extreme tabs, LoPucki said. By January 2022, the 2018 Sears bankruptcy had generated more than $250 million in professional fees, with more than $150 million going to Weil Gotshal, Akin Gump Strauss Hauer & Feld, and advisory firm FTI Consulting.

"You can take a rate and say to someone, 'You didn't charge that hourly rate on your last case,'" LoPucki said. "But it's pretty hard to argue hours—nobody can show how long a particular case should take." In regression analyses, LoPucki found that rates were ineffective at predicting the total cost of a bankruptcy, whereas debtor assets, days between petition filing and confirmation, and the total number of professionals working on a bankruptcy were more telling variables.

And with the advent of prepackaged, 24-hour bankruptcies, such as the 2021 bankruptcy of department store chain Belk, firms may avoid public fee applications altogether.

"[Kirkland] filed documents saying they were going to apply, the court signed orders saying they were going to apply, and then they never applied. They beat the fee disclosure system almost completely," LoPucki said. "Of course, Kirkland & Ellis does not tell us how much the fees were before or after the bankruptcy, so they may have run up huge fees getting ready for the prepackaged case."

So while Katyal's $2,450 hourly rate may have been bold, New Jersey Bankruptcy Judge Michael B. Kaplan ultimately approved it after several objections. And as a handful of bankruptcy judges balance multiyear bankruptcies of opioid manufacturers, recent crypto Chapter 11s, and predicted insolvency in retail, LoPucki said rate pushback is unlikely, especially in favorable courts in Texas and Delaware.

"If someone comes in and shows a judge that an attorney billed more than 24 hours in a day, that judge is going to come back to fees," LoPucki said. "But if it's simply that these fees are really high … the courts are competing for cases. The courts that get almost all of the cases are not going to cut the fees."

*This story was updated to more accurately reflect LoPucki's definition of favorable bankruptcy courts.*

How we reported this article: We identified large bankruptcies by the Florida-UCLA-LoPucki Bankruptcy Research Database and searched bankruptcy court records for fee applications in Chapter 11 bankruptcies between 2018 and 2022, arriving at a list of 11 Am Law 100 firms with approved fee applications in 2020, 2021, and 2022. Our top-billing-rate statistics cite the high end of firms' stated billing rates in their fee applications, which may vary by partner staffing. Our analysis found fee data for a 12th firm, Quinn Emanuel, in 2020 and 2022 but not 2021, so the firm was only included in our chart of 2022 top-billing rates.

NOT FOR REPRINT

Copyright © 2022 ALM Global, LLC. All Rights Reserved.