UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
GOOGLE LLC,

                        Plaintiff,

                                              Civil Action No.: 1:21-cv-10260-DLC

- against -

DMITRY STAROVIKOV,
ALEXANDER FILIPPOV,

                        Defendants.
-----------------------------------------------------------------X

## DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Igor B. Litvak, an attorney duly licensed to practice law before the courts of this State, and admitted to this Court, attorney for Defendants DMITRY STAROVIKOV and ALEXANDER FILIPPOV, hereby affirms the following to be true under penalty of perjury:

1. I represent both Defendants in the above case. I filed a Notice of Appearance on behalf of Mr. Starovikov on February 17, 2022, and on behalf of Mr. Filippov on February 21, 2022. See Dkt. Nos. 39-40.

2. On November 15, 2022, the Court issued a Decision and Order, in which it ordered default judgment against Defendants and imposed monetary sanction in the amount of Plaintiff's reasonable attorneys' fees, costs, and expenses associated with litigating the case against the Defendants since March 14, 2022, assessed jointly and severally against Defendants and their attorney Igor Litvak.

3. On November 28, 2022, I submitted Motion for Reconsideration on behalf of both Defendants and my own behalf, challenging the finding of said Order. While the Court denied our Motion for Reconsideration, it issued an Order that referred the parties and their attorney Litvak for settlement discussion via mediation. Dkt. Nos. 135 at 21, 136.

4. Upon issuance of the Mediation Referral Order, I contacted both Defendants regarding their intention to participate in the mediation and their respective waiver of potential conflict of interest in case they chose not to participate.

5. Both Defendants stated to me that they were not interested in the mediation. Shortly thereafter, I discussed with the Defendants in detail my obligation to disclose a potential conflict of interest that may arise as a result of my participation in the mediation on the issue of my own liability for Google's attorneys' fees as a sanction. During our discussions, I specifically explained that I could only continue to act as their lawyer in this matter if they give informed consent since my personal interest may conflict with their interests to the extent I may settle my liability to Goggle attorney's fees, leaving Defendants liable for the fees.

6. As a result, I asked Defendants to consider this situation carefully and decide whether or not they consent to my representation, notwithstanding this conflict. I also disclosed in writing that the New York Rules of Professional Conduct require me to recommend that Defendants consult another attorney to decide whether or not their consent should be given.

7. While I contacted both Defendants in writing regarding their respective waiver of potential conflict of interest, only Mr. Starovikov responded to me by giving me the said waiver. Mr. Filippov never responded to me and since then has stopped any communication with me.

8. Therefore, it is respectfully requested this Court issue an Order granting my motion to withdraw as counsel of record for Defendant Filippov in this matter relieving the undersigned from any and all additional responsibility to Defendant Filippov.

9. Under Local Civil Rule 1.4 of the Local Rules of the United State District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by

order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

10. Accordingly, "[w]hen considering whether to grant a motion to withdraw, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Blue Angel Films, Ltd v. First Look Studios, Inc., 2011 WL 672245 at 1 (S.D.N.Y. Feb. 17, 2011).

## POTENTIAL CONFLICT OF INTEREST

11. Under Rules 1.16(B)(1) of New York Rules of Professional Conduct, "a lawyer shall withdraw from the representation of a client when: (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law."

12. Specifically, Rules 1.7 and 1.8 of the Rules of Professional Conduct prohibit an attorney from representing a client when the attorney's personal interests' conflict with those of the client unless the client consents.

13. Consequently, I can only continue to act as Filippov's lawyer in this matter if he gives informed consent based upon disclosure of the material risks and reasonable alternatives to consenting. In this case, my personal interest may conflict with Mr. Filippov's interests to the extent I may settle my liability for Goggle attorney's fees, leaving him liable for the remaining amount of the fees.

14. While I contacted both Defendants in writing regarding their respective waiver of potential conflict of interest, only Mr. Starovikov responded to me by giving the said waiver in writing.  Mr. Filippov never responded to me and stopped any communication with me.

15. As such, I cannot continue representing Mr. Filippov as he neither signed the waiver nor communicated regarding a potential conflict of interest.

