# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　　*Plaintiff*,<br><br>　v.<br><br>DMITRY STAROVIKOV;<br>ALEXANDER FILIPPOV;<br>Does 1-15,<br><br>　　　　　　*Defendants*. | Civil Action No. 1:21-cv-10260-DLC |

## GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION FOR ATTORNEYS' FEES

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 3
       I.      Defendant Starovikov Squandered the Opportunity to Pursue a Reduction in Google's Fee Application by Ignoring the Court's Order and Refusing to Attend Mediation. ................................................................................................ 3
       II.     The Court Awarded Sanctions Under Rule 37, Not Rule 11. ................................. 4
       III.    The Amounts Sought in Google's Fee Application are Reasonable ....................... 6
CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
  2002 WL 54610 (S.D.N.Y. Jan. 15, 2002) ................................................................1

*Abraham v. Leigh*,
  2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020)................................................6, 7, 8

*Aetna Life Ins. Co. v. Licht*,
  2005 WL 180873 (S.D.N.Y. Jan. 27, 2005) ............................................................1

*Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*,
  522 F.3d 182 (2d Cir. 2008)....................................................................................7

*Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.*,
  212 F. Supp. 2d 226 (S.D.N.Y. 2002)..................................................................6, 7

*BNP-Dresdner Bank ZAO v. Haque*,
  1998 WL 831353 (S.D.N.Y. Nov. 30, 1998)...........................................................6

*Hindman LLC v. Mihaly*,
  2022 WL 1136789 (S.D.N.Y. Apr. 18, 2022)..........................................................3

*Niles v. Palmer*,
  1999 WL 1419042 (S.D.N.Y. 1999)........................................................................7

*Patino v. Brady Parking, Inc.*,
  2015 WL 513180 (S.D.N.Y. Jan. 22, 2015) ............................................................4

*Short v. Manhattan Apartments, Inc.*,
  286 F.R.D. 248 (S.D.N.Y. 2012) ............................................................................5

*SJ Berwin & Co. v. Evergreen Ent. Grp., Inc.*,
  1994 WL 501753 (S.D.N.Y. Sept. 14, 1994)..........................................................5

*In re Stock Exchanges Options Trading Antitrust Litig.*,
  2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) ..........................................................6

*Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*,
  248 F.R.D. 64 (D.D.C. 2008).................................................................................4

*West v. Goodyear Tire & Rubber Co.*,
  167 F.3d 776 (2d Cir. 1999)....................................................................................5

**Other Authorities**

Fed. R. Civ. P. 11 .................................................................................................................2, 4, 5

Fed. R. Civ. P. 37 ............................................................................................................. *passim*

Plaintiff Google LLC ("Google") respectfully submits this reply in further support of its Motion for Attorneys' Fees (the "Fee Application").

**PRELIMINARY STATEMENT**

Defendant Starovikov contends that the monetary sanction Google seeks should be "significantly reduced."[1] Opp. at 1, 11. In support, he argues that the Court's November 15, 2022 Decision and Order was wrongly decided, that Google's requested fees are too high, that his "confusion" and unfamiliarity with the requirements of American litigation caused his failure to participate in discovery or abide by the Court's orders, and that the "severe sanctions" facing Russia leave him unable to pay. *Id.* None of these arguments warrants any reduction in Google's requested fee award. And all ring hollow in light of Mr. Starovikov's continued defiance of the Court's orders, including its Order directing the parties to mediate so that Defendants would have an opportunity to "ameliorate" the sanctions against

---

[1] Only Mr. Starovikov opposes Google's Motion for Attorneys' Fees. On December 20, 2022, the Court granted defense counsel's motion to withdraw as counsel of record for Defendant Alexander Filippov, "contingent on counsel filing an affidavit representing that he has provided this Court's opinions and orders to the Defendant . . . and that he has advised the Defendant of the Defendant's obligation to respond to the plaintiff's motion for attorneys' fees by January 20, 2023." ECF 141. Defense counsel filed a responsive affidavit on December 20, ECF 142, but Defendant Filippov has failed to file a response and has not otherwise contacted Google, through counsel or otherwise, since Google filed its Fee Application on December 16, 2022. Mr. Filippov is therefore in default. *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 2002 WL 54610, at *10 (S.D.N.Y. Jan. 15, 2002) (requiring payment of attorneys' fees under Rule 37 where sanctioned party filed "no opposition" to the motion for sanctions and the sanctioned conduct had been "willful and prolonged"); *Aetna Life Ins. Co. v. Licht*, 2005 WL 180873, at *2 (S.D.N.Y. Jan. 27, 2005) (Rule 37 sanctions granted where defendants filed no opposition to plaintiff's motion for sanctions, and thus "the only proper course" was to award the full amount of fees and expenses).

1

them and potentially demonstrate that their $2 million settlement offer was not extortive. ECF 135 at 21. It is unclear why Defendants declined to participate in mediation; regardless, their refusal should preclude any leniency now.

Setting aside Mr. Starovikov's repeated transgressions, none of the legal arguments he asserts has merit. He argues under Federal Rule of Civil Procedure 11 that Google's requested fee is "grossly disproportionate" and is unnecessary to deter Defendant from repeating his misconduct. Opp. at 9, 11. But the Court's fee award here arose under Fed. R. Civ. P. 37—not Rule 11—and as the Court has previously explained, sanctions under Rule 37 are intended to reimburse Google, not to punish or deter misconduct. Mr. Starovikov also attacks the rates and hours underlying Google's requested fees but fails to overcome the "strong presumption" that the lodestar calculation constitutes a reasonable calculation, particularly where, as here, the fees at issue are comprised of rates commensurate with the market and represent amounts actually incurred and paid by a sophisticated, paying client.

Mr. Starovikov has failed to provide a basis for any reduction in Google's requested fees, and Mr. Filippov is in default. Accordingly, Google respectfully requests that the Court award attorneys' fees in the total amount of $525,673.81—a reduced amount, accounting for Mr. Litvak's settlement—to be jointly and severally paid by Defendants.

# ARGUMENT

I. **Defendant Starovikov Squandered the Opportunity to Pursue a Reduction in Google's Fee Application by Ignoring the Court's Order and Refusing to Attend Mediation.**

Rule 37 sanctions are particularly appropriate where, as here, a defendant is "aware of the process against [him]" but has "repeatedly spurned the Court's orders" and refused to participate in the litigation on an ongoing basis. *Hindman LLC v. Mihaly*, 2022 WL 1136789, at *2–3 (S.D.N.Y. Apr. 18, 2022).

The Court directed the parties to participate in mediation through the Mediation Program for the Southern District of New York. *See* ECF 136. The Court specifically noted that, while Google had a good faith reason to believe Defendants' September 2022 settlement offer was extortive, mediation would give Defendants "the opportunity to demonstrate that their offer to provide the private keys to the Glupteba botnet's Bitcoin accounts [wa]s not contingent on a payment of $2 million, and otherwise to ameliorate the sanctions" against them. ECF 135 at 21. Nonetheless, Defendant Starovikov indicated he was "not interested in the mediation" and refused to participate. ECF 140 at 1–2.

Defendant Starovikov is not permitted to participate in this litigation only when it suits him. His attempt to challenge the amount sought in Google's Fee Application after defying the Court's order and refusing to participate in mediation should not be rewarded with a reduction in the sanction against him. For this reason alone, each of Defendant Starovikov's arguments should be rejected. *See, e.g.*, *Hindman*, 2022 WL 1136789 at *2–3 ("[A]though a defendant may resist a fine on grounds of inability to pay, it is a defendant's burden to raise and prove such a

3

defense, which defendants, having disdained these proceedings, have not done."); *Patino v. Brady Parking, Inc.*, 2015 WL 513180, at *2 (S.D.N.Y. Jan. 22, 2015), *report and recommendation adopted*, 2015 WL 509601 (S.D.N.Y. Feb. 6, 2015) (awarding attorneys' fees under Rule 37 due to "Defendants' continued failure to comply with th[e] Court's orders," and noting that "Defendants have not made, nor even attempted to make, any showing that their failure to comply was substantially justified.").

## II. The Court Awarded Sanctions Under Rule 37, Not Rule 11.

Misunderstanding both the nature and purpose of the sanctions awarded in this case, Defendant Starovikov argues that, because courts have the discretion to reduce Rule 11 sanctions as needed to achieve deterrence purposes, Google's fee award "should be significantly reduced to serve the sanctioning purpose of the Court's Order." Opp. at 1; *see also id.* at 4.[2] But the Court's Opinion & Order on Sanctions did not award sanctions under Rule 11; rather, the Court's fee award was issued under Rule 37 and pursuant to the Court's inherent powers. *See* ECF 132 at 47–48 ("A monetary sanction in the amount of the plaintiff's reasonable attorneys' fees, costs, and expenses associated with litigating the case against the Defendants . . . is assessed . . . as an exercise of this Court's inherent power and pursuant to Fed. R. Civ. P. 37.").

---

[2] Of twenty cases cited, Defendant cites to only one (out-of-Circuit) decision that concerned Rule 37 sanctions. *See* Opp. at 6 (citing *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 248 F.R.D. 64 (D.D.C. 2008)). Yet that case underscores the deficiencies of Defendant's showing here. Unlike Bacardi, Defendant has not "object[ed] with specificity" such that the Court is obligated to "adjust the fee award in light of those objections." *See* 248 F.R.D. at 68 (quoting *Kister v. District of Columbia*, 229 F.R.D. 326, 329 (D.D.C. 2005)).

4

Defendant Starovikov argues, under Rule 11, that Google's fee award should be reduced because "the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." Opp. at 4; *see also* Opp. at 3 ("[T]here is no need to deter Defendant from the repetition of the same misconduct[.]").

But sanctions awarded under Rule 37 are designed to serve a different purpose, including, among other things, to "restore [a party] to the position they would have held absent [the opposing party's] intentional misconduct." *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 255 (S.D.N.Y. 2012); *see also West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (Rule 37 spoilation sanctions are designed to "restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence") (cleaned up); *SJ Berwin & Co. v. Evergreen Ent. Grp., Inc.*, 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994) ("[Rule 37(b)] permits a comprehensive award of fees to compensate for the failure to comply with a discovery order.").

Deterrence is not the driving force behind the Court's fee award. Indeed, as the Court has noted, "[t]hese sanctions are designed to compensate Google for the harm it suffered as the result of misconduct, not to punish Litvak or the Defendants." ECF 135 at 20–21. To that end, and consistent with Rule 37's purpose, Google's Fee Application seeks a reimbursement of the fees incurred as a result of Defendants' and their counsel's misconduct.

## III. The Amounts Sought in Google's Fee Application are Reasonable.

Defendant Starovikov argues that Google's fees are unreasonable because multiple lawyers worked on tasks simultaneously, because certain tasks were performed by multiple people, and because, in Starovikov's view, the work did not require "special expertise." Opp. at 6–8.

"There is a 'strong presumption' that the lodestar [amount] is reasonable," and "[t]he party that asks the court to depart from the lodestar amount bears the burden of proving that such a departure is necessary to the calculation of a reasonable fee." *BNP-Dresdner Bank ZAO v. Haque*, 1998 WL 831353, at *1 (S.D.N.Y. Nov. 30, 1998) (collecting cases). To determine the reasonableness of hourly rates, courts consider (1) "the rate a paying client would be willing to pay" and (2) "all case-specific variables." *Abraham v. Leigh*, 2020 WL 5512718, at *8 (S.D.N.Y. Sept. 14, 2020) (citations omitted).

Courts in this Circuit recognize that "the applicant attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate," *In re Stock Exchanges Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006), because "payment of fees by sophisticated clients [is] solid evidence of their reasonableness in the market." *Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.*, 212 F. Supp. 2d 226, 230 (S.D.N.Y. 2002).

To determine the reasonableness of the number of hours billed, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Abraham*, 2020 WL 5512718, at *8 (cleaned up).

*First*, as detailed in its Memorandum of Law in Support of its Motion for Attorneys' Fees, *see* ECF 137 at 12, the amounts sought in Google's Fee Application are based on reasonable hourly rates commensurate with market rates of comparable law firms, *see Niles v. Palmer*, 1999 WL 1419042, at *17 (S.D.N.Y. 1999), and represent amounts actually paid by Google, *see Bleecker Charles Co.*, 212 F. Supp. 2d at 230.  Where, as here, the fees sought represent amounts actually paid by a sophisticated buyer of legal services, those amounts necessarily represent what a "reasonable, paying client would be willing to pay" and do not require an independent reasonableness assessment by the Court.  *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (the Court need not "bear[] the burden of disciplining the market, stepping into the shoes of the reasonable, paying client").  Defendant Starovikov does not address this argument in his Opposition and offers no explanation as to why the Court should deviate from this rule.

*Second*, with respect to whether a "reasonable attorney would have engaged in similar time expenditures," *Abraham*, 2020 WL 5512718, at *8, Defendant's arguments are similarly baseless.  That Google's outside counsel had multiple team members working on certain tasks is both commonplace and particularly appropriate given the facts at issue here.  This case is not simple.  Google's outside counsel team included multiple lawyers that marshaled complex and highly technical facts relating to a blockchain-enabled Botnet connected to a global criminal enterprise responsible for no fewer than five separate criminal schemes.  *See* ECF 5 at 1–4.  Contrary to

7

Defendant's assertions, Google's investigation of those schemes required specialized expertise, including in connection with Defendants' often inconsistent legal and factual positions in briefing, discovery, correspondence with opposing counsel and the Court, and settlement discussions.  *See* ECF 137 at 1–2 (describing the activities at issue in Google's Fee Application).

Notably, even if the Court were to award the full amount sought in Google's Fee Application, Google will not be made whole, as that amount reflects only a portion of the fees incurred since Defendants appeared in this case.  *See* ECF 137 at 5 (listing a number of categories of legal work for which Google does not seek fees); *see Abraham*, 2020 WL 5512718, at *11 (even where fee application included "entries that, arguably reflected duplication of efforts," this was "more than counterbalanced by the fees that Defendant has not sought").

*Finally*, Defendant Starovikov's position that Google's Fee Application would constitute a "bonus" or "windfall"—or that Google would be "more than adequately compensated" because a portion of its fees will be paid pursuant to settlement with Mr. Litvak—is facially meritless.  For the avoidance of doubt, Google already has withdrawn its Fee Application as to Mr. Litvak and does not seek recovery of the fees covered by the Stipulation of Settlement.  *See* ECF 149.  But the fact that Mr. Litvak has agreed to pay less than one-third of the fees at issue is a far cry from "more than adequate[] compensat[ion]" for Google's costs.  As detailed in Google's opening brief, those fees total more than $775,673.81.  ECF 137 at 2.  Accordingly, even with Mr.

Litvak's $250,000 in settlement payments, Google still will face a substantial loss in connection with its legal fees on this case.[3]

Google will not relitigate here the extent of Defendants bad faith discovery misconduct, but the record is clear that Google could have avoided roughly nine months of legal fees had Defendants and their counsel been truthful with Google and the Court when they initially appeared in March 2022.  *See* ECF 132 at 38 ("Had the Defendants been honest from the start, it is likely that the default against them would not have been vacated, and that Google would have been able to secure judgment against them immediately.").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court award Google attorneys' fees in the total amount of $525,673.81, to be jointly and severally paid by Defendants.

---

[3] That Google "voluntarily withdrew its claim for damages" is also irrelevant. *See* Opp. at 11. The amounts sought in Google's Fee Application are not money damages for Google's legal claims; rather, as noted above, they are intended to compensate Google for the "harm it suffered as the result of [Defendants' and Mr. Litvak's] misconduct[.]" ECF 135 at 21.

9

DATED: February 3, 2023

New York, New York

Respectfully submitted,

*/s/ Laura Harris*

Laura Harris
Andrew Michaelson
Kathleen E. McCarthy
Matthew Bush
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 790-5356
Fax: (212) 556-2222
lharris@kslaw.com
amichaelson@kslaw.com
kmccarthy@kslaw.com
mbush@kslaw.com

Sumon Dantiki (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., NW, 2nd Floor
Washington, DC 20006
Telephone: (202) 626-5591
Fax: (202) 626-3737
sdantiki@kslaw.com

*Counsel for Plaintiff Google LLC*