UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
GOOGLE LLC,                            :        21cv10260 (DLC)
                                       :
                        Plaintiff,     :        OPINION AND ORDER
              -v-                      :
                                       :
DMITRY STAROVIKOV and ALEXANDER        :
FILIPPOV,                              :
                                       :
                        Defendants.    :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Andrew Zenner Michaelson
Kathleen Elizabeth McCarthy
Laura Elizabeth Harris
King & Spaulding LLP (NYC)
1185 Avenue of the Americas
New York, NY 10036

Bethany Rupert
King & Spalding
1180 Peachtree Street NE
Atlanta, GA 30309

David Paul Mattern
Sumon Dantiki
King & Spalding LLP (DC)
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006

For defendant Dmitry Starovikov:
Igor B. Litvak
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road
Suite 22
Brooklyn, NY 11235

For defendant Alexander Filippov:
Alexander Filippov, pro se

DENISE COTE, District Judge:

In an Opinion and Order of November 15, 2022 ("the November 15 Opinion"), the Court sanctioned defendants Dmitry Starovikov and Alexander Filippov, and their attorney Igor Litvak, for their willful campaign to resist discovery and mislead the Court in this action.  In an effort to compensate the plaintiff for losses it incurred as a result of this misconduct, the sanctions award included reasonable expenses and attorney's fees. Pursuant to the November 15 Opinion, Google LLC ("Google") has applied for $525,673.81 in attorneys' fees to be imposed jointly and severally against the two individual defendants.  It has settled with Litvak.  For the following reasons, Google's application is granted.

## Background

The reasoning behind the Court's imposition of sanctions in this litigation is set forth in the November 15 Opinion, and an accompanying Opinion and Order dated December 5, 2022, denying reconsideration of the November 15 Opinion.  See Google LLC v. Starovikov, No. 21CV10260 (DLC), 2022 WL 16948296 (S.D.N.Y. Nov. 15, 2022) (granting sanctions); Google LLC v. Starovikov, No. 21CV10260 (DLC), 2022 WL 17414352 (S.D.N.Y. Dec. 5, 2022) (denying reconsideration).  In brief, Google has brought claims against the defendants for operating a botnet to steal and

exploit Google users' personal information.  Dmitry Starovikov and Alexander Filippov, the two named individual defendants (the "Defendants") failed to timely appear in this action, and default was entered by the Clerk of Court against them on February 8, 2022.  On March 14, the Defendants submitted a motion to vacate the default, alleging they had not received actual notice of the action until late January, when they heard about it from "friends."  In an Opinion of April 27, this Court vacated the entry of default against the Defendants.

After their default was vacated, it became clear that Defendants, and their counsel, appeared in this Court with the intent to abuse the court system and discovery rules to reap a profit from Google.  The Defendants and their attorney intentionally withheld information, misrepresented their willingness and ability to participate in discovery, and engaged in the intentional spoliation of electronically stored information.  Defendants also appeared to extort Google, offering in a September 8, 2022 settlement demand the private keys for the Bitcoin accounts associated with the botnet, thereby enabling Google to shut it down, if Google paid them $1 million each and made a separate payment to Litvak.  In all, the Defendants' actions indicated an intention to disadvantage

Google in this litigation, avoid liability, and further profit off of the criminal scheme described in the complaint.

On August 8, 2022 Google moved for sanctions against the Defendants and their attorney.  The November 15 Opinion granted Google's motion and imposed sanctions -- pursuant to the Court's inherent power and Fed. R. Civ. P. 37 -- in the form of default judgment and a compensatory monetary sanction in the amount of the plaintiff's reasonable attorneys' fees, costs, and expenses associated with litigating the case against the Defendants since March 14, 2022, which was the date Defendants filed their motion to set aside entry of default.  The monetary sanction was assessed jointly and severally against Starovikov, Filippov, and Litvak.

An Order of November 15, 2022 set a briefing schedule for determination of the monetary sanction awarded by the November 15 Opinion.  Google filed its application for attorneys' fees on December 16.  Google requested in its initial submission a sum of $775,673.81.  Shortly thereafter, Google and Litvak reached an agreement to resolve Google's motion for attorney's fees as to Litvak only.[1]  In Google's reply submission, it reduced its requested award to $525,673.81 -- accounting for Litvak's

---

[1] An Order of December 5 referred the Defendants and their attorney to mediation.  Both Defendants stated they were "not interested in the mediation" and refused to participate.

settlement -- to be jointly and severally paid by the Defendants.  This sum reflects the attorneys' fees incurred in briefing Defendants' motion to vacate the entry of default; conducting discovery and responding to Defendants' efforts to obfuscate that process; engaging in settlement discussions; and moving for sanctions.  Google has excluded from its request "fees relating to its claims against the Doe Defendants and other aspects of this litigation, including, for example, drafting Requests for Admission that Google would have served on Defendants had the litigation proceeded."  The fee application became fully submitted on February 3, 2023.

## Discussion

When a court imposes a monetary sanction against a party in the amount of its adversary's attorneys' fees, the familiar lodestar method is used as the starting point for calculating a "presumptively reasonable fee."  Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted).  Calculating the lodestar requires "determining a reasonable hourly rate by considering all pertinent factors . . . and then multiplying that rate by the number of hours reasonably expended."  Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019).  The reasonable hourly rate is one "in line with prevailing rates in the community for similar services by lawyers of reasonably

comparable skill, expertise and reputation." McDonald ex rel
Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund,
450 F.3d 91, 96 (2d Cir. 2006) (citation omitted).  To permit
calculation of the lodestar, "attorneys are required to keep and
submit contemporaneous records with their fee applications,
absent unusual circumstances outside the attorney's control."
Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017).

The calculation of attorneys' fees "should not result in a
second major litigation," because "[t]he essential goal in
shifting fees . . . is to do rough justice, not to achieve
auditing perfection."  Fox v. Vice, 563 U.S. 826, 838 (2011)
(citation omitted).  Therefore, a court "may take into account
[its] overall sense of a suit" in imposing a fee award, "and may
use estimates in calculating and allocating an attorney's time."
Id.

Using the lodestar method, Google has calculated the
appropriate fee award as $775,673.81, only $525,673.81 of which
it seeks to recover from the Defendants.  Based on the Court's
familiarity with the record and its review of the plaintiff's
motion papers and the contemporaneous time records submitted
with the plaintiff's motion, the Court finds that the tasks
performed were integrally connected with the conduct

necessitating the imposition of sanctions and the hours expended on those tasks were reasonable.

Starovikov argues that the rates and hours plaintiff billed to this matter were excessive.[2]  Six attorneys worked on this matter for plaintiff, billing over 916.1 hours, as summarized below:

| Position | Hourly Rate | Total Hours Worked |
|---|---|---|
| Partner | $1,173.00 | 86.6 |
| Partner | $969.00 | 197.2 |
| Senior Associate | $858.50 (before April 1, 2022)<br>$833.00 (after April 1, 2022) | 186.6 |
| Senior Associate | $811.75 | 298.1 |
| Associate | $569.50 | 75.4 |
| Associate | $565.25 | 72.2 |

Starovikov argues that Google's rates are unreasonable because the litigation involved only "basic discovery communications" and "general motion practice," which requires no "special expertise."  Starovikov also argues that tasks performed by the partners "could have been completed by a cheaper associate."  Starovikov has failed to overcome the "strong presumption that the lodestar figure represents a reasonable fee."  P.J. by & through W.J. v. Conn. State Bd. of Educ., 931 F.3d 156, 169 (2d Cir. 2019) (citation omitted). Starovikov has proposed no alternative rates, nor has he offered

---

[2] Only defendant Starovikov filed an opposition to Google's fee motion.

any authority regarding prevailing rates in the Southern
District of New York for similar services.  Courts in this
district have "determined that hourly rates ranging from $250 to
$1,260 per hour, for attorneys' work on a commercial litigation
matter, were reasonable." Tessemae's LLC v. Atlantis Cap. LLC,
No. 18CV4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27,
2019) (collecting cases).  And generally, "payment of fees by
sophisticated clients [is] solid evidence of their
reasonableness in the market."  Bleecker Charles Co. v. 350
Bleecker St. Apartment Corp., 212 F. Supp. 2d 226, 230 (S.D.N.Y.
2002).  The hourly rates are within the accepted range of rates
within this district, and they represent the amount actually
paid by a sophisticated client.  Accordingly, the Court finds
the requested hourly rates to be reasonable.

Starovikov next argues that the plaintiff's request
includes an excessive number of billable hours.  Starovikov's
argument has a fundamental flaw: it was largely the actions of
Defendants that dictated the kinds of work and the amount of
work undertaken by plaintiff's counsel.  As the November 15
Opinion explains, the Defendants attempted to stymie Google's
efforts to conduct discovery through a lengthy campaign of
misrepresentations and spoliation.  At every step of the way,
Defendants and their counsel opted to prolong this litigation --

and, by extension, increase the plaintiff's legal bills.
Defendants "cannot litigate tenaciously and then be heard to
complain about the time necessarily spent by the plaintiff in
response." City of Riverside v. Rivera, 477 U.S. 561, 580 n.11
(1986) (citation omitted).

The Court has scrutinized the hours submitted for
reimbursement.  Plaintiff's counsel spent a reasonable number of
hours litigating this matter, with reasonable staffing
decisions, given the complexity of the case and the duration of
the litigation.  The plaintiff took care to tailor its request
to the Court's sanctions order.  Accordingly, the Court finds
that the hours Google billed were reasonably expended.

In his remaining objections, Starovikov argues under Fed.
R. Civ. P. 11 that Google's requested fee is "grossly
disproportionate" to his alleged misconduct and is unnecessary
to deter future misconduct.  These objections are meritless --
the attorney's fee award here did not arise under Rule 11.  As
the Court explained in the November 15 Opinion, the sanctions
awarded under its inherent authority and Rule 37 are intended to
reimburse Google, not to punish or deter misconduct.

Finally, the Court considers the issue of joint and several
liability for Defendants.  Filippov filed no opposition to
plaintiff's motion for fees, and Starovikov has not objected to

the imposition of joint and several liability.  Under joint and several liability, "when two or more persons' torts together cause an injury, each tortfeasor is liable to the victim for the total damages." United States v. Yalincak, 30 F.4th 115, 123 (2d Cir. 2022) (citation omitted).  The Supreme Court has recognized that joint and several liability might "result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control." McDermott, Inc. v. AmClyde and River Don Castings, Ltd., 511 U.S. 202, 221 (1994). The policy behind this allocation of liability is clear: "When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall." Id.  The Court finds the imposition of joint and several liability just: attorney Litvak settled for 32.23% of the initial fee request, thus the Defendants are not left with a disproportionate amount of the remaining judgment.  Moreover, Defendants had the same opportunity to reach a settlement with Google but declined to participate.  Any dispute between the Defendants about the proper contribution is a question for "the defendant tortfeasors to fight amongst themselves." Yalincak, 30 F.4th at 123 (2d Cir. 2022).

## Conclusion

Google is awarded \$525,673.81 in attorneys' fees. Starovikov and Filippov shall be jointly and severally liable for this award.  The Clerk of Court shall enter judgment for the plaintiff and close this case.

Dated:     New York, New York
           March 3, 2023

                              _____
                                  DENISE COTE
                         United States District Judge