16. The general rule is that an attorney may terminate the attorney-client relationship "at any time for a good and sufficient cause and upon reasonable notice." Matter of Dunn, 205 N.Y. 398, 403 (1912); Green v. Gaspari 24 A.D.3d 505, 808 N.Y.S.2d 292 (2d Dep't 2005).

17. A lawyer is allowed "to withdraw from representing a client if the client, by his or her conduct, renders it unreasonably difficult for the lawyer to carry out employment effectively. The courts of New York routinely grant motions to withdraw as counsel on the ground of a breakdown in the attorney-client relationships. See, e.g., Misek-Falkoff v. Metropolitan Tr. Auth., 65 A.D.3d 576, 883 N.Y.S.2d 722 (2d Dep't 2009); Weiss v Spitzer, 46 A.D.3d 675, 848 N.Y.S.2d 237 (2d Dep't 2007); Winters v. Winters, 25 A.D.3d 601, 807 N.Y.S.2d 302 (2d Dep't 2006); Kay v. Kay, 245 A.D.2d 549, 666 N.Y.S.2d 728 (2d Dep't 1997); Galvano v. Galvano, 193 A.D.2d 779, 598 N.Y.S.2d 268 (2d Dep't 1993); Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991). Attorneys should not be placed in a trap of having to continue representing a client who refuses to cooperate or assist or even communicate with the attorney." Dillon v. Otis Elevator Co. et al, 22 A.D.3d 1, 800 N.Y.S.2d 385 (1st Dep't 2005). Moreover, "[t]his includes irreconcilable differences between the attorney and the client with respect to the course to be pursued in litigation." Winters v. Rise Steel Erection Corp., 231 A.D.2d 626, 647 N.Y.S.2d 962 (2d Dep't 1996); Walker v. Mount Vernon Hosp., 5 A.D.3d 590, 772 N.Y.S.2d 832 (2d Dep't 2004) ; Charles Lake v. M.P.C. Trucking, Inc., 279 A.D.2d 813, 718 N.Y.S.2d 903 (3rd Dep't 2001); Wachovia Mtge. FSB v. Akpinar, 2012 N.Y. Misc. LEXIS 790, 40-41, 2012 NY Slip Op 30412(U), 13 (N.Y. Sup. Ct. Feb. 14, 2012). Moreover, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." Casper v. Lew Lieberbaum & Co., 1999 WL 335334, at *4 (S.D.N.Y. 1999).

18. Therefore, based on the totality of circumstances described above, I believe that I cannot execute my representation of Mr. Filippov effectively in accordance with the rules of professional conduct, due to a potential conflict of interest, Mr. Filippov's failure to cooperate and communicate with counsel in this matter, and his refusal to cooperate in the ongoing mediation process.

19. As such, I respectfully request that this Court issues an Order granting my motion to withdraw as counsel of record for Defendant Filippov in this matter, relieving the undersigned from any and all additional responsibility to Defendant Filippov. Also, I respectfully request that this Court stay for thirty (30) days, Defendant Filippov's opposition to Plaintiff's calculation of the amount of monetary sanctions, which is currently scheduled for January 20, 2023, to permit Defendant Filippov to secure other counsel.

## IMPACT AND TIMING OF WITHDRAWAL

20. I believe that my withdrawal as Mr. Filippov's counsel would not prejudice Plaintiff in the scheduled mediation proceeding as I intend to participate in the mediation.

## CONCLUSION

Under the circumstances and for all of the foregoing reasons, it is respectfully requested that the Court permit Attorney Litvak to withdraw as Defendant Filippov's attorney.

Dated: December 19, 2022  
Brooklyn, New York

Respectfully Submitted,

/s/ Igor Litvak, Esq.

_____  
 Igor B. Litvak, Esq.  
Attorneys for Defendants  
The Litvak Law Firm  
1733 Sheepshead Bay Rd., Suite 22  
Brooklyn, NY 11235  
Tel/Fax: 718-989-2908  
Email: Igor@LitvakLawNY.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2022, I caused to be filed a copy of the Motion to Withdraw with the Clerk of the Court via CM/ECF system. I certify that all participants in the cases are registered CM/ECF users and that service will be accomplished by CM/ECF system. In addition, I emailed a copy of this motion to both Defendants.

/s/ Igor Litvak, Esq.
_____
Igor B. Litvak, Esq